IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROHM AND HAAS ELECTRONIC MATERIALS LLC<br><br>　　Plaintiff,<br><br>　　v.<br><br>HONEYWELL ELECTRONIC MATERIALS INC.<br>HONEYWELL SPECIALTY MATERIALS, LLC<br>and<br>HONEYWELL INTERNATIONAL INC.,<br><br>　　Defendants. | Civil Action No. 06-297-GMS |

## ANSWER OF HONEYWELL ELECTRONIC MATERIALS INC., HONEYWELL SPECIALTY MATERIALS, LLC AND HONEYWELL INTERNATIONAL INC., AND COUNTERCLAIMS OF HONEYWELL INTERNATIONAL INC.

Defendants Honeywell Electronic Materials Inc., Honeywell Specialty Materials, LLC and Honeywell International Inc. (respectively "HEM", "HSM" and "Honeywell International"; collectively, "Honeywell") for their Answer to the Complaint of Plaintiff Rohm and Haas Electronic Materials LLC ("Plaintiff" or "Rohm and Haas") in this action, and Honeywell International, for its Counterclaims, hereby state as follows:

### PARTIES

1.　Honeywell is without sufficient information to form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's Complaint and, therefore, denies the allegations in that paragraph.

2. Responding to paragraph 2 of Plaintiff's Complaint, Honeywell admits that HEM is a subsidiary of Honeywell International. Honeywell denies that HEM has a principal place of business at 1349 Moffett Park Drive, Sunnyvale, CA 94089.

3. Honeywell admits the allegations in paragraph 3 of Plaintiff's Complaint.

4. Honeywell admits the allegations in paragraph 4 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

5. Responding to the allegations contained in paragraph 5 of Plaintiff's Complaint, Honeywell admits that this Court has subject matter jurisdiction.

6. Responding to the allegations contained in paragraph 6 of Plaintiff's Complaint, Honeywell admits that it is subject to personal jurisdiction in the State of Delaware.

7. Responding to the allegations in paragraph 7 of Plaintiff's Complaint, Honeywell admits that venue is proper in this Court.

## PATENTS-IN-SUIT

8. Responding to the allegations in paragraph 8 of Plaintiff's Complaint, Honeywell admits only that a copy of U.S. Patent No. 6,472,128 (the "'128 patent") is attached to Plaintiff's Complaint as Exhibit A, that the United States Patent & Trademark Office ("PTO") issued this patent on October 29, 2002, and that the face of the patent names James W. Thackeray and George W. Orsula as inventors and assigns the patent to the Shipley Company LLC ("Shipley"). Honeywell is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in paragraph 8 and, therefore, denies those allegations.

9. Responding to the allegations in paragraph 9 of Plaintiff's Complaint, Honeywell admits only that a copy of U.S. Patent No. 6,773,864 (the "'864 patent") is attached

to Plaintiff's Complaint as Exhibit B, that the United States Patent & Trademark Office ("PTO") issued this patent on August 10, 2004, and that the face of the patent names James W. Thackeray and George W. Orsula as inventors and assigns the patent to Shipley. Honeywell is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in paragraph 9 and, therefore, denies those allegations.

### COUNT I: PATENT INFRINGEMENT

10. The answers and responses of paragraphs 1-9 above are repeated as if set forth fully herein.

11. Honeywell denies the allegations in paragraph 11 of Plaintiff's Complaint.

12. Honeywell denies the allegations in paragraph 12 of Plaintiff's Complaint.

13. Honeywell denies the allegations in the first sentence of paragraph 13 of Plaintiff's Complaint. Responding to the second sentence of paragraph 13, Honeywell admits that it received a letter from Rohm and Haas which identified the existence of the '128 patent. Honeywell denies each and every remaining allegation in paragraph 13.

14. Honeywell denies the allegations in paragraph 14 of Plaintiff's Complaint.

15. Honeywell denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. Responding to the "Prayer for Relief" in Plaintiff's Complaint, Honeywell denies that Plaintiff is entitled to any relief requested therein.

17. Honeywell denies all allegations in Plaintiff's Complaint that are not otherwise specifically admitted in this Answer and Counterclaims.

## AFFIRMATIVE DEFENSES

18. The Complaint fails to state a claim upon which relief may be granted.

19. As to HEM and HSM, the Complaint fails to state a claim upon which relief may be granted because these entities lack a factual and legal nexus to the alleged infringing activity and, therefore, are not proper parties to the action.

20. Honeywell has not infringed and is not infringing, either literally or under the doctrine of equivalents, any claim of either the '128 or '864 patents.

21. Honeywell has not contributorily infringed and is not contributorily infringing, and Honeywell International has not actively induced infringement and is not actively inducing others to infringe any claim of either the '128 or '864 patents.

22. The '128 and '864 patents, which the Complaint alleges to have been infringed by Honeywell, are invalid and void for failing to meet the requirements of Title 35 of the U.S. Code, including, but not limited to, Sections 102, 103 and 112 thereof.

23. Plaintiff's infringement action against Honeywell is barred under the equitable doctrines of laches and estoppel.

24. The '128 and '864 patents are unenforceable under the equitable doctrine of prosecution laches.

## COUNTERCLAIMS

For its Counterclaims, Honeywell International alleges as follows:

25. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271, and the Federal Declaratory Judgment Act, 28

U.S.C. §§ 2201 and 2202, wherein Honeywell International seeks declarations as to the invalidity, non-infringement and unenforceability of the '128 and '864 patents.

