## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROHM AND HAAS ELECTRONIC MATERIALS LLC | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-297-GMS |
| v. | ) ) ) | |
| HONEYWELL INTERNATIONAL INC. | ) ) | |
| Defendant. | ) ) ) | |

## JOINT STATUS REPORT

Plaintiff Rohm and Haas Electronic Materials LLC (hereinafter "Rohm and Haas" or "Plaintiff") and Defendant Honeywell International Inc. (hereinafter collectively "Honeywell" or "Defendant") submit this Joint Report in preparation for the Status and Scheduling Conference before this Court set for November 1, 2006, at 2 p.m., pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.2(b).

1.     **Jurisdiction and Service.** The parties agree that the Court has subject matter jurisdiction over this action and that the Court has personal jurisdiction over the parties. At the present time, Rohm and Haas and Honeywell believe that all necessary parties have been served and have appeared, but reserve their rights to join additional parties within the time limit agreed to in section 7 of this report and subject to the Stipulation and Order of Voluntary Dismissal of Defendants, Honeywell Electronic Materials Inc. and Honeywell Specialty Materials, LLC.

2.     **Substance of the Action.** This action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. The patents in suit are U.S. Patent No. 6,472,128 ("the '128 patent") and U.S. Patent No. 6,773,864 ("the '864 patent"). Rohm and Haas, through the Shipley

Company LLC, is the owner of the patents in suit. Rohm and Haas alleges that Honeywell is infringing the patents in suit by the manufacture, use, sale and/or use by its customers of Honeywell's antireflective coatings. Specifically, upon present knowledge and belief, Rohm and Haas alleges that Honeywell infringes the patents in suit though the manufacture, sale, use, and/or use by its customers of at least Honeywell's SLAM and DUO248 antireflective coatings within the United States.

Honeywell denies Rohm and Haas' allegations of direct and indirect infringement of the '128 or '864 patent. Honeywell alleges that the '128 and '864 patents are each invalid and void for failing to meet the requirements of Title 35 of the U.S. Code, including, but not limited to, Sections 102, 103 and 112 thereof. Honeywell also alleges that the '128 and '864 patents are unenforceable under the equitable doctrines of laches, estoppel, and/or prosecution laches.

3.    **Identification of Issues.** The issues in dispute are: (a) whether the use, offer to sell, sale, importation, and/or use by its customers in the United States of Honeywell's antireflective coatings has infringed, infringes, or will infringe the patents in suit; (b) whether the '128 and '864 are invalid and void for failing to meet the requirements of Title 35 of the U.S. Code; and (c) whether the '128 and '864 patents are unenforceable under the equitable doctrines of laches, estoppel, and/or prosecution laches.

4.    **Narrowing of Issues.** The parties have not identified any opportunities for narrowing the issues at this time.

5.    **Relief.** Rohm and Haas seeks: (a) a declaration and determination that Honeywell infringes, and/or has infringed, the claims of the patents in suit; (b) an accounting for all damages sustained by Rohm and Haas as a result of Honeywell's infringement, that such damages be awarded to Rohm and Haas, and that interest and costs be further assessed; (c) that the Court

increase the damages against Honeywell to three times the amount found or assessed pursuant to 35 U.S.C. § 284; (d) a declaration and determination that this is an exceptional case and order that Honeywell pay Rohm and Haas its reasonable attorneys' fees and costs; (e) a judgment permanently enjoining Honeywell from infringing the patents in suit prior to expiration of the patents in suit; and (f) such other relief as the Court may deem just and proper.

Honeywell seeks: (a) dismissal with prejudice of the Complaint against Honeywell, and a denial of each prayer for relief sought by Rohm and Haas; (b) a declaration that Honeywell does not infringe any claim of either the '128 or '864 patents; (c) a declaration that the '128 and '864 patents are invalid; (d) a declaration that the '128 and '864 patents are unenforceable; (e) a declaration that Rohm and Haas is not entitled to any compensation; (f) a declaration that this is an exceptional case under 35 U.S.C. § 285 and an order that Rohm and Haas pay Honeywell its attorneys' fees; (g) an order awarding to Honeywell its costs and disbursements of this action; and (h) such other relief as the Court may deem just and proper.

