## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROHM AND HAAS ELECTRONIC )
MATERIALS LLC )
 )
 Plaintiff, )  Civil Action No. 06-297-GMS
 )
 v. )
 )
HONEYWELL INTERNATIONAL INC. )
 )
 Defendant. )
 )

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and it appearing that discovery in the above-captioned Action is likely to involve the disclosure of confidential information, and good cause appearing,

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, as follows:

**1. Scope of Protective Order.**  This Protective Order shall apply to all information, documents and things produced or within the scope of discovery in this Action, including, without limitation, all testimony adduced at depositions, documents or things produced in response to requests for the production of documents and things, answers to interrogatories, responses to requests for admission and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial transcripts, matters in evidence and any other information furnished, directly or indirectly, by or on behalf of any party to this Action or any Third Party to the extent such material is designated "CONFIDENTIAL INFORMATION" or "HIGHLY

CONFIDENTIAL INFORMATION" in accordance with this Protective Order. The party or Third Party producing such information is designated hereafter as the "Producing Party" and the party receiving such information is designated hereafter as the "Receiving Party".

　　　2.　　**Definitions**. The terms "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" as used herein, shall mean the following:

　　　A.　　"CONFIDENTIAL INFORMATION" means confidential and proprietary information, in any form, in the possession of the Producing Party, the disclosure of which the Producing Party reasonably and in good faith believes would be harmful to the Producing Party and/or a Third Party, but only to the extent that such information remains non-public consistent with the provisions in Paragraph 24. Access to all materials designated as CONFIDENTIAL and disclosure of the information contained in such materials shall be restricted solely to the persons identified in Paragraph 14, below.

　　　B.　　"HIGHLY CONFIDENTIAL INFORMATION" means CONFIDENTIAL INFORMATION that is of such a sensitive nature that a party reasonably and in good faith believes that the material comprises or contains competitively sensitive information which can be used by a competitor to obtain a business (as opposed to solely a legal) advantage over the Producing Party. Access to all materials designated as HIGHLY CONFIDENTIAL shall be restricted solely to the persons identified in Paragraph 15, below. As between the parties to this Action, the

2

categories of documents and information that may be designated HIGHLY

CONFIDENTIAL INFORMATION shall include:

    1.    Damages-related information, including but not limited to financial

projections and forecasts, sales information, total dollar values for

products developed or sold, and profit margins;

    2.    Sales or marketing information related to future marketing or sales

plans, or corporate strategy;

    3.    The content of or strategy relating to pending patent applications or

drafts of patent applications;

    4.    Technical information, trade secrets, know-how or proprietary

data, formulas, and the like;

    5.    Information relating to unreleased products or products in

development; and

    6.    HIGHLY CONFIDENTIAL INFORMATION of a Third Party in

the possession of a Producing Party.

C.    "Third Party" shall mean any party who is not a named party in this

Action, except that a Third Party shall not include the following past or present

entities of any of the parties: parent corporations, wholly-owned or partly owned

subsidiaries, subsidiaries of subsidiaries, divisions and affiliates, and the

predecessors or successors of any of the foregoing.

    **3.**    **Third Parties under the Protective Order**.  If a Third Party provides

discovery to any party in connection with this Action, and if the Third Party so elects,

then the provisions of this Protective Order shall apply to such discovery and the parties

will treat all information that is produced by such Third Party and designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with the terms of this Protective Order. Under such circumstances, the Third Party shall have the same rights and obligations under this Protective Order as held by the parties to this Action.

4.    **Marking Documents and Things**. The parties and any Third Parties shall label or mark documents and things that constitute or contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with the legend "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION" respectively, or otherwise explicitly designate the materials as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and subject to the Protective Order. Except as provided below, at least the first page of each document and each thing that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" when the document or thing is produced to the party or parties seeking discovery. Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto. Each page of each document and each thing produced pursuant to discovery in this Action shall bear a unique identifying number.

Documents and things produced without a legend designating the material confidential shall not be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION subject to this Protective Order unless otherwise

agreed by the parties or ordered by the Court, or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with the provision of Paragraph 8 of this Protective Order.