26. This Court has subject matter jurisdiction over the following Counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

27. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

28. Counterclaim-Plaintiff Honeywell International is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 101 Columbia Road, Morristown, NJ 07962.

29. Plaintiff and Counterclaim-Defendant Rohm and Haas alleges in its Complaint that it is a Delaware corporation having its principal place of business at 455 Forest Street, Marlborough, MA 01752.

30. Plaintiff and Counterclaim-Defendant Rohm and Haas alleges in its Complaint that, as Shipley's successor-in-interest, it is the assignee of all right, title and interest in and to the '128 and '864 patents.

31. Plaintiff and Counterclaim-Defendant Rohm and Haas alleges in its Complaint that Honeywell International has directly infringed, contributorily infringed and/or induced others to infringe the '128 and '864 patents.

32. There exists, therefore, an actual controversy between Rohm and Haas and Honeywell International concerning the alleged infringement and validity of the '128 and '864 patents.

### First Counterclaim

### (Declaratory Judgment – Non-infringement)

33. Honeywell International realleges and incorporates herein by reference each of paragraphs 1-32 above.

34. Honeywell International has not infringed and is not infringing any claim, either literally or under the doctrine of equivalents, of the '128 or '864 patents. Honeywell International has not contributorily infringed and is not contributorily infringing, and has not actively induced infringement and is not actively inducing others to infringe any claim of either the '128 or '864 patents.

35. Honeywell International seeks a judicial declaration that it does not infringe and has not infringed, directly or indirectly, literally or by equivalents, any claim of either the '128 or '864 patents.

### Second Counterclaim

### (Declaratory Judgment – Invalidity)

36. Honeywell International realleges and incorporates herein by reference each of paragraphs 1-35 above.

37. The '128 and '864 patents are invalid and void for failure to comply with the conditions of patentability specified in one or more sections of Title 35 of the United States Code, including, but not limited to, Sections 102, 103 and 112 thereof.

38. Honeywell International seeks a judicial declaration that the '128 and '864 patents are invalid.

## Third Counterclaim

### (Declaratory Judgment – Unenforceability)

39.  Honeywell International realleges and incorporates herein by reference each of paragraphs 1-38 above.

40.  The '128 and '864 patents are unenforceable under the equitable doctrines of laches and estoppel.

41.  The '128 and '864 patents are unenforceable under the equitable doctrine of prosecution laches.

42.  Honeywell International seeks a judicial declaration that the '128 and '864 patents are unenforceable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Honeywell respectfully prays for judgment against Plaintiff as follows:

(1) Dismissing with prejudice the Complaint against Honeywell, and denying each prayer for relief sought by Plaintiff;

(2) Declaring that Honeywell International does not infringe any claim of either the '128 or '864 patents;

(3) Declaring that the '128 and '864 patents are invalid;

(4) Declaring that the '128 and '864 patents are unenforceable;

(5) Declaring that Plaintiff is not entitled to any compensation;

(6) Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding to Honeywell its attorneys' fees;

(7) Awarding to Honeywell its costs and disbursements of this action; and

(8) Awarding such other and further relief as this Court may deem just and proper.

Dated: August 28, 2006

Respectfully submitted,

/s/ Robert S. Saunders
Robert S. Saunders (I.D. #3027)
Jeremy D. Anderson (I.D. #4515)
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
Tel: (302) 651.3000
Fax: (302) 651.3001

*Of Counsel*
Constance S. Huttner
Emily J. Zelenock
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM, LLP
Four Times Square
New York, New York 10036
Tel: (212) 735.3000
Fax: (212) 735.2000

ATTORNEYS FOR DEFENDANTS/
COUNTERCLAIM-PLAINTIFFS
HONEYWELL ELECTRONIC
  MATERIALS INC.,
HONEYWELL SPECIALTY
  MATERIALS, LLC,
and HONEYWELL INTERNATIONAL
  INC.

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to D. Del. LR 5.2, the following counsel of record are being served this 28th day of August, 2006 BY HAND AND ELECTRONIC MAIL, with a copy of ANSWER OF HONEYWELL ELECTRONIC MATERIALS INC., HONEYWELL SPECIALTY MATERIALS, LLC, and HONEYWELL INTERNATIONAL INC., and COUNTERCLAIMS OF HONEYWELL INTERNATIONAL INC.

    Rudolph E. Hutz
    Daniel C. Mulveny
    Connolly, Bove, Lodge & Hutz LLP
    The Nemours Building
    1007 North Orange St.
    P.O. Box 2207
    Wilmington, DE 19899

    /s/ Robert S. Saunders
    Robert S. Saunders (I.D. #3027)
    Jeremy D. Anderson (I.D. #4515)
    SKADDEN, ARPS, SLATE
      MEAGHER & FLOM, LLP
    One Rodney Square
    P.O. Box 636
    Wilmington, DE 19899
    Tel: (302) 651.3000
    Fax: (302) 651.3001

    *Of Counsel*
    Constance S. Huttner
    Emily J. Zelenock
    SKADDEN, ARPS, SLATE
      MEAGHER & FLOM, LLP
    Four Times Square
    New York, New York 10036
    Tel: (212) 735.3000
    Fax: (212) 735.2000

    ATTORNEYS FOR DEFENDANTS/
    COUNTERCLAIM-PLAINTIFFS
    HONEYWELL ELECTRONIC
      MATERIALS INC.,
    HONEYWELL SPECIALTY
      MATERIALS, LLC,
    and HONEYWELL INTERNATIONAL
      INC.

623590.05-New York Server 4A - MSW