6.    **Amendment of Pleadings.** The parties propose that amendment of pleadings without leave of court must occur by February 5, 2007.

7.    **Joinder of Parties.** The parties propose that joinder of all parties must occur by February 5, 2007 subject to the Stipulation and Order of Voluntary Dismissal of Defendants, Honeywell Electronic Materials Inc. and Honeywell Specialty Materials, LLC.

8.    **Discovery.** The parties have met and conferred pursuant to Rule 26(f) and have agreed upon the following schedule for conducting discovery. The parties also have agreed: to waive the 26(a) initial disclosures; that each side may take up to ten (10) party fact depositions and five (5) third party fact depositions; that each side may serve up to thirty-five (35)

interrogatories; and that each side may serve up to thirty-five (35) requests for admission. Both

parties have attempted to limit discovery to that reasonably believed to be necessary.

| Event | Date |
|---|---|
| **Fact Discovery** | |
| Exchange of Initial Disclosures | Waived |
| Motion to Amend Pleadings | February 5, 2007 |
| Motion to Join Additional Parties | February 5, 2007 |
| Notice of Reliance on Advice of Counsel as a Defense to Willful Infringement | August 29, 2007 |
| Production of Opinions of Counsel, and Production of all Related Materials | August 29, 2007 |
| Completion of Fact Discovery | October 15, 2007 |
| ***Markman* Proceedings** | |
| Submission of Final Joint Claim Chart | May 15, 2007 |
| Opening *Markman* Briefs | June 15, 2007 |
| Answering *Markman* Briefs | July 15, 2007 |
| *Markman* Hearing | August 15, 2007 |
| **Expert Discovery** | |
| Opening Expert Reports | October 15, 2007 |
| Answering Expert Reports | November 15, 2007 |
| Completion of Expert Discovery | December 14, 2007 |
| **Dispositive Motions** | |
| Summary Judgment Letter Briefing | Opening: January 8, 2008 Response: January 15, 2008 Reply: January 22, 2008 |
| Summary Judgment Motion Status Conference | January 29, 2008 |
| Case Dispositive Motions | February 21, 2008 (motions and opening briefs) |
| **Trial Phase** | |
| Motions *in limine* | Opening: March 6, 2008 Response: March 17, 2008 Reply: March 27, 2008 |
| Submission of Joint Proposed Pretrial Order | March 31, 2008 |
| Pretrial Conference | April 14, 2008 |
| Trial | TBD |

9.    **Estimated Trial Length.** The parties estimate 10 days for this action to be tried.

At the present time, the parties do not have any issues that they believe should be bifurcated for

trial nor have they identified any specific means of reducing the length of trial or expediting the presentation of evidence.

10.    **Jury Trial.** Rohm and Haas and Honeywell have demanded a jury trial.

11.    **Settlement.** The parties have engaged in settlement discussions with each other, but these discussions have not yet resulted in a settlement. While the parties intend to continue their settlement discussions, if possible, they believe that mediation before Magistrate Judge Thynge would be helpful.

12.    **Other Matters.** Counsel for Honeywell has informed Rohm and Haas' counsel that Honeywell will likely request reexamination of at least the '864 patent by the United States Patent and Trademark Office ("USPTO"). If Honeywell files a petition for reexamination, Honeywell presently intends to move to stay this litigation pending the USPTO's decision on whether to grant Honeywell's request for reexamination. If the USPTO grants Honeywell's request for reexamination, Honeywell presently intends to move to stay this litigation pending the resolution of the reexamination proceeding.

13.    **Confirmation of Rule 26(f) Teleconference.** Counsel for Rohm and Haas and Honeywell have conferred regarding each of the topics listed above. Should the Court have any questions regarding the information set forth above, counsel for both parties are prepared to provide the additional information needed to address the Court's concerns.

CONNOLLY BOVE
LODGE & HUTZ LLP

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP


/s/ Daniel C. Mulveny
Rudolf E. Hutz (I.D.#484)
Daniel C. Mulveny (I.D.#3984)
The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141

*Attorneys for Plaintiff*

/s/ Jeremy D. Anderson
Robert S. Saunders (I.D.#3027)
Jeremy D. Anderson (I.D.#4515)
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
(302) 651-3000

Constance S. Huttner
Emily J. Zelenock
Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for Defendant*

495127_1.DOC