Inspection of documents or things by any party shall be conducted by persons eligible under Paragraph 15, below. Such persons shall initially treat all information obtained during or from any inspection as containing HIGHLY CONFIDENTIAL INFORMATION until such time as copies of documents or things from the inspection are produced, and, thereafter, such produced documents and things shall be treated by the Receiving Party in accordance with the confidentiality designation appearing on the document or thing at the time of its production.

5.      **Marking Interrogatories, Requests for Admission and Testimony**. Any response to written interrogatories or requests for admission or any testimony adduced at a deposition upon written questions (or any portion of any of the foregoing) that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" by the Producing Party providing the response or testimony of the first page of that document near the caption. Any response or testimony that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked on the first page with the appropriate legend when the response or testimony is served upon the party seeking discovery. Responses or testimony served without a legend on the first page designating the material confidential shall not be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with the provisions of Paragraph 8 of this Protective Order.

   **6.    Testimony of Current or Former Corporate Personnel**. All testimony adduced at depositions or upon oral examination of any director, officer, employees or agent of the parties, whether current or former, and any testimony adduced at depositions or upon oral examination of the parties' consultants or experts, and any transcripts of the foregoing, will be presumptively treated as CONFIDENTIAL INFORMATION for a grace period beginning from the date of the deposition until ten (10) business days after a complete copy of the transcript has been provided to the deponent or the deponent's counsel. Within the grace period, either party may designate the transcript(s) as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. Any designation of transcript(s) as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall be made in writing and must specify the portion of the deposition transcript that is believed to contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by page and line number. After the grace period expires (*i.e.*, ten (10) business days after a complete copy of the transcript has been provided to the deponent or the deponent's counsel), if no designation as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is made, then the entire deposition transcript shall be considered public information.

6

7.      **Limitations on Attendance at Depositions**.  Counsel for a Producing Party may request that all persons other than the witness, the court reporter, those individuals specified in Paragraphs 14 and/or 15, and counsel for the witness (if a non-party witness) leave the deposition room during the portion of the deposition that inquires about or discloses subject matter that counsel for the Producing Party deems to be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  If individuals other than those specified in the previous sentence fail to leave the deposition room during any portion of the deposition that inquires about or discloses what counsel for the Producing Party believes to be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, counsel for the Producing Party may seek relief from the appropriate Court and, pending resolution of its request for relief, instruct the witness not to answer questions relating to, or limit disclosure of, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at issue.

8.      **Inadvertent Production of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION**.  If a Producing Party inadvertently produces or provides discovery of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without labeling or marking it as provided in this Protective Order, the Producing Party may give written notice to the Receiving Party or parties, within ten (10) business days after learning of the inadvertent production, that the document, thing or other discovery information, response or testimony is CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Protective Order. The Producing Party will also provide copies of the properly marked information (*e.g.*,

7

documents, discovery responses, transcripts, things, and/or all other information within the scope of this Protective Order). Upon receipt of such notice and properly marked information, the Receiving Party or parties shall return said unmarked or incorrectly marked information to the extent practicable and not retain copies thereof, and shall undertake a best effort to correct any disclosure of such information contrary to the redesignation. Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony to persons not authorized to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not be deemed a violation of this Protective Order.

9.     **Limitations on Advice to Clients.** Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this Action and in the course thereof, relying upon such attorney's examination of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to unauthorized persons.

10.     **No Expansion of Federal Rules of Civil Procedure.** Nothing in this Protective Order shall be implied to be an admission, or construed to affect or govern the scope of discovery in this Action, or to preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c), or any other provision of the Federal Rules of Civil Procedure. Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION deemed by counsel for the Producing

Party to be protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or other privilege or immunity, so long as the withheld materials are identified in the manner required by the Federal Rules of Civil Procedure by the Producing Party. This Protective Order shall not preclude any party from moving the Court for an order compelling production or disclosure of such material.

11.    **Discovery of Third Party Information.**  A Producing Party may redact the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a Third Party that is in its possession where the Producing Party is under an obligation not to disclose such information, provided that the Producing Party shall identify the Third Party to the Receiving Party, unless prohibited under an obligation not to disclose the identity of the Third Party, and shall not impede discovery by the Receiving Party from said Third Party.

12.    **Inadvertent Production of Privileged or Work Product Information.** If a Producing Party inadvertently or mistakenly produces information, documents or tangible things in this Action that should have been withheld subject to a claim of attorney-client privilege or work product immunity, or other privilege or immunity, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work-product immunity for such information. In such an event, the Producing Party shall request, in writing, within ten (10) business days of learning of such inadvertent or mistaken production, the return of all information for which a claim of inadvertent or mistaken production is made. Within ten (10) business days of receiving a written request to do so from the Producing Party, the Receiving Party shall return to the Producing Party any documents or tangible items that the Producing

Party represents are covered by a claim of attorney-client privilege or work-product immunity, or other privilege or immunity, and were inadvertently or mistakenly produced. The Receiving Party also shall destroy any extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that if the Receiving Party disagrees that the information is protected from disclosure by the attorney-client privilege, work product immunity or other privilege or immunity from discovery, it may move the Court for an order that such information be produced, and may retain copies of the information, and any notes and summaries relating thereto, pending resolution of its motion. The party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists. Notwithstanding the above, recognizing the need for the parties to prepare for their cases based on the discovery that is produced, if any information, document or tangible thing is used in a court hearing, deposition, as an exhibit to a motion, is referenced in an expert report or pretrial order, or is otherwise used openly in the case, any claim of inadvertent production must be made within fifteen (15) business days after the party asserting inadvertent production learns of such use.

13.    **Use of Designated Materials.** Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as described in this Protective Order may be used in testimony at trial, offered into evidence at trial and/or hearings on motions, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this Action, subject to the limitations and restrictions of this Protective Order and any further order regarding confidentiality that the Court may enter. Subject to the local rules and

practice of the Court, this Protective Order is intended to govern the use of such material at trial and on appeal. Such material shall remain confidential at trial, and during any appeals to this Action, and may not be used for any purpose or in any manner other than as permitted by this Protective Order or by further order of the Court. At the request of a Producing Party, and subject to the Court's rules and practice, any person(s) not permitted access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under Paragraphs 14 or 15 may be barred from attending any portion of trial, any motion hearing, or depositions at which CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is revealed, subject to any further order regarding confidentiality as this Court may enter.

14. **Access to CONFIDENTIAL INFORMATION**. Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION as described in this Protective Order shall be deemed and treated as CONFIDENTIAL INFORMATION by the Receiving Party, unless and until the Court rules to the contrary. Access thereto or disclosure thereof by the Receiving Party shall be limited, unless and until the Court rules that there may be further disclosure, to the following individuals:

A. Connolly Bove Lodge & Hutz LLP, litigation counsel of record for Plaintiff Rohm and Haas and their data entry, information processing, computer support, artist, translating, stenographic, clerical and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

B.      Up to five (5) in-house counsel for Plaintiff Rohm and Haas, and their stenographic or clerical employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

C.      Skadden, Arps, Slate, Meagher & Flom LLP, litigation counsel of record for Defendant Honeywell, and their data entry, information processing, computer support, artist, translating, stenographic, clerical and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

D.      Up to five (5) in-house counsel for Defendant Honeywell, and their stenographic or clerical employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

E.      Independent experts or consultants (and their necessary assistants) retained by Plaintiff Rohm and Haas specifically for this case as consulting or testifying experts;

F.      Independent experts or consultants (and their necessary assistants) retained by Defendant Honeywell specifically for this case as consulting or testifying experts;

G.      Courts before which this Action is pending and their authorized staff, court reporters, and the jury;

H.      Any interpreter or translator, and any typist or transcriber used by the interpreter or translator;

I.      Any jury study group for litigation support; and

J.      Outside copying or exhibit preparation services.

If counsel for the Receiving Party wish to disclose CONFIDENTIAL INFORMATION to any of the persons described in subparagraphs (E), (F), (H), (I), or (J), counsel shall first obtain a signed Undertaking in the form of the annexed Exhibit A from each such person who would require access to material designated as CONFIDENTIAL INFORMATION. In the case of a jury study group, an accounting firm acting as a consultant or an expert under subparagraphs (E) or (F), an outside copying service or an exhibit preparation service, the Undertaking shall be signed by the company, firm or service retained by the party, and a single Undertaking by the company, firm or service shall be sufficient to cover all employees or other individuals paid by the study group, firm or organization. Counsel retaining the persons described in subparagraphs (E), (F), (H), (I), or (J) shall retain the original of each such signed Undertaking.

CONFIDENTIAL INFORMATION shall not be disclosed by the Receiving Party to any such outside consultant described in subparagraphs (E) or (F) for a period of ten (10) calendar days after serving the Producing Party with the Undertaking referred to herein and a curriculum vitae of the outside consultant. Service of the Undertaking shall be made by facsimile with a confirmation copy by Federal Express or equivalent next-day delivery. No service shall be required for a jury study group or interpreter (and their typist or transcriber). Counsel for the Producing Party may, within the ten (10) calendar day period, serve a notice of objection if a reasonable basis for such objection exists. If the notice is served, the CONFIDENTIAL INFORMATION will not be disclosed to such outside consultant. Within ten (10) calendar days after service of the objection, if the parties are unable to reach any agreement over the disclosure of CONFIDENTIAL

13

INFORMATION to the expert or consultant, counsel for the Producing Party may move the Court for an order denying disclosure of any CONFIDENTIAL INFORMATION to the outside expert or consultant as to which a notice of objection has been served. If the Producing Party files this motion, the CONFIDENTIAL INFORMATION shall not be disclosed to the outside expert or consultant until the Court rules or the parties agree that such disclosure may be made. Failure to file such a motion shall operate as a waiver of this objection.

The recipient of any CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his/her/its own proprietary information.

**15.     Access to HIGHLY CONFIDENTIAL INFORMATION**.  HIGHLY CONFIDENTIAL INFORMATION shall only be disclosed by the Receiving Party only to the individuals falling within subparagraphs (A), (C), (E) and (F) through (J) of Paragraph 14.

The disclosure of HIGHLY CONFIDENTIAL INFORMATION is fully subject to the requirements and limitations set forth in Paragraph 14 regarding the disclosure of CONFIDENTIAL INFORMATION.

**16.     Third Party Vendors**.  Counsel may use the services of Third Party vendors to perform computerized legal support and management services for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearing, trials, pleadings, exhibits

marked by any party, briefs and accompanying affidavits and appendices, documents produced by any party, or a party's own attorney work product, all of which may contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. Such disclosure shall be made only on the following conditions:

    A.    Counsel for the Receiving Party desiring to disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to a vendor for the purposes of this paragraph shall first obtain a signed Undertaking in the form of Exhibit A attached hereto, from a representative of the vendor who may receive access to such material. Counsel retaining the vendor shall retain the original of each such signed Undertaking. Service of the Undertaking shall not be required.

    B.    The vendor shall return to the party's counsel all copies of transcripts or other documents containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as soon as the information contained therein has been encoded and loaded into the computer.

    C.    The vendor shall provide limited and secured access to the information stored in the computer. The vendor shall utilize and provide access codes only to those persons associated with the Receiving Party retaining or employing the vendor, and who are entitled under this Protective Order to have access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION such that only persons possessing the access codes can access the information stored in the computer.

**17.    Disclosure to Other Individuals.** Disclosure of CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be made by the

Receiving Party to individuals not identified in Paragraphs 14 and/or 15, above, provided

that:

A.    If the Receiving Party, including any Third Party, wishes to provide access

to or disseminate CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION to any person not otherwise entitled to access

under this Protective Order, the Producing Party may, without leave of the Court,

agree to allow such access. In the absence of an agreement, any party may move

the Court for an Order that such person be given access thereto. If the motion is

granted, such person may have access to the CONFIDENTIAL INFORMATION

or HIGHLY CONFIDENTIAL INFORMATION after first signing an

Undertaking in the form of Exhibit A attached hereto. Counsel for the moving

party shall retain the original of each such signed Undertaking. Service of the

Undertaking shall not be required.

B.    CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION of a Producing Party may also be disclosed to and/or used to

examine, at deposition and at trial (or other court hearing): (i) an individual who

either prepared, received or reviewed the CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION prior to filing of this Action or

previously had access or knowledge of the CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION, as demonstrated by the

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

16

INFORMATION itself or foundation testimony during a deposition or trial, and/or (ii) a currently employed officer, employee or expert of a Producing Party. A party may disclose or use in any manner or for any purpose, any information or documents from that party's own files that the party itself has designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

18.    **Disclosures Shall Not Be Used for Other Purposes.** Material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, including all information derived therefrom, and all copies, summaries, abstracts, excerpts, indices and descriptions of such material shall be held in confidence by the Receiving Party, shall be used only by persons permitted access to it under this Protective Order, shall not be disclosed by the Receiving Party to any party or person not entitled under the terms of this Protective Order to have access to such material, shall not be used by the Receiving Party for any purpose other than in connection with this Action, and shall not be used by the Receiving Party in any way for research, development, manufacture, patent prosecution, financial, commercial, marketing, regulatory, business or other competitive purpose.

19.    **Inadvertent Disclosure.** If CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed or comes into the possession of any person not authorized to receive such information under this Protective Order, the Receiving Party responsible for the disclosure shall, within five (5) business days of the discovery of such disclosure: (a) inform the Producing Party of all pertinent facts relating to the disclosure, including the identity of the person to whom the inadvertent disclosure

17

was made; (b) use its best efforts to obtain the prompt return of any such

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION

and to bind such unauthorized person or party to the terms of this Protective Order; (c)

inform such unauthorized person or party of all provisions of this Protective Order; and

(d) request such unauthorized person or party to sign the Undertaking in the form

attached hereto as Exhibit A. The executed agreement shall be served upon counsel of

record for the Producing Party within five (5) business days of its execution by the person

or party to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION was disclosed. The requirements set forth in this paragraph shall not

prevent the Producing Party from applying to the Court for further or additional relief.

     **20.**    **Filing Under Seal.** If any material designated CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is to be filed with the

Court in connection with this Action, such material shall be filed with the Clerk of the

Court in sealed envelopes or containers prominently marked with the caption of the case,

a general description of the contents of the envelope or container; such material shall also

be filed electronically (in redacted form) with the Clerk of the Court within five (5)

business days of the filing of a sealed document pursuant to the Court's Revised

Administrative Procedures Governing Filing and Service by Electronic Means; or such

material shall otherwise be filed under seal in accordance with the Local Rules or practice

of the Court in which the information is filed.

     In addition, any document that is to be filed with the Court and that contains or

discloses CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION shall be marked "FILED UNDER SEAL" on its cover page. Material

designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and filed under seal shall be maintained in such manner as provided for by the Court.

Unless the Court orders otherwise, attendance at a hearing or at a trial session in this Action at which material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be used or disclosed shall be limited to individuals entitled to have access to such materials under the terms of this Protective Order.

21.    **Challenging Designations.** The acceptance by the Receiving Party of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not constitute an admission or concession, or permit an inference that such material is, in fact, CONFIDENTIAL or HIGHLY CONFIDENTIAL. Any Receiving Party may at any time request that the Producing Party cancel or modify the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation with respect to any document, object or information. Such request shall be made to counsel for the Producing Party in writing, and shall particularly identify the designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that the Receiving Party contends is not confidential or not highly confidential and the reasons supporting its contention. If the Producing Party does not agree to remove the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation within ten (10) business days, then the party contending that such documents or material are not confidential may request by motion that the Court remove such material from the restrictions of this Protective Order. On such a motion,

19

the party asserting confidentiality shall have the burden of proving that the material

designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION warrants protection under this Protective Order.

22.    **Miscellaneous.**  This Protective Order shall not be construed to prevent

any of the parties, or any Third Party, from applying to the Court for relief or further or

additional protective orders, or from agreeing between or among themselves to

modifications of this Protective Order, subject to the approval of the Court.  The

Protective Order shall not preclude the parties from enforcing their rights against any

Third Party not associated with this Action who is believed to be violating their rights.

The personnel set forth in Paragraphs 14 and 15 may be increased by unanimous

agreement of the parties to this Action without leave of the Court, or upon a showing,

subject to the approval of the Court, by either Plaintiff or Defendants that such

modification is necessary.

23.    **Survival of Obligations under Protective Order**.  With respect to any

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION,

this Protective Order shall survive the final termination of this Action to the extent the

information in such material is not or does not become known to the public and continues

to be binding upon all persons to whom CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION is disclosed hereunder.  Upon final termination of

this Action, including all appeals, counsel for the Receiving Party may retain one copy or

sample of all material designated CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION for reference in the event of disputes over the use or

disclosure of such material.  Counsel for the Receiving Party may retain all papers filed

with the Court, and may retain documents, things, copies and samples to the extent they include or reflect the work product of the Receiving Party's counsel.

Upon final termination of this Action, including all appeals, however, all other copies and samples of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including all deposition transcripts and production documents, other than trial exhibits or exhibits to papers filed with the Court) and any other summaries, abstracts, excerpts, indices and descriptions of such material and information derived from such material that are recorded in any tangible form in the possession of the Receiving Party, shall be: (i) assembled and returned (except for any that may be retained by the Court) to the Producing Party; or, alternatively, (ii) counsel for the Receiving Party may certify in writing the destruction thereof. Accordingly, upon final termination of this Action, no one other than counsel for the Receiving Party shall retain any copies or samples of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. As to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION stored in computer databases or backup tapes or disks, the Receiving Party shall either: (1) delete all such CONFIDENTIAL INFORMATION, (2) restrict access to such material with passwords, or (3) designate the information CONFIDENTIAL in a manner reasonably calculated to prevent unauthorized access to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

**24.    Publicly Available Information.**  The restrictions and obligations set forth herein relating to material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by the parties to this Action shall not

21

apply to any information of the parties which: (a) the Producing Party agrees should not

be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION; (b) the Producing Party agrees, or the Court rules, is already public

knowledge; (c) the Producing Party agrees, or the Court rules, has become public

knowledge other than as a result of disclosure by the Receiving Party, its employees or

agents in violation of this Protective Order, or (d) the Producing Party agrees, or the

Court rules, has come or shall come into the Receiving Party's legitimate knowledge or

possession independently of the Producing Party under conditions such that its use and/or

public disclosure by the Receiving Party would not violate any obligation to the

Producing Party to this Action.  The restrictions and obligations set forth herein shall not

prohibit discussions of any material designated CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION with any person who already has or

obtains legitimate possession thereof.

AGREED TO THE ABOVE BY:

/s/ Daniel C. Mulveny                            Date:  December 12, 2006
Rudolf E. Hutz (I.D. 484)
Daniel C. Mulveny (I.D. 3984)
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899


AGREED TO THE ABOVE BY:

/s/ Jeremy D. Anderson                          Date:  December 12, 2006
Robert S. Saunders (I.D. #3027)
Jeremy D. Anderson (I.D. #4515)
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
Tel: (302) 651.3000
Fax: (302) 651.3001




IT IS SO ORDERED this ___ day of _____, 2006.



_____
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ROHM AND HAAS ELECTRONIC )
MATERIALS LLC )
            )
     Plaintiff, )      Civil Action No. 06-297-GMS
            )
     v. )
            )
HONEYWELL INTERNATIONAL INC. )
            )
     Defendant. )
_____ )

**UNDERTAKING OF _____**

     I, _____, declare under penalty of perjury
that:

     1.     My present address is _____

     2.     My present employer is _____,

and the address of my present employer is _____.

     3.     My present occupation is _____.

     4.     I have received a copy of the Protective Order in this Action.  I have

carefully read and understand the provisions of the Protective Order.

     5.     I will comply with all of the provisions of the Protective Order and hereby

submit to the jurisdiction of the United States District Court for the District of Delaware

for the purpose of the enforcement of the Protective Order in this Action.  I will hold in

confidence, will not disclose to anyone not qualified under the Protective Order, and will

use only for purposes of this Action, any CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION, including the substance and any copy,

EXHIBIT A

summary, abstract, excerpt, index or description of such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items.

      6.     I will return all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so. I acknowledge that return of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

      7.     I understand that if I violate the provisions of the Protective Order, I may be subject to sanctions by the Court and that the parties, or either of them, may assert other remedies against me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

Dated: _____     Signature: _____