## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROHM AND HAAS ELECTRONIC MATERIALS LLC | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-297-GMS |
| v. | ) ) | |
| HONEYWELL INTERNATIONAL INC. | ) ) | **REDACTED VERSION** |
| Defendant. | ) ) ) | |

## PLAINTIFF ROHM AND HAAS ELECTRONIC MATERIALS LLC'S OPPOSITION TO DEFENDANT HONEYWELL INTERNATIONAL INC.'S MOTION TO STAY LITIGATION PENDING REEXAMINATION

CONNOLLY BOVE LODGE & HUTZ LLP

Rudolf E. Hutz (#484)
Daniel C. Mulveny (#3984)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141

*Attorneys for Plaintiff*
*Rohm and Haas Electronic Materials LLC*

Dated: December 22, 2006

**TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................................................1

II.    NATURE AND STAGE OF THE PROCEEDING.................................3

III.   SUMMARY OF ARGUMENT ................................................................4

IV.    STATEMENT OF FACTS ......................................................................6

       A.    The Patents in Suit and the Litigation.........................................6

       B.    Honeywell has Believed the '128 Patent Claims Were Invalid
             Since 2004...................................................................................7

       C.    Rohm and Haas has Attempted Settlement Discussions From the
             Beginning....................................................................................7

       D.    Honeywell Again Asserted that Both Patents Were Invalid in July
             2006 But Refused to Identify Over What Art...............................7

       E.    Honeywell Continued to Hide from the Settlement Table............8

       F.    Honeywell Finally Comes to the Settlement Table ......................8

       G.    Honeywell's Reexamination Requests are Largely Based on Art
             Previously Considered or Previously Known to Honeywell ........9

             1.    Honeywell has cited many references that were previously
                   considered by the examiner .............................................9

             2.    Honeywell had been long-aware of most of the cited
                   references from the prosecution of its own patents .........10

V.     ARGUMENT ........................................................................................11

       A.    Honeywell's Motion to Stay is Premature and Would Deny the
             Parties the Benefit of Working with Magistrate Thynge in
             February to Explore Settlement .................................................12

       B.    The Applicable Factors Weigh Against Granting a Stay............13

             1.    Granting a stay would unduly prejudice Rohm and Haas..............13

                   (a)   Staying the case now would prevent Rohm and
                         Haas from enjoining Honeywell from infringement
                         post-trial ...............................................................13

i

(b)    Rohm and Haas did not seek a preliminary injunction because it has a supply agreement with Intel **REDACTED** ....................................14

(c)    Honeywell's attempt to paint Rohm and Haas' reasonable out-of-court efforts to settle this case as "delay" is disingenuous........................................15

2.    Honeywell's Reexamination Requests likely will not simplify anything but only will delay the inevitable .....................16

(a)    Honeywell's statistics are misleading................................16

(b)    Honeywell presented no specific reason why any claim of the patents in suit would be materially changed based on its reexamination requests ...................17

3.    This case is underway, discovery is ongoing, an initial teleconference to explore mediation has been set, and a trial date has been set..........................................................................18

(a)    Honeywell delayed filing its reexamination requests long after knowing about the allegedly invalidating prior art...............................................................................18

(b)    This case has started and will likely be concluded before the PTO completes its reexamination.....................19

(c)    When the patents survive the reexamination, this case will be back before this Court unless the parties settle the dispute ....................................................19

4.    Continued discovery while the reexaminations are pending is important to Rohm and Haas....................................................20

VI.    CONCLUSION...................................................................................................20

## TABLE OF AUTHORITIES

**Cases**

*Ethicon, Inc. v. Quigg,*
    849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ................................................ 11, 12, 17

*Lectrolarm Custom Services, Inc. v. Vicon Industries, Inc.,*
    No. 03-2330 MA/A., 2005 WL 2175436 at *3 (W.D. Tenn. Sept. 1, 2005) .. 17, 18

*Remington Arms Co., Inc. v. Modern Muzzleloading, Inc.,*
    1998 WL 1037920 at *3 (M.D.N.C. Dec.17, 1998) ............................................ 18

*Smith Int'l, Inc. v. Hughes Tool Co.,*
    718 F.2d 1573, 1578 (Fed. Cir. 1983) .................................................................. 14

*United Sweetener USA, Inc. v. Nutrasweet Co.,*
    766 F. Supp. 212, 217 (D. Del. 1991) ................................................................. 13

*Xerox Corp. v. 3Com Corp.,*
    69 F. Supp.2d 404, 407 (W.D.N.Y. 1999) .......................................................... 13

**Other Authorities**
MPEP § 609.01 ................................................................................................... 9, 10

## I.    INTRODUCTION

Defendant's ("Honeywell's") request for an indefinite stay of this entire action based on two recently-filed reexamination requests should be denied because:

- The PTO has not considered, much less granted, either request to institute reexamination and may never grant them, especially because during the original prosecutions, the PTO considered much of the art on which Honeywell now relies.

- Statistically speaking, the majority of reexaminations, if declared, ultimately result in patentee's success, with confirmed claims, and Honeywell must succeed on *every* claim in *both* reexaminations to make this case go away.

- Honeywell refuses to be bound by the outcome of either reexamination, or even to obligate itself to cite the best prior art known to it; instead, Honeywell has intentionally requested only an *ex parte* (not *inter partes*) reexamination so after two or more years it can return to this Court and continue to assert the same (or "new") prior art, even after losing the reexaminations.

- Honeywell, which has been complaining that plaintiff's (Rohm and Haas') patents are invalid for almost 28 months delayed filing for reexamination (until pressed by the Court) solely for strategic purposes; Honeywell even refused, until now, to identify to Rohm and Haas the prior art on which it was relying.

- This case now is in active discovery, with both sides having filed (and Rohm and Haas having responded to) written discovery pursuant to a Scheduling Order calling for the close of fact discovery on June 1, 2007; a stay now

1

would bring all this activity to a complete halt and delay trial for two or more years.

- Discovery should continue now to enable Rohm and Haas to establish Honeywell's true knowledge and views of the prior art, the origins of its infringing products and other factors directly impacting on the issues of anticipation and obviousness over the patents and publications Honeywell has belatedly cited to the PTO.

- The parties have been engaged in discussions to amicably resolve this case and, at the request of both parties, they are scheduled to meet telephonically with Magistrate Judge Thynge on February 22, 2007. A stay now would erase that opportunity and remove settlement pressure for at least two years.

- Given Rohm and Haas' contractual obligations with Honeywell's major (if not sole) customer, a stay as Honeywell requests would effectively permit Honeywell to continue its infringement unabated and eliminate the possibility of an injunction, thereby materially prejudicing Rohm and Haas and, again, removing Honeywell's incentive to resolve this dispute promptly and finally, without further effort or involvement by the Court.

- This Court stated during the Status Conference that every request for a stay will be decided individually on its own unique merits and Honeywell presents only generalities and has not carried its burden to show that in *this* case, under *those* facts and circumstances, a stay is warranted.

2

## II.    NATURE AND STAGE OF THE PROCEEDING

Plaintiff, Rohm and Haas Electronic Materials LLC ("Rohm and Haas") filed this suit on May 5, 2006 asserting that Defendant Honeywell International Inc. ("Honeywell")[1] infringed two Rohm and Haas patents, U.S. Patent Nos. 6,472,128 and 6,773,864 (respectively "the '128 patent" and "the '864 patent", collectively "the patents in suit"). (D.I. 1). To attempt an out-of-court resolution, Rohm and Haas withheld service of the complaint on Honeywell. When settlement efforts proved fruitless, Rohm and Haas served the Complaint on July 24, 2006. (D.I. 5). Honeywell filed its Answer and Counterclaim (after a two-week extension of time) on August 28, 2006. (D.I. 8 and 10).

The Rule 16 Scheduling Conference occurred on November 1, 2006 and a Scheduling Order was entered setting the close of fact discovery on June 1, 2007. (D.I. 23). The *Markman* process begins with the exchange of claim charts on June 1, 2007 and the *Markman* hearing is set for September 5, 2007. (*Id.*). Trial has been scheduled to begin on March 3, 2008. (*Id.*).

With the concurrence of both the parties, this case has been referred to U.S. Magistrate Judge Thynge to explore resolution. (D.I. 23 and 24). Magistrate Judge Thynge has set an initial teleconference for February 22, 2007. (D.I. 24).

At the Scheduling Conference, Honeywell told the Court that it intended to file a reexamination request for at least one of the two patents in suit. (D.I. 30 at 7-8). At the Court's insistence, Honeywell said that it would file its request(s) within 30 days.

---

[1] Rohm and Haas also sued two Honeywell subsidiaries, but, to simplify the case and based on Honeywell's representation that these subsidiaries were not involved, Rohm and Haas dismissed the subsidiaries from the case.

Honeywell did so exactly 30 days later, on December 1, 2006. The PTO has not acted on either reexamination request and likely will not do so until March 2007.

Active discovery is well underway. The parties have exchanged their first set of written discovery requests. (D.I. 26, 27, and 28). Rohm and Haas responded to Honeywell's discovery on December 13, 2006. (D.I. 36). Honeywell is expected to respond to Rohm and Haas' discovery contemporaneous with the end of briefing related Honeywell's motion to stay.

Honeywell's Motion to Stay Litigation Pending Reexamination is presently before the Court. (D.I. 32). In support of its motion, Honeywell filed an opening brief ("OpenBr") (D.I. 33). This is Rohm and Haas' opposition to that motion.

## III.   SUMMARY OF ARGUMENT

1.      Honeywell's reexamination requests are flawed. Contrary to what Honeywell says, the examiner has already considered many of the references cited in the requests as reflected by the prosecution histories of the patents in suit. Further, Honeywell presents no evidence (by affidavit or otherwise) that any of the cited references were in fact "newly discovered." Nor did Honeywell present any evidence that if a particular reference is in fact "new", it is not cumulative to what the PTO has already considered and rejected. It is inappropriate to stay this entire case based on these flawed reexamination requests which may never be granted and, if granted, may never result in the cancellation of all claims in Rohm and Haas' patents.

2.      Basically, Honeywell is stalling and this motion is part of that tactic. On June 7, 2004, Rohm and Haas notified Honeywell that Honeywell was infringing the '128 patent. On August 5, 2004, Honeywell responded that the '128 claims were invalid.

4

Honeywell did not file a reexamination request then or at any other time in the next near 28 months. When Rohm and Haas filed its Complaint on May 5, 2006, Honeywell again stated that it believed the claims of both patents in suit were invalid. Again, Honeywell choose not to file a reexamination request at that time. Now, over seven months after the Complaint was filed and after active discovery has begun, Honeywell files for reexamination and wants to stop the case in its tracks so that the PTO can reevaluate the patents based largely on the same art that the examiners considered originally in allowing the patents.

        3.      Although wanting to stay the litigation for two or more years, Honeywell does not want to be bound by the PTO's decision in either reexamination, if declared, and it does not want to obligate itself to cite the best prior art now known to it. Honeywell could have filed for an *inter partes* reexamination which would have bound Honeywell to any adverse PTO decision. Instead, Honeywell requested merely an *ex parte* reexamination to enable returning to this Court post-reexamination and having this Court revisit the same art in the hopes of a different, more favorable result. Staying this case does not save the Court nor the parties any time or expense because, statistically, patentees prevail in over 90 percent of *ex parte* reexaminations and it is unlikely that Honeywell can eliminate *all* claims in *both* patents, and make this case go away.

        4.      Basically, Honeywell is hiding from the bargaining table. Rohm and Haas has attempted to engage Honeywell in good faith talks to resolve this dispute since mid-2004. Even after Rohm and Haas filed its Complaint, it withheld service so Honeywell had time to prepare for meaningful settlement discussions. Unfortunately, serious discussions never occurred so Rohm and Haas was compelled to serve the Complaint to

get things moving. And it did get things moving. Shortly before Honeywell filed its
Requests for Reexamination the parties engaged in meaningful settlement discussions but
without resolution. If this case is stayed, there will be little, if any, motivation for
Honeywell to return to the bargaining table for the next several years while the PTO
reviews much of the same references it has already considered. The current settlement
efforts include the involvement of Magistrate Judge Thynge, whose efforts starting in
February will be aborted if a stay is granted. Allowing the already scheduled, active
discovery to proceed will permit Rohm and Haas to explore the merits, if any, of
Honeywell's prior art position and will encourage both parties to end this case finally and
without further Court intervention.

     5.    A stay of this case will seriously prejudice Rohm and Haas by permitting
unabated infringement. Staying the case now effectively, due to contractual obligations
with Honeywell's likely sole customer (Intel), eliminates the chance that an injunction
could issue against Honeywell.

## IV.    STATEMENT OF FACTS

### A.    The Patents in Suit and the Litigation

    The '128 patent issued on October 29, 2002. The '864 patent issued on August
10, 2004. Both patents expire on November 15, 2011. The basis of this dispute is that
Honeywell sells products (presently believed to be "SLAM" and "DUO248") that, when
used by customers in the manner intended by Honeywell, infringe the patents in suit.
Honeywell's primary, if not only, customer for the accused products is Intel. Rohm and
Haas contends that Honeywell directly infringes the patents as well as indirectly infringes
them via its sales and recommendation of SLAM and/or DUO248 to Intel.

**B.     Honeywell has Believed the '128 Patent Claims Were Invalid Since 2004**

Prior to filing the lawsuit, the parties had limited discussions regarding Honeywell's infringement. Honeywell then asserted its belief that the '128 patent claims were invalid over certain undisclosed prior art. (*See* Honeywell letter to Rohm and Haas dated Aug. 5, 2004 [Ex. A]).

**C.     Rohm and Haas has Attempted Settlement Discussions From the Beginning**

To facilitate meaningful settlement discussions, Rohm and Haas initially withheld service of the Complaint. After being notified of the lawsuit, Honeywell requested Rohm and Haas continue to withhold service so that it could review the Complaint. To further enable settlement discussions, in June 2006 Rohm and Haas entered into a confidentiality agreement with Honeywell. At the end of June 2006, Rohm and Haas provided Honeywell with a licensing proposal. In July 2006, Honeywell flatly rejected Rohm and Haas' suggested resolution.

**D.     Honeywell Again Asserted that Both Patents Were Invalid in July 2006 But Refused to Identify Over What Art**

When Honeywell rejected Rohm and Haas' settlement proposal in July 2006, Honeywell stated that both of the patents in suit were invalid and/or that it did not infringe. Honeywell made no counteroffer, despite Rohm and Haas request that it do so. Further, Honeywell did not share any details regarding its invalidity/noninfringement arguments.

Honeywell did, however, ask Rohm and Haas for permission to discuss the dispute with Intel. In the hope of an out-of-court resolution, Rohm and Haas granted

Honeywell permission to speak with Intel. Thereafter, substantial efforts were begun to create confidentiality agreements that would appease both parties as well as Intel.

**E.    Honeywell Continued to Hide from the Settlement Table**

On July 19, 2006, Rohm and Haas again asked Honeywell for a reasonable counterproposal to settle the case. Honeywell responded that it had to talk to Intel. At this time, however, there was no agreed-to confidentiality agreement. Since it was becoming apparent that Honeywell was simply dragging its feet, Rohm and Haas served the Complaint on July 24, 2006. Honeywell answered and counterclaimed -- again arguing the patents in suit were invalid -- on August 28, 2006.

Eventually, by September 28, 2006, a confidentiality agreement that suited everyone involved was entered into. The next day, on September 29, 2006, the parties' litigation counsel had a Rule 26(f) discovery teleconference where Honeywell first disclosed that it might file a reexamination for at least the '864 patent.

On October 5, 2006, Rohm and Haas separately contacted Honeywell and Intel about settlement. Honeywell responded on October 9, 2006 that it was considering its next steps but had no new information.

On October 11, 2006, Rohm and Haas and Intel had a teleconference where, for the first time, a counteroffer was proposed. Unfortunately, the offer was woefully inadequate, so Rohm and Haas declined. Notably, the offer came from Intel, not Honeywell.

**F.    Honeywell Finally Comes to the Settlement Table**

This Court directly confronted Honeywell regarding its threat to file requests for reexamination at the November 1, 2006 Scheduling Conference. (D.I. 30 at p 4). When

the Court pointedly asked when Honeywell intended to file, Honeywell responded that it would do so within 30 days. (D.I. 30 at p 4; OpenBr at 3).

As the clock began to run against Honeywell on the reexamination deadline, Honeywell finally engaged Rohm and Haas in settlement discussions at the end of November 2006 and each side presented proposals. Unfortunately, the parties were unable to reach any agreement. On December 1, 2006, the last day of the 30 day window, Honeywell filed reexamination requests for both patents. (OpenBr Exs. B and C).

**G.    Honeywell's Reexamination Requests are Largely Based on Art Previously Considered or Previously Known to Honeywell**

The reexamination requests present few, if any, new references and those that are new are cumulative. And Honeywell has known, or should have known, about most of the references presented well before filing the requests for reexamination.

**1.    Honeywell has cited many references that were previously considered by the examiner**

In the '128 reexamination request, Honeywell cites four references that were originally considered by the examiner. (OpenBr Ex. B at 3). These are:

> *Arnold*, U.S. Patent No. 4,910,122;
> *Green*, U.S. Patent No. 4,413,052;
> *Green '938*, U.S. Patent No. 4,299,938;[2] and
> *Jain*, U.S. Patent No. 4,863,827.

The examiner confirmed his consideration of these references by entering his initials in the column next to the reference's citation on PTO Form 1449. (*See* MPEP § 609.01 at 600-142-43 at 143 [Ex. B]; PTO Form 1449 for the '128 patent [Ex. C]). Had the examiner not considered a reference cited on Form 1449, the examiner would have drawn

---

[2] Honeywell cites *Green '938* in the '128 reexamination request, but does not discuss the reference. *Green '938* was considered by the examiner.

a line through that particular citation. (*See* MPEP § 609.01 at 600-143 [Ex. B]).

Nonetheless, Honeywell wrongly argues to the PTO that the examiner did *not* consider

*Arnold*, *Green*, and *Jain*. (Open Br Ex. B at 14 and 16).[3]

    Similarly, in the '864 reexamination request, Honeywell cites four references that

were also originally considered by the examiner. (OpenBr Ex. C). These are:

> *Arnold*, U.S. Patent No. 4,910,122;
> *Green '938*, U.S. Patent No. 4,299,938;[4]
> *Jain*, U.S. Patent No. 4,863,827; and
> *Lamola*, (article).

The '864 prosecution history establishes that each of the above references was considered

by the examiner, (*see* PTO Form 1449 for the '864 patent [Ex. D]), so Honeywell again is

wrong when it argues to the PTO that the examiner did not consider *Arnold* and *Jain*.[5]

    **2.**    **Honeywell had been long-aware of most of the cited references from the prosecution of its own patents**

    Honeywell had been long-aware of most of the references cited in the

reexamination requests. Most of the references were previously cited by Honeywell in the

prosecution of its own patent applications. (*See* Information Disclosure Statements (IDS)

filed in Honeywell applications nos. 10/076,846 [Ex. E][6], 10/300,357 [Ex. F], and

10/012,649 [Ex. G]). In submitting each IDS, Honeywell stated to the PTO that it aware

---

[3] Honeywell acknowledges that Arnold is presented in the '128 specification but claims it was not considered. (OpenBr Ex. B at 14).

[4] Honeywell cites *Green '938* in the '864 reexamination request, but does not discuss the reference. *Green '938* was considered by the examiner.

[5] Honeywell recognizes that *Lamola* was considered during the prosecution of the '864 patent. (OpenBr Ex. C at 20).

[6] Exhibit E is a collection of two IDSs for application SN 10/076,846, one filed on April 14, 2003, the other filed on February 3, 2005.

of the references cited. (*Id.*). And each IDS was filed in either 2003 or early 2005, long before Honeywell filed the instant requests for reexamination.

The following table shows the reexamination references Honeywell has previously told the PTO that it was aware of and the date of that statement.

| Reference | Patent Subject to Reexamination Request | Honeywell Patent App. SN Citing Same Reference | Date Honeywell IDS Filed with PTO |
|---|---|---|---|
| *Allman*, U.S. Patent No. 5,100,503 | '864 | 10/076,846 | Apr. 14, 2003 |
| *Arnold*, U.S. Patent No. 4,910,122 | '128 '864 | 10/300,357 10/076,846 | Feb. 3, 2005 Feb. 3, 2005 |
| *Brewer*, (article) | '128 '864 | 10/012,649 | Mar. 15, 2005 |
| *Green*, U.S. Patent No. 4,413,052; | '128 | 10/012,649 10/300,357 10/076,846 | Mar. 15, 2005 Feb. 3, 2005 Feb. 3, 2005 |
| *Jain*, U.S. Patent No. 4,863,827 | '128 '864 | 10/012,649 | Mar. 15, 2005 |
| *Koshimo*, U.S. Patent No. 3,884,702 | '128 '864 | 10/300,357 10/076,846 | Feb. 3, 2005 Feb. 3, 2005 |
| *Rohde*, U.S. Patent No. 4,935,320 | '128 '864 | 10/300,357 10/076,846 | Feb. 3, 2005 Feb. 3, 2005 |
| *Takeda*, U.S. Patent No. 4,349,609 | '864 | 10/300,357 10/076,846 | Feb. 3, 2005 Feb. 3, 2005 |
| *Yau*, U.S. Patent No. 4,587,138 | '864 | 10/076,846 | Apr. 14, 2003 |

In its motion to stay, Honeywell does not distinguish between the references that it already knew about and those that it might not have been aware of when it said the reexamination requests are based on "newly discovered" art.

## V.    ARGUMENT

This Court has the inherent power and full discretion to manage its docket and stay proceedings. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). The Court informed Honeywell at the Scheduling Conference that, if Honeywell seeks a stay,

the Court would "look at each case on a case-by-case basis to determine whether a stay is appropriate or not." (D.I. 30 at 7-8). Stays are not automatic or presumably appropriate simply because reexamination has been requested, and there is nothing improper about a court allowing the litigation to go forward concurrently with the reexamination of a patent in suit. *See Ethicon*, 849 F.2d at 1428.

Honeywell presents no facts to support its motion that are unique to this case and warrant a stay. Rather, Honeywell alleges that in *other* cases, stays have been granted because, in *other* cases, the PTO has granted a reexamination request. But this Court has already told Honeywell that whether a stay in *this* case should be granted must be considered on its own set of facts. And the facts of *this* case do not warrant a stay as it will unduly prejudice Rohm and Haas, it is unlikely to simplify any of the issues, and it will simply allow Honeywell to continue to infringe, avoid an injunction, and postpone discussing settlement with Rohm and Haas until the stay is lifted.

**A.      Honeywell's Motion to Stay is Premature and Would Deny the Parties the Benefit of Working with Magistrate Thynge in February to Explore Settlement**

At the onset, Honeywell's motion is premature. The PTO has not even considered, much less granted, either request. And, based on the errors in the requests regarding what art was originally considered, the PTO may never grant the requests. While Honeywell has cited other cases, largely from other jurisdictions, where stays have been granted, it does not provide any particular reason why, in *this* case, a stay is necessary based on the mere chance that the PTO may grant a reexamination request. The absence of proof alone is reason enough to deny the motion.

Additionally, the window for the PTO to act on the reexamination requests does not close until March 2007. Within this window, the parties are scheduled for an initial teleconference with Magistrate Judge Thynge (on February 22, 2007). Both parties have agreed that mediation before Magistrate Judge Thynge would be helpful. (D.I. 21 at ¶ 11; D.I. 23 at ¶ 7). Granting a stay now, when the PTO has not even granted reexamination, would deny the parties the benefit of working with Magistrate Judge Thynge to explore settlement. Honeywell previously agreed that Magistrate Judge Thynge's intervention would be helpful, yet now it wants to shut this case down before ever discussing this case with her.

**B.    The Applicable Factors Weigh Against Granting a Stay**

In determining whether to stay litigation pending a reexamination, courts generally consider the following three factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Xerox Corp. v. 3Com Corp.*, 69 F. Supp.2d 404, 407 (W.D.N.Y. 1999); *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) (stating a similar test).

**1.    Granting a stay would unduly prejudice Rohm and Haas**

**(a)    Staying the case now would prevent Rohm and Haas from enjoining Honeywell from infringement post-trial**

Presently, trial is set for March 2008. Both patents in suit expire on Nov. 15, 2011. The reexamination process typically takes about two years.[7] If the stay is granted,

---

[7] According to data available in 1999, reexaminations typically require about 19 months and the delay involved could "easily exceed two years." *Xerox*, 69 F. Supp.2d at 406 n.1.

likely nothing will get done in the interim and this case will not reactivate until around December 2009. Based on the current pretrial schedule, when the stay is lifted, the expected trial date would be in late 2011, which is contemporaneous with the expiration of the patents in suit. Considering the final resolution of any post-trial motions (this will be a jury trial), it is a near-certainty that this case will not be concluded prior to the expiration date of the patents in suit.

If the patents in suit expire before a final decision is reached by this Court, then Rohm and Haas cannot obtain an injunction against Honeywell. Thus, by seeking to stay the case now, Honeywell is seeking to strip Rohm and Haas of its most effective weapon against infringement -- an injunction. And, if Rohm and Haas loses the ability to enjoin Honeywell in the future, it will similarly be denied a key bargaining point in any out-of-court settlement discussions. *See Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1578 (Fed. Cir. 1983) (holding that absent injunctive relief, "the patent owner would lack much of the 'leverage' afforded by the right to exclude, to enjoy the full value of his invention in the market place."). Thus, the grant of a stay now gives Honeywell a clear tactical advantage and little incentive to discuss settlement while the reexamination is conducted by the PTO.

**(b)   Rohm and Haas did not seek a preliminary injunction because it has a supply agreement with Intel** ▮ REDACTED
▮ REDACTED ▮

Honeywell's main argument that Rohm and Haas will not be prejudiced is that Rohm and Haas did not seek a preliminary injunction against Honeywell. This argument is meritless. Pursuant to a supply agreement with Intel (for products unrelated to this case), ▮▮▮ REDACTED ▮▮▮

████████████    REDACTED ████    ██████████████. (Ex. H at 17, §

34).[8] Intel is believed to be the primary (if not only) customer for Honeywell's product.[9]

Honeywell, via its extensive contacts with Intel, is no doubt aware of this contractual

provision and likely has a similar agreement itself.

    The effect of Rohm and Haas' contractual agreement with Intel is that Rohm and

Haas ████████    REDACTED    ██████.

In view of this agreement, Rohm and Haas elected not to pursue a preliminary injunction

████████    REDACTED    ████████████

████████    ██████████. Thus, seeking a preliminary

injunction would effectively amount to a waste of time. Therefore, Honeywell's

argument is meritless.

    If a stay is not granted, trial will be in March 2008. A final decision is likely to be

rendered also in 2008. ████    REDACTED    ████ leaving Rohm and

Haas the ability to enjoin Honeywell from continued infringement (via sales to Intel) for

the remaining life of the patents in suit. If the stay is granted, it is a near-certainty that

Rohm and Haas would not be able to enjoin any of Honeywell's infringing sales to Intel.

    (c)    **Honeywell's attempt to paint Rohm and Haas' reasonable out-of-court efforts to settle this case as "delay" is disingenuous**

    After extensive efforts to resolve this matter out-of-court failed, Rohm and Haas

served the Complaint to move the case forward. Honeywell unfairly paints Rohm and

Haas' practical efforts to avoid litigation as "delay". (OpenBr at 7). To the contrary, since

---

[8] The terms of the supply agreement are confidential, so Rohm and Haas has filed this paper under seal.

[9] Rohm and Haas awaits Honeywell's responses to interrogatories requesting the identification of all Honeywell's customers of the accused products.

discovering Honeywell's infringement, Rohm and Haas has diligently worked on bringing this lawsuit as well as engaging Honeywell (and even Intel) in settlement discussions.

While Rohm and Haas voluntarily restrained from a full-speed assault, Honeywell was a willing and encouraging participant in having Rohm and Haas hold back under the guise of engaging in pretrial discussions. Unfortunately, it has now become clear that Honeywell was simply taking every opportunity to slow down, if not stop, this case from going forward. Honeywell should not be permitted to bait Rohm and Haas into holding back in the litigation in court only to use Rohm and Haas' generosity against it.

**2.      Honeywell's Reexamination Requests likely will not simplify anything but only will delay the inevitable**

Honeywell's reexamination requests likely will do little, if anything, to simplify the issues in this case. Honeywell has cited many references that have already been considered once by the PTO. Thus, the reexamination, even if declared, will be nothing more than a "do over" by the PTO. It is unlikely that the examination of the patents in suit based largely on the same art already considered will change anything.

**(a)      Honeywell's statistics are misleading**

In arguing that this case should be stayed, Honeywell hides behind a variety of statistics pretending to show that it is a near-certainty that all claims of both patents in suit will be cancelled or materially changed. This is nonsense.

While it may be that nearly 9 of 10 reexamination requests are granted, Honeywell fails to recognize that only 1 of 10 requests actually result in the cancellation of all claims. (OpenBr Ex D at 1). And reexaminations overwhelmingly affirm the PTO's original decision to grant the patent at issue. In fact, nearly 1 in 4 patents emerge without

16

any change whatsoever to the claims at all. (*Id.*). One court denied a stay based on the low likelihood that the patent will be cancelled. *Lectrolarm Custom Services, Inc. v. Vicon Industries, Inc.*, No. 03-2330 MA/A., 2005 WL 2175436 at *3 (W.D. Tenn. Sept. 1, 2005). The *Lectrolarm* Court found that that: "Unless all claims were invalidated, a result that has a one-in-ten probability, this court would still need to deal with issues concerning other types of prior art, liability, and damages." *Id.* The present case is even worse for Honeywell because there are two patents and two reexaminations in play. Honeywell can take no shelter behind its statistics.

> **(b)    Honeywell presented no specific reason why any claim of the patents in suit would be materially changed based on its reexamination requests**

Honeywell has not explained in its opening brief (and it is now too late) exactly what would be simplified in this particular case. Honeywell presents no evidence (or even argument) that any particular claim or claim term would be likely be affected by the reexamination process. Instead, Honeywell only argues that the PTO statistics suggest that the claims may be amended in some way. However, in most cases, one would similarly expect the requesting party would not be presenting the PTO with the same references already considered during the original prosecution. One certainly would not expect the request to argue that the previously considered art was not in fact considered.

Additionally, regarding its argument that granting a stay would avoid the risk of inconsistent adjudications (OpenBr at 9), Honeywell's neglects to mention that the Federal Circuit has held the concern of inconsistent adjudications "is more apparent than real." *Ethicon*, 849 F.2d at 1428.

17

Furthermore, Honeywell's argument that in *other cases* the claims have been modified is not considering *this case* on "a case by case" basis. In *this case*, Honeywell's flawed reexamination requests do nothing to simplify the issues. Instead, they only give Honeywell a reason to seek further delay of this case.

### 3. This case is underway, discovery is ongoing, an initial teleconference to explore mediation has been set, and a trial date has been set

Honeywell's final argument, that the procedural posture of this case warrants a stay, is similarly meritless. While the in-court phase of this case may be in the early stages (yet it is rapidly accelerating), this dispute has been ongoing for nearly two-and-a-half years. And from the beginning of this dispute, Honeywell has insisted that the claims of the patents in suit were invalid. If this was indeed Honeywell's belief, Honeywell should have acted sooner, particularly since it was already aware of the art cited in the reexamination requests before now.

#### (a) Honeywell delayed filing its reexamination requests long after knowing about the allegedly invalidating prior art

In other cases, courts have declined to grant a stay pending reexamination when there is evidence that the moving party has known about the allegedly invalidating prior art well-before filing a request for reexamination. *See Lectrolarm*, 2005 WL 2175436 at *4 (citing cases). In fact, one court found that the "most compelling reason for denying the stay" was the "unjustified delay" in requesting reexamination more than three months after learning of the allegedly invalidating prior art. *Remington Arms Co., Inc. v. Modern Muzzleloading, Inc.*, 1998 WL 1037920 at *3 (M.D.N.C. Dec.17, 1998).

In this case, the facts show that Honeywell was on notice of much of the "newly discovered" references either because these references were already considered by the

examiner in the original prosecution of the patents or the references were cited in the prosecution of Honeywell's own patent applications. While it may be that this case is just getting started, Honeywell should not be permitted to stop it now when it could have filed its reexamination requests a long time ago.

> **(b)    This case has started and will likely be concluded before the PTO completes its reexamination**

Honeywell also misstates the procedural posture of this case. While no documents have been produced, Rohm and Haas has responded to Honeywell's first round discovery. Honeywell was expected to respond to Rohm and Haas' first round of discovery before the filing of this paper, but Honeywell has asked for a short extension of time to accommodate Honeywell's unavailability over the Holidays. Fact discovery concludes in only six months. Trial is set for March 2008. Given the expected two-year period for the PTO to conduct a reexamination, this case can be concluded before the PTO concludes the reexamination. The outcome of the reexamination, therefore, would not impact the outcome of this litigation.

> **(c)    When the patents survive the reexamination, this case will be back before this Court unless the parties settle the dispute**

For all the reasons stated above, it is likely that at least one of Rohm and Haas' patents will survive the reexamination process. Then, the parties will be back before this Court to conclude the litigation, unless, of course, the parties settle. Both Rohm and Haas and Honeywell have informed this Court that they intend to continue their settlement discussions. (D.I. 21, ¶ 11). However, based on Honeywell's past conduct, Rohm and Haas believes that unless there is some pressure on Honeywell that this case will go

forward, and Honeywell will insist on delaying any settlement discussions until the reexamination proceedings are concluded.

> **4.    Continued discovery while the reexaminations are pending is important to Rohm and Haas**

Rohm and Haas should not be cut-off from discovery while the reexamination proceedings are ongoing, if they even begin. Through discovery Rohm and Haas expects to determine exactly when Honeywell first learned about the art cited in the reexamination requests, what its scientists understood about those teachings, how Honeywell came to the products at issue, Honeywell's sales of infringing products, and many other facts directly relevant to Honeywell's prior art position before the PTO. Rohm and Haas should not be denied that opportunity by a stay of the litigation under the circumstances presented by this case.

## VI.    CONCLUSION

Accordingly, for all the above reasons, Honeywell's motion to stay should be denied.

Respectfully submitted

/s/ Rudolf E. Hutz
Rudolf E. Hutz (#484)
Daniel C. Mulveny (#3984)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiff*
*Rohm and Haas Electronic Materials LLC*

Dated:  December 22, 2006

504545_3.DOC

<u>**CERTIFICATE OF SERVICE**</u>

I, Rudolf E. Hutz, hereby certify that on December 22, 2006, copies of the attached **PLAINTIFF ROHM AND HAAS ELECTRONIC MATERIALS LLC'S OPPOSITION TO DEFENDANT HONEYWELL INTERNATIONAL INC.'S MOTION TO STAY LITIGATION PENDING REEXAMINATION** were served on the following individuals in the manner indicated:

**BY HAND DELIVERY**
Robert S. Saunders
Jeremy D. Anderson
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

**BY FIRST-CLASS MAIL**
Constance S. Huttner
Emily J. Zelenock
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522

/s/ Rudolf E. Hutz
Rudolf E. Hutz (#484)
Daniel C. Mulveny (#3984)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiff*
*Rohm and Haas Electronic Materials*
*LLC*

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 1037920 (M.D.N.C.)
(Cite as: Not Reported in F.Supp.2d)

▷ ·

Briefs and Other Related Documents

Remington Arms Co., Inc. v. Modern Muzzleloading, Inc.M.D.N.C.,1998.Only the Westlaw citation is currently available.

United States District Court, M.D. North Carolina.
REMINGTON ARMS COMPANY, INC., Plaintiff,
v.
MODERN MUZZLELOADING, INC., Defendant.
**No. 2:97CV00660.**

Dec. 17, 1998.

Christopher G. Daniel, Womble Carlyle Sandridge & Rice POD 84, Michael E. Ray, Womble Carlyle Sandridge & Rice POD 84, Winston-Salem, for Remington Arms Company, Inc., plaintiffs.
Daniel Alan M. Ruley, Bell, Davis & Pitt, P.A., James R. Fox, Bell, Davis & Pitt, P.A., William Kearns Davis, Bell, Davis & Pitt, P.A., Winston-Salem, Thad G. Long, Bradley, Arant, Rose & White, L.L .P., Birmingham, AL, Donald H. Zarley, Zarley McKee Thomte Voorhees & Sease, P.L.C., Des Moines, IA, Timothy J. Zarley, Daniel J. Cosgrove, Zarley McKee Thomte Voorhees & Sease, P.L.C., Des Moines, IA, Dennis L. Thomte, Zarley McKee Thomte Voorhees & Sease, P.L.C., Omaha, NE, for Modern Muzzleloading, Inc., defendants.

ORDER

OSTEEN, District J.

*1 For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED AND ADJUDGED that Defendant's Motion To Stay District Court Proceedings Pending Reexamination [89] is denied.

MEMORANDUM OPINION

This matter comes before the court on Defendant's Motion to Stay District Court Proceedings Pending Reexamination.

For the reasons discussed herein, the court will deny Defendant's Motion to Stay District Court Proceedings Pending Reexamination.

I. FACTUAL AND PROCEDURAL BACK-
GROUND

On June 18, 1997, Plaintiff Remington Arms Company, Inc. (Remington), filed this lawsuit against Modern Muzzleloading, Inc. (Modern), alleging willful infringement of Plaintiff's U.S. Patent No. 5,606,817 entitled Muzzle-loading Firearm ('817 patent). (Pl.'s Resp. Mot. Stay at 1.) Modern timely filed an answer and counterclaim denying infringement and alleging invalidity of the patent. (Def.'s Answer and Countercl.)

In the fall of 1997, Defendant submitted its first request for reexamination to the Patent and Trademark Office (PTO) on the grounds that the claims of the '817 patent were obvious. The PTO denied Defendant's request for reexamination. (Pl.'s Resp. Mot. Stay at 1-2.) During the next few months, the parties engaged in extensive discovery which closed on July 30, 1998. Id. A trial date has been set for February 16, 1999. A Markman Hearing was scheduled for November 5, 1998, and was postponed pending the outcome of Defendant's Motion to Stay. Id. Several dispositive motions are also pending before this court. Id.

Although there is evidence in the record indicating that Defendant was aware of the prior art as early as May 5, 1998,[FN1] Defendant chose not to request a second reexamination of Plaintiff's patent until August 13, 1998, after dispositive motions by both parties were briefed and filed, a trial date was set, and two weeks after discovery had closed. On October 15, 1998, the PTO granted Defendant's second request for reexamination of the '817 patent. Id. at 3. Modern has now moved this court to stay this litigation pending the outcome of the reexamination proceeding and Plaintiff has filed a response to Modern's motion to stay.

> FN1. There is also evidence which suggests that Defendant was aware of the prior art which forms the basis for its second request for reexamination as early as March 1998 when the Defendant received notice of a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 1037920 (M.D.N.C.)
(Cite as: Not Reported in F.Supp.2d)

second lawsuit filed by Remington, for patent infringement, which disclosed some of the same prior art at issue in the present action. (Pl.'s Resp. Mot. Stay, Ex. 4 and Ex. 4A.)

## II. DISCUSSION

### A. Motion to Stay District Court Proceedings Pending Reexamination.

It is well settled that the decision to stay district court proceedings pending the outcome of a PTO reexamination proceeding "resides in the [sound] discretion of the district court." *Emhart Indus. Inc. v. Sankyo Seiki Mfg. Co.*, 3 U.S.P.Q.2d 1889, 1890 (N.D.Ill.1987). In determining whether to grant or deny a stay, "courts consider whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party, whether a stay will simplify the issues in question and trial of the case, whether discovery is completed and whether a trial date has been set." *See Target Therapeutics Inc. v. SciMed Life Sys. Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D.Cal.1995). While this court is cognizant of the advantages of granting the stay, this court finds that the many burdens associated with a stay outweigh the benefits.

### 1. Motion to Stay Would Not Be Judicially Efficient.

**\*2** The court agrees with Plaintiff that under the circumstances, granting the motion to stay would not be judicially efficient. Discovery has closed, a trial date has been set, and both parties have submitted dispositive motions which are presently pending before the court. (Pl.'s Resp. Mot. Stay at 2.) Finally, the Markman Hearing, originally scheduled for November 5, 1998, has already been postponed pending the outcome of Defendant's Motion to Stay. *Id.* Because a reading of the record suggests to the court that considerable monies have already been expended, staying the proceedings would only result in a waste of time and judicial resources, especially at this late stage of the litigation. *See Ascii Corp. v. STD Entertainment USA, Inc.*, 844 F.Supp. 1378, 1380 (N.D.Cal.1994) (Evidence that "substantial expense and time had been invested in the litigation [ ] would

militate against granting the motion.").

In addition, other federal courts have declined to stay district court proceedings where discovery has been completed and a trial date has been set. *See Wayne Automation Corp. v. R.A. Pearson Co.*, 782 F.Supp. 516, 519 (E.D.Wash.1991) (denying plaintiff's motion to stay litigation where the parties had conducted extensive discovery and the case was set for trial); *Enprotech Corp. v. Autotech Corp.*, 15 U.S.P.Q.2d 1319, 1320 (N.D.Ill.1990) (finding that "[w]e are too far along the road to justify halting the journey while the defendant explores an alternate route"); *Accent Designs Inc. v. Jan Jewelry Designs Inc.*, 32 U.S.P.Q.2d 1036, 1039-40 (S.D.N.Y.1994); *Digital Magnetic Sys., Inc. v. Ansley*, 213 U.S.P.Q. 290 (W.D.Okla.1982) ("Parties should not be permitted to abuse the process by applying for reexamination after protracted, expensive discovery or trial preparation.").[FN2]

> FN2. The court also finds that a stay would be inappropriate because the average duration of a PTO reexamination proceeding is 19 months. (Pl.'s Resp. Mot. Stay, Ex. 2, PTO Data, at 3.)

Although Defendant contends, and the court does not disagree, that stays are to be liberally granted, the cases which have granted stays pending reexamination are easily distinguishable from the present action. Generally, courts grant stays where the case is in the early stages of litigation. *See Target Therapeutics*, 33 U.S.P.Q. at 2023 (Stay of proceedings is warranted where the action is in its early stages and the parties have not yet engaged in extensive discovery.); *accord Ascii*, 844 F.Supp. at 1381. Because this court finds the cases granting stays to be inapposite to the present matter, Defendant's reliance on these authorities is misplaced.

### 2. Stay of the Proceedings Would Be Unfairly Prejudicial to Plaintiff.

In ruling on a motion to stay proceedings, a court should consider whether a stay would unduly prejudice the non-moving party. *See United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F.Supp. 212, 217

Not Reported in F.Supp.2d, 1998 WL 1037920 (M.D.N.C.)
**(Cite as: Not Reported in F.Supp.2d)**

(D.Del.1991); *Wayne,* 782 F.Supp. at 519. In the present case, it is clear that Plaintiff will be prejudiced by staying the proceeding. Discovery has closed and a trial date has been set. In addition, the court is persuaded by Plaintiff's argument that since "a stay for reexamination could last for years ... [a]fter such a passage of time, Remington's prayer for relief to enjoin Modern from further infringement may no longer have value as technology or market conditions change." (Pl.'s Resp. Mot. Stay at 7.)

**\*3** The most compelling reason for denying the stay, however, is Defendant's unjustified delay in requesting a second reexamination with the PTO. Although Defendant maintains that the newly found prior art, which forms the basis for its second reexamination petition, was just recently discovered, this court finds evidence to the contrary. The record indicates that Defendant was aware of the prior art as early as May 5, 1998, if not sooner, when Defendant deposed the inventor of the patent. (Pl.'s Resp. Mot. Stay at 2; Resp. Def.'s Mot. Leave Am. Answer & Countercl. at 4.)[FN3]

> FN3. It is arguable that Defendant had knowledge of this prior art as early as March 1998, when Plaintiff filed a second but related patent infringement lawsuit against Modern. In the second action, Plaintiff attached a copy of the '073 patent to the complaint, which included some of the prior art (i.e., Rodney patent) that Defendant now alleges Plaintiff should have disclosed to the PTO in its '817 patent application. Thus, Defendant was put on notice that the Rodney patent was relevant prior art in March 1998. (Pl.'s Resp. Mot. Stay at 2, Ex. 4 and Ex. 4A.)

> Finally, Defendant has failed to convince the court that it was not fully aware of the existence of this material prior to deposing patent attorney Donald Huntley on July 6, 1997. On July 1, 1998, in the second but related patent action, Defendant filed a motion to amend the answer and counterclaim to add the affirmative defense of inequitable conduct based upon Plaintiff's failure to disclose material prior art, despite the fact that it had

not yet deposed Mr. Huntley. (Resp. Def.'s Mot. Leave Am. Answer & Countercl. at 4.) This strongly suggests that Mr. Huntley's testimony was not critical to Defendant's discovering the existence of this undisclosed prior art.

Generally, courts are reluctant to stay proceedings where a party is using the reexamination process merely as a dilatory tactic. *See Freeman v. Minnesota Mining and Mfg. Co.,* 661 F.Supp. 886, 887 (D.Del.1987) (denying a stay where defendant knew of the prior art for eight months yet delayed in filing its request for reexamination). Therefore, Defendant's unjustified delay in filing its reexamination petition weighs in favor of denying the stay.

The PTO may ultimately conclude that in light of the undisclosed prior art, Plaintiff's patent is invalid. Even if this court, however, were to uphold the validity of the patent, it is well settled that "the two forums can quite correctly come to different conclusions regarding validity." *Whistler Corp. v. Dynascan Corp.,* 29 U.S.P.Q.2d 1866, 1872 (N.D.Ill.1993); *Output Tech. Corp. v. Dataproducts Corp.,* 22 U.S.P.Q.2d 1073-1074 (W.D.Wash.1991) ("[T]he Court and PTO have different functions and they are 'concepts not in conflict.' ").

While the court would surely benefit from the expert opinion of the PTO,[FN4] and while awaiting the outcome of the reexamination process could possibly eliminate the need for trial if the claims are canceled, prejudice to Plaintiff counsels strongly against granting the stay. Therefore, in its discretion, this court will deny Defendant's Motion To Stay pending reexamination.

> FN4. *See Bausch & Lomb Inc. v. Alcon Lab., Inc.,* 914 F.Supp. 951, 953 (W.D.N.Y.1996); *Wayne Automation Corp. v. R.A. Pearson Co.,* 782 F.Supp. 516, 518 (E.D.Wash.1991); *United Sweetener USA, Inc. v. Nutrasweet Co.,* 766 F.Supp. 212, 217 (D.Del.1991) (finding that the PTO's expertise in construing the validity of a patent is a factor which weighs heavily in favor of granting a stay pending reexamination).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 1037920 (M.D.N.C.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

### III. CONCLUSION

For the reasons stated above, the court will deny Defendant's Motion To Stay District Court Proceedings Pending Reexamination.

An order in accordance with this memorandum opinion shall be filed contemporaneously herewith.

M.D.N.C.,1998.
Remington Arms Co., Inc. v. Modern Muzzleloading, Inc
Not Reported in F.Supp.2d, 1998 WL 1037920 (M.D.N.C.)

Briefs and Other Related Documents (Back to top)

• 2:97cv00660 (Docket) (Jun. 18, 1997)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                          Page 1
Not Reported in F.Supp.2d, 2005 WL 2175436 (W.D.Tenn.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**

Briefs and Other Related Documents

Lectrolarm Custom Services, Inc. v. Vicon Indus-
tries, Inc.W.D.Tenn.,2005.Only the Westlaw citation
is currently available.
United States District Court,W.D. Tennessee, West-
ern Division.
LECTROLARM CUSTOM SERVICES, INC.,
Plaintiff,
v.
VICON INDUSTRIES, INC., et al., Defendants.
**No. 03-2330 MA/A.**

Sept. 1, 2005.

Gianni Minutoli, Deanna Allen, Dipu A. Doshi, Gary
M. Hoffman, John C. Snodgrass, Dickstein Shapiro
Morin & Oshinsky, Kenneth Brothers, Laurence E.
Fisher, Rachael Lea Leventhal, Washington, DC,
Kemper B. Durand, Thomason Hendrix Harvey John-
son & Mitchell, Memphis, TN, for Plaintiff.
James Edward Hanft, Lee A. Goldberg, Michael J.
Sweedler, Darby & Darby, Mark I. Koffsky, David
W. Whealan, Goodwin Procter LLP, New York, NY,
John J. Mulrooney, Crone & Mason, PLC, Earle J.
Schwarz, Glankler Brown, PLLC, Douglas F.
Halijan, Burch Porter & Johnson, Robert E. Crad-
dock, Jr., Wyatt Tarrant & Combs, Memphis, TN,
Douglas C. Doskocil, J. Anthony Downs, John C.
Englander, Paul F. Ware, Jr., Goodwin Procter LLP,
Boston, MA, Rebecca W. Bacon, Sean W. Gallagher,
Steven J. Nachtwey, Alan E. Littmann, Bartlit Beck
Herman Palenchar & Scott, Chicago, IL, Albert L.
Underhill, Erik G. Swenson, Rachel C. Hughey, Mer-
chant & Gould PC, Minneapolis, MN, for Defend-
ants.

ORDER DENYING DEFENDANT VICON INDUS-
TRIES, INC.'S MOTION TO STAY
MAYS, J.
*1 Before the court is defendant Vicon Industries,
Inc.'s ("Vicon") "Motion to Stay Action Pending Pat-
ent Reexamination," filed on behalf of all defendants
(the "Defendants") on March 4, 2005. Plaintiff Lec-
trolarm Custom Systems, Inc. ("Lectrolarm") filed a
response on March 22, 2005. Vicon filed a reply brief

on April 18, 2005, in which it also requested an oral
hearing on the motion. For the following reasons,
Vicon's motion to Stay is DENIED and its request for
an oral hearing is DENIED.

I. Factual Background

On November 27, 1990, the United States Patent and
Trademark Office ("PTO") issued U.S. Patent No.
4,974,088 (the " '088 Patent"), entitled Remote Con-
trol Apparatus for a Rotating Television Camera
Base, to inventor Takeshi Sasaki. The technology at
issue is an apparatus that uses computer memory and
digital communication to permit remote control
"rotation of a monitoring television camera in the ho-
rizontal and vertical directions." U.S. Patent No.
4,974,088, Column 1:6-8. The patent was originally
assigned to Maruwa Electronic & Chemical Com-
pany. ("Maruwa"). Maruwa assigned the patent to
Lectrolarm. Lectrolarm alleges that the defendants
have infringed the '088 patent.[FN1]

     FN1. Originally there were fourteen defend-
     ants; four remain.

On January 28, 2005, Vicon filed in the United States
Patent and Trademark Office (the "PTO") a request
for reexamination of the '088 Patent. (Def.'s Mem. at
1.) The request for reexamination is based on prior
art consisting of printed publications for two
products: the VPS1200 system made by Vicon and
the SensorVision product made by Sensormatic Elec-
tronics Corporation ("Sensormatic"). (Id. at 4.) This
prior art was not considered by the PTO when it
granted the '088 Patent, although both products, and
presumably the publications describing them, have
been available for over 15 years. (Pl.'s Resp. at 3.)
The prior art products described in these publications
are also the subject of two summary judgment mo-
tions for invalidity that were filed in this case on
September 24, 2004, and November 19, 2004. Both
Vicon and Sensormatic contended in letters to Lec-
trolarm in 2000 that these publications are invalidat-
ing prior art. (Id. at 4 (citing letters between the
parties' attorneys).)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2175436 (W.D.Tenn.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

The PTO granted Vicon's request for reexamination of the '088 Patent. (Def.'s Reply Brief.) The PTO found "a substantial likelihood that a reasonable examiner would consider the teachings of the newly cited prior art important in deciding whether or not the claims are patentable." (Laurenzi Dec., Ex. A at 2.)

The complaint in this case was filed on May 8, 2003. A trial date of September 19, 2005, was set on November 30, 2004. Discovery concerning expert witnesses closed on May 6, 2005, and fact discovery closed on January 17, 2005. Lectrolarm estimates that over $10 million has been spent by the defendants litigating this suit so far. (Pl.'s Resp. at 5.)

## II. Patent Reexamination Background

"Any person at any time may file a request for reexamination by the [Patent] Office of any claim of a patent...." 35 U.S.C. § 302. A reexamination request may only be based on "prior art consisting of patents or printed publications." 35 U.S.C. § 301. "Within three months following the filing of a request for reexamination ... the Director will determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." 35 U.S.C. § 303(a). "If ... a substantial new question of patentability affecting any claim of a patent is raised, the determination will include an order for reexamination of the patent.... The patent owner will be given ... not less than two months ... within which he may file a statement on such question.... [The person who requested reexamination then has two months to] file and have considered in the reexamination a reply to any statement filed by the patent owner." 35 U.S.C. § 304.

**\*2** If, however, litigation has been stayed for the filing of a reexamination request, the examination following the statement by the patent owner and the reply by the requester "will be expedited to the extent possible." [FN2] M.P.E.P. § 2286. Office actions in these reexamination proceedings will normally set a shorter one-month statutory period for response rather than the two months usually set in reexamination proceedings, *Id.*

> [FN2.] The M.P.E.P. regulations actually state that the reexamination proceedings will be expedited if the request for reexamination indicates that litigation has been stayed. The court assumes that if the PTO is informed that litigation has been stayed after the request for reexamination was filed the examiner will adopt the expedited time table.

"After the times for filing the statement and reply ... have expired, reexamination will be conducted according to the procedures established for initial examination...." 35 U.S.C.A. § 305. The patent owner may appeal ... and may seek court review ... [of] any decision adverse to the patentability of any original or proposed amended or new claim of the patent [as provided by the patent statute for appeal and court review of initial patent examination proceedings]." 35 U.S.C. § 306. "All reexamination proceedings ... including any appeal to the Board of Patent Appeals and Interferences, will be conducted with special dispatch within the Office." 35 U.S.C. § 305. "[W]hen the time for appeal has expired or any appeal proceeding has terminated, the Director will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable." 35 U.S.C. § 307(a).

"Congress intended the reexamination process to provide an efficient and relatively inexpensive procedure for reviewing the validity of patents which would employ the PTO's expertise." *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426 (Fed.Cir.1988). Reexamination permits "efficient resolution of questions about the validity of issued patents without recourse to expensive and lengthy infringement litigation" and allows the validity of a patent to be "tested in the Patent office where the most expert opinions exist." H.Rep. 1307(I), 96th Cong., 2d Sess. 4, reprinted in 1980 U.S.Code Cong. & Admin. News 6460, 6463.

## III. Analysis

The decision to stay a case pending the conclusion of a patent reexamination is at the discretion of the trial

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2175436 (W.D.Tenn.)
**(Cite as: Not Reported in F.Supp.2d)**

court. _Ethicon, Inc. v. Quigg_, 849 F.2d 1422, 1426-27 (Fed.Cir.1988) (citing _Landis v. North American Co._, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). Courts have found that issuing a stay pending the outcome of a reexamination has many advantages, including:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.

2. Many discovery problems relating to prior art can be alleviated by the PTO examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the reexamination may encourage a settlement without the further use of the Court.

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

*3 6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.

7. The cost will likely be reduced both for the parties and the Court.

See, e.g., _Ralph Gonnocci Revocable Living Trust v. Three M Tool & Machine Inc._, 68 U.S.P.Q.2d 1755, 1757 (E.D.Mich.2003). Thus, reexamination by the Patent Office, "if available and practical, should be deferred to by the courts, especially where the infringement litigation is in the early stages." _Gonnocci_, 68 U .S.P.Q.2d at 1757; see also _Softview Computer Prods., Corp. v. Haworth, Inc._, 56 U.S.P.Q.2d 1633, 1635 (S.D.N.Y.2000). But, "[p]arties should not be permitted to abuse the process by applying for reexamination after protracted, expensive discovery or trial preparation." _Softview_, 56 U.S.P.Q.2d at 1635.

"In determining whether to stay litigation pending reexamination by the PTO, courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; [FN2] (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." _Xerox Corp. v. 3Com Corp._, 69 F.Supp.2d 404, 406-07 (W.D.N.Y.1999); see also _Target Therapeutics, Inc. v. SciMed Life Systems,_

_Inc._, 1995 WL 20470 (N.D.Cal.1995); _GPAC, Inc. v. DWW Enterprises, Inc._, 144 F.R.D. 60, 66 (D.N.J.1992); _United Sweetener USA, Inc. v. Nutrasweet Co._, 766 F.Supp. 212, 217 (D.Del.1991).

FN3. The court does not address this factor in the body of the opinion because it is inconclusive. The Defendants argue convincingly that Lectrolarm seeks only money damages so Lectrolarm would not be prejudiced if trial were delayed. Lectrolarm argues, also convincingly, that because discovery is essentially complete, and the average time for a reexamination is roughly one and a half years, staying the case would require expensive discovery to account for factual developments that occurred during the reexamination. To the extent that this factor weighs in either party's favor it is in Lectrolarm's. Because the court finds that the Defendants delayed requesting reexamination and could have prevented any prejudice to Lectrolarm by requesting reexamination in a more timely fashion, any prejudice to Lectrolarm should be avoided.

The Defendants argue that a stay should be granted based on the second factor: whether a stay will simplify the issues in question and trial of the case. Granting the Defendants' motion could simplify the issues before the court because the PTO could invalidate all the claims. The parties have presented data showing that slightly more than 10% of completed reexaminations requested by a third party result in cancellation of all claims at issue. (Def.'s Mem., Ex. H (Ex Parte Reexamination Filing Data-March 31, 2004).) The data also shows that 30% of completed reexaminations requested by third parties result in confirmation of all claims. (Id.) In slightly fewer than 60% of these types of reexaminations the claims are modified in some way, but not all claims are cancelled. Based on this data, there is roughly a 70% chance that granting a stay will prevent the court from having to consider the effect modifications made by the PTO may have on the court's orders. [FN4]

FN4. Even if no changes to the claim language result, the issues before the court

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                        Page 4
Not Reported in F.Supp.2d, 2005 WL 2175436 (W.D.Tenn.)
(Cite as: Not Reported in F.Supp.2d)

would be simplified because the PTO's assessment of the prior art in the reexamination request would prevent the court from having to decide parts of the two summary judgment motions based on that prior art. The court, however, would still need to consider the sale or offer-for-sale portions of those motions.

The facts of this case, however, suggest that it is unlikely that the PTO will rule in the Defendants' favor because the request for reexamination appears to be motivated more by a desire for tactical delay than a belief that the prior art cited in the reexamination request is invalidating. If the Defendants had truly believed that this prior art invalidates some or all of the '088 Patent's claims, it seems likely that the Defendants would have requested reexamination one and a half years ago, before spending millions of dollars on litigation. Further, reexamination only deals with invalidity from printed prior art. Unless all claims were invalidated, a result that has a one-in-ten probability, this court would still need to deal with issues concerning other types of prior art, liability, and damages.

*4 Analysis of the third factor, whether discovery is complete and whether a trial date has been set, points towards denying Vicon's motion to stay. At the time the request for reexamination was filed, on January 28, 2005, a trial date of September 19, 2005, had been set on November 30, 2004, and fact discovery had closed on January 17, 2005.<sup>FN5</sup> Thus, Vicon's request for reexamination was filed at the close of fact discovery, over a year and a half after the complaint in this case had been filed and two months after a trial date had been set.

> FN5. The September 19, 2005, trial date will need to be reset. This fact, however, has no bearing on the court's analysis of the third factor considered in deciding whether to stay litigation pending reexamination because the court's main concern is whether the reexamination process is being abused. *See Softview,* 56 U.S.P.Q.2d at 1635. Thus, the relevant trial date is the date set when the reexamination request was filed, not the date

the trial actually occurs.

When a petition for reexamination is filed after a trial date has been set, extensive discovery has been conducted, and the reexamination does not involve newly discovered prior art, courts uniformly refuse to stay the case pending reexamination. *See, e.g., Xerox,* 69 F.Supp.2d 404 (refusing to grant a stay where a request for reexamination was filed one and a half years into a lawsuit, six months before discovery was to close, and there was evidence that the defendant had known of the allegedly invalidating prior art eight months before filing the request); *Galdish v. Tyco Toys, Inc.,* 1993 WL 625509 (E.D.Cal. Sept.15, 1993) (refusing to grant a stay where there was evidence that the party requesting reexamination had known about the prior art in question for six months before filing the reexamination request); *Remington Arms Co., Inc. v. Modern Muzzleloading, Inc.,* 1998 WL 1037920 (M.D.N.C. Dec.17, 1998) (finding that the "most compelling reason for denying the stay" was the "unjustified delay" in requesting reexamination more than three months after learning of the allegedly invalidating prior art). *Output Technology Corp. v. Dataproducts Corp.,* 22 U.S.P.Q.2d 1072 (W.D.Wash.1991)(denying a motion to stay pending reexamination when discovery was scheduled for completion in four months and trial was scheduled in less than nine months); *Accent Designs, Inc. v. Jan Jewelry Designs, Inc.,* 1994 WL 121673, at *3 (S.D.N.Y. Apr.6, 1994) ("in a case such as this, in which multiple opinions have been issued, discovery is well under way and no prejudice to either party is likely to ensue, there is simply no justification for further delay in the action").

The Defendants cite a number of cases for the proposition that stays for reexamination are routinely granted by trial courts after extensive litigation has already occurred. All cases that the defendants cite in support of this proposition, however, are readily distinguishable. In *Gonnocci,* 68 U.S.P.Q.2d 1755, the court granted a stay after extensive discovery had been conducted and a trial date had been set. The court, however, explicitly stated that it could not find that the party seeking reexamination had delayed because nothing in the record indicated when that party had become aware of the allegedly invalidating prior

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 5
Not Reported in F.Supp.2d, 2005 WL 2175436 (W.D.Tenn.)
(Cite as: Not Reported in F.Supp.2d)

art. *Id.* at 1758. In this case it is undisputed that the Defendants were aware of the prior art cited in their request for reexamination and its relevance to Lectrolarm's claim of infringement at least five years before they filed their request. Similarly, the court's decision to grant a stay one month before trial in *Robert H. Harris Co., Inc. v. Metal Mfg. Co., Inc.,* 19 U.S.P.Q.2d 1786 (E.D.Ark.1991), can be distinguished because the court found that the parties had not participated in protracted or expensive discovery and the prior art cited in the reexamination request was "recently discovered." *Id .* at 1788-89. Likewise, in *Grayling Industries, Inc. v. GPAC, Inc .,* 19 U.S.P.Q.2d 1872 (N.D.Ga.1991), "the prior art on which the petition [for reexamination was] based was uncovered during discovery." *Id.* at 1874. Finally, *Middleton, Inc. v. Minnesota Mining and Mfg. Co.,* 2004 WL 1968669 (S.D.Iowa Aug.24, 2004), is distinguishable because the court's grant of a stay after 8 years of litigation was motivated by the fact that the validity of the patent that was the subject of the reexamination had only recently become an issue in the case.[FN6]

> FN6. The defendants also cite *Snyder Seed Corp. v. Scrypton Systems, Inc.,* 52 U.S.P.Q.2d 1221 (W.D.N.Y.1999). In that case, however, the court granted a stay because "[n]o discovery has been conducted. In fact, no scheduling order has been entered." *Id.* at 1224.

*5 Finally, and most significantly, granting Vicon's motion to stay would impermissibly permit Vicon to abuse the reexamination process. The Defendants were aware of the allegedly invalidating prior art that is central to their request for reexamination long before they actually submitted the request to the PTO. The prior art cited in the reexamination request forms the basis of two summary judgment motions filed with this court on September 24, 2004, and November 19, 2004. In fact, defendants Sensormatic and Vicon alleged in 2000 that this prior art anticipated the '088 Patent. (Pl.'s Resp., Ex. 4, 5 (Letters dated in 2000 from Vicon and Sensormatic respectively alleging that the VPS 1200 Instruction Manual and a brochure for the SensorVision System are prior art that invalidate the '088 Patent).) There is no reason

that Vicon could not have requested a reexamination months or years earlier. Consequently, staying the case at this point in the litigation would permit Vicon to "abuse the process by applying for reexamination after protracted, expensive discovery or trial preparation." *Softview,* 56 U.S.P .2d at 1635.

Not staying the case pending reexamination raises one additional issue: the possibility that this court and the PTO will render contradictory decisions. The Federal Circuit has held that inconsistency between the two forums is not a serious concern:

The awkwardness presumed to result if the PTO and court reached different conclusions is more apparent than real. The two forums take different approaches in determining invalidity and on the same evidence could quite correctly come to different conclusions.... Once again, it is important that the district court and the PTO can consider different evidence. Accordingly, different result between the two forums may be entirely reasonable.

*Ethicon,* 849 F.2d at 1428.

The easier course for the court would be to stay the action. That, however, would reward the Defendants' unexplained, and seemingly unexplainable, delay in filing the reexamination request. As the court in *Enprotech Corp. v. Autotech Corp.,* 15 U.S.P.Q.2d 1319 (N.D.Ill.1990) stated, "[w]e are too far along the road to justify halting the journey while the defendant explores an alternate route. The motion to stay is denied." *Id.* at 1320.

The Defendants have also requested an oral argument on the motion to stay. The law is clear: a decision to grant a stay is at the discretion of the trial court based on the facts before the court. The court's decision to deny the motion to stay is based largely on the fact that the Defendants have alleged for five years that the prior art cited in the reexamination request is invalidating, but waited until the close of fact discovery to request reexamination. This fact is uncontroverted. Letters between the parties in 2000 show that, from the moment a lawsuit was threatened, Vicon and Sensormatic alleged that this prior art could be used as a defense to Lectrolarm's infringement claims. Because the legal issues are clearly identified, and the

Not Reported in F.Supp.2d, 2005 WL 2175436 (W.D.Tenn.)
**(Cite as: Not Reported in F.Supp.2d)**

key facts are uncontested, the court finds that holding
an oral argument on the motion to stay would be un-
productive.

### VI. Conclusion

**\*6** For the foregoing reasons, defendant Vicon's mo-
tion to stay on behalf of all defendants is DENIED.

So ORDERED.

W.D.Tenn.,2005.
Lectrolarm Custom Services, Inc. v. Vicon Indus-
tries, Inc.
Not Reported in F.Supp.2d, 2005 WL 2175436
(W.D.Tenn.)

Briefs and Other Related Documents (Back to top)

• 2003 WL 24207029 (Trial Pleading) Complaint
(May. 08, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit A

Honeywell

# FAX TRANSMITTAL

Honeywell Electronic Materials
1349 Moffett Park Drive
Sunnyvale, CA 94089

Date: 8/5/2004

**To:** **Mr. Darryl P. Frickey**

Company: Rohm and Haas Electronic Materials, LLC

2 pages
(Including cover)

☐ Urgent

**Fax #:** **508-485-9113**
Phone #: 508-481-7950

☒ Please Review

From: Steven J. Kirschner
Intellectual Property Counsel

☐ Reply ASAP

Fax #: 408-962-2034
Phone #: 408-962-2000

WARNING: Unauthorized Interception of this facsimile transmission may be a violation of federal or State law.

This message is intended only for use by the individual or entity to which it is addressed and contains privileged or confidential business information the disclosure of which may be a violation of federal or state law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is illegal and strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the address listed above via U.S. Postal Service. Thank you.

AUG-05-2004  15:47

**Honeywell**

Electronic Materials
Honeywell
1349 Moffett Park Dr.
Sunnyvale, CA 94089
408-962-2000
408-980-1430 Fax

August 5, 2004

VIA FACSIMILE and FEDERAL EXPRESS
508-485-0113

Mr. Darryl P. Frickey
Director of Patents and Assistant Secretary
Rohm and Haas Electronic Materials, LLC
455 Forest Street
Marlborough, MA 01752

Dear Mr. Frickey,

This letter is in response to your recent correspondence on U.S. Patent No. 6,472,128 and its family member patents.

We have been diligently investigating this matter. Our investigation to date leads us to believe that we do not infringe any claims of any of your patents and that their claims are invalid. If you have evidence to the contrary, please forward it to me so that we may consider it. Likewise, if you would like us to consider a license as part of our investigation, please send us your proposal.

Further, as you may know, Honeywell has a significant patent portfolio in the area of anti-reflective coating, as well as in other areas of electronic materials technology. It may be the case that your organization could benefit from a license under Honeywell's portfolio. We can explore this as well if it would be of interest to Rohm and Haas.

Sincerely,

Steven J. Kirschner

Intellectual Property Counsel
and Assistant Secretary, Electronic Materials
Honeywell International, Inc.

cc: Paul Raymond

*Printed with Soy Ink on*
*20% Recycled Paper, 30% Post-Consumer*

# Exhibit B

**609.01**                    MANUAL OF PATENT EXAMINING PROCEDURE

## 609.01    Examiner Checklist for Information Disclosure Statements [R-3]

Examiners must check to see if an information disclosure statement (IDS) complies with:

(A) All the time-related requirements of 37 CFR 1.97, which are based on the time of the filing of the IDS. See MPEP § 609.04(b) for more information.

| Time when IDS is filed | 37 CFR 1.97 Requirements |
|---|---|
| (1)(a) for national applications (not including CPAs), within 3 months of filing or before first Office action on the merits, whichever is later; (b) for national stage applications, within 3 months of entry into national stage or before first Office action on the merits, whichever is later; (c) for RCEs and CPAs before the first Office action on the merits. | None |
| (2) After (1) but before final action, notice of allowance, or *Quayle* action | 1.97(e) statement or 1.17(p) fee. |
| (3) After (2) and before (or with) payment of issue fee. | 1.97(e) statement, and 1.17(p) fee. |
| (4) After payment of issue fee. | IDS will not be considered. |

(B) All content requirements of 37 CFR 1.98. See MPEP § 609.04(a) for more information.

(1) Requirements for the IDS listing:

(a) A separate section for citations of U.S. patents and U.S. patent application publications;

(b) The application number of the application in which the IDS is being submitted on each page of the listing, if known;

(c) A column that provides a blank space next to each citation for the examiner's initials when the examiner considers the cited document; and

(d) A heading on the listing that clearly indicates that the list is an Information Disclosure Statement;

(e) Proper identification of all cited references:

(i) U.S. patents cited by patent number, issue date and inventor(s);

(ii) U.S. patent application publications cited by publication number, publication date and inventor(s);

(iii) Pending U.S. applications cited by application number, filing date and inventor(s);

(iv) Foreign patent documents cited by document number (including kind code), country and publication or issue date; and

(v) Non-patent literature cited by publisher, author (if any), title, relevant pages, and date and place of publication.

(2) The requirement of copies for:

(a) Each cited foreign patent document;

(b) Each cited non-patent literature publication, or the portion therein which caused it to be listed;

(c) Each cited U.S. pending application that is not stored in IFW;

(d) All information cited (e.g., an affidavit or Office action), other than the specification, including claims and drawings, of a pending U.S. application; and

(e) All other cited information or the portion which caused it to be listed.

(3) For non-English documents that are cited, the following must be provided:

(a) A concise explanation of the relevance, as it is presently understood by the individual designated in 37 CFR 1.56(c) most knowledgeable about the content of the information, unless a complete translation is provided; and/or

(b) A written English language translation of a non-English language document, or portion thereof, if it is within the possession, custody or control of, or is readily available to any individual designated in 37 CFR 1.56(c).

After the examiner reviews the IDS for compliance with 37 CFR 1.97 and 1.98, the examiner should: (See MPEP § 609.05).

PARTS, FORM, AND CONTENT OF APPLICATION

(A) Consider the information properly submitted in an IDS in the same manner that the examiner considers other documents in Office search files while conducting a search of the prior art in a proper field of search.

(1) For e-IDS, use the e-IDS icon on examiner's workstation to consider cited U.S. patents and U.S. patent application publications. See MPEP § 609.07 for more information on e-IDS.

(2) Initial the blank column next to the citation to indicate that the information has been considered by the examiner.

(B) Draw a line through the citation to show that it has not been considered if the citation fails to comply with all the requirements of 37 CFR 1.97 and 37 CFR 1.98. - The examiner should inform applicant the reasons why a citation was not considered.

(C) Write "not considered" on an information disclosure statement if none of the information listed complies with the requirements of 37 CFR 1.97 and 37 CFR 1.98. - The examiner will inform applicant the reasons why the IDS was not considered by using form paragraphs 6.49 through 6.49.09.

(D) Sign and date the bottom of the IDS listing.

(E) Ensure that a copy of the IDS listing that is signed and dated by the examiner is entered into the file and mailed to applicant.<

>

## 609.02 Information Disclosure Statements in Continued Examinations or Continuing Applications [R-3]

<

### *IDS IN CONTINUED EXAMINATIONS OR CONTINUING APPLICATIONS

#### A. IDS That Has Been Considered (1) in the Parent Application, or (2) Prior to the Filing of a Request for Continued Examination (RCE)

#### 1. Continued Prosecution Applications (CPAs) Filed Under 37 CFR 1.53(d) **

Information which has been considered by the Office in the parent application of a continued prose-

cution application (CPA) filed under 37 CFR 1.53(d) ** will be part of the file before the examiner and need not be resubmitted in the continuing application to have the information considered and listed on the patent.

#### 2. Continuation Applications *>,< Divisional Applications, ** or Continuation-In-Part Applications Filed Under 37 CFR 1.53(b)

The examiner will consider information which has been considered by the Office in a parent application when examining (A) a continuation application filed under 37 CFR 1.53(b) ** (B) a divisional application filed under 37 CFR 1.53(b) ** or (C) a continuation-in-part application filed under 37 CFR 1.53(b). A listing of the information need not be resubmitted in the continuing application unless the applicant desires the information to be printed on the patent.

>

If resubmitting a listing of the information, applicant should submit a new listing that complies with the format requirements in 37 CFR 1.98(a)(1). Applicants are strongly discouraged from submitting a list that includes copies of PTO/SB/08 (PTO-1449) or PTO-892 forms from other applications. A completed PTO/SB/08 or PTO-1449 form from another application may already have initials of an examiner and the application number of another application. This information will likely confuse the record. Furthermore, when the spaces provided on the form have initials of an examiner, there are no spaces available next to the documents listed for the examiner of the subsequent application to provide his or her initials, and the previously relevant initials may be erroneously construed as being applied for the current application.<

#### 3. Requests for Continued Examination (RCE) Under 37 CFR 1.114

Information which has been considered by the Office in the application before the filing of a RCE will be part of the file before the examiner and need not be resubmitted to have the information considered by the examiner and listed on the patent.

Rev. 3, August 2005

# Exhibit C

Sheet 1 of 2

| FORM PTO-1449 | | ATTY DOCKET NO. | | SERIAL NO. 09/924 045 Not Yet Assigned | | | |
|---|---|---|---|---|---|---|---|
| INFORMATION DISCLOSURE STATEMENT #3 | | 40678-5C | | | | | |
| | | | | APPLICANT(S): Thackeray et al. | | | |
| | | | | FILING DATE: Herewith 8/7/01 | | ART UNIT: 1754 Not Yet Assigned | |

US.PTO 09/924045 08/07/01

### UNITED STATES PATENT DOCUMENTS

| EXAM. INITIAL | | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUB CLASS | FIL. DATE IF APPR |
|---|---|---|---|---|---|---|---|---|
| hM | | AA | 4,370,405 | 01/25/83 | O'Toole et al. | 430 | 312 | |
| | | AB | 4,413,052 | 11/01/83 | Green et al. | 430 | 327 | |
| | | AC | 4,362,809 | 12/07/82 | Chen et al. | 430 | 312 | |
| | | AD | 4,822,718 | 04/18/89 | Latham et al. | 430 | 271.1 | |
| | | AE | 4,860,062 | 08/22/89 | Parks | 365 | 53 | |
| | | AF | 4,910,122 | 03/20/90 | Arnold et al. | 430 | 313 | |
| | | AG | 4,060,656 | 11/29/77 | Naka et al. | 428 | 355 | |
| | | AH | 4,885,232 | 12/05/89 | Spak | 430 | 326 | |
| | | AI | 3,778,413 | 12/11/73 | Junger et al. | 525 | 502 | |
| | | AJ | 5,206,116 | 04/27/93 | Daniels et al. | 430 | 311 | |
| | | AK | 3,287,152 | 11/22/66 | Alles et al. | 430 | 271.1 | |
| | | AL | 5,139,918 | 08/18/92 | Goel | 430 | 166 | |
| | | AM | 4,921,778 | 05/01/90 | Thackeray et al. | 430 | 326 | |
| | | AN | 5,089,374 | 02/18/92 | Saeva | 430 | 271.1 | |
| | | AO | 4,840,874 | 06/20/89 | Shigemitsu et al. | 430 | 296 | |
| | | AP | 5,019,481 | 05/25/91 | Ito | 430 | 270.1 | |
| | | AQ | 4,341,859 | 07/27/82 | Keane et al. | 430 | 270.1 | |
| | | AR | 4,429,034 | 01/31/84 | Keane et al. | 430 | 271.1 | |
| | | AS | 4,401,749 | 08/30/83 | Hoffmann et al. | 430 | 271.1 | |
| | | AT | 4,459,348 | 07/10/84 | Jun et al. | 430 | 271.1 | |
| | | AU | 3,036,913 | 05/29/62 | Burg | 430 | 271.1 | |
| | | AV | 4,413,052 | 11/01/83 | Green et al. | 430 | 327 | |
| hM | | AW | 4,141,733 | 02/27/79 | Guild | 430 | 326 | |

Nicole Mangia    2/18/02

| FORM PTO-1449 | ATTY DOCKET NO. | SERIAL NO. |
|---|---|---|
| INFORMATION DISCLOSURE STATEMENT | 40678-5C | 09/924 045 Not Yet Assigned |
| #3 | APPLICANT(S): Thackeray et al. | |
| | FILING DATE: Herewith 8/7/01 | ART UNIT: 1756 Not Yet Assigned |

### UNITED STATES PATENT DOCUMENTS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| N3 | AX | 4,719,166 | 01/12/88 | Blevins et al. | 430 | 166 | |
| | AY | 4,863,827 | 09/89 | Jain et al. | 430 | 175 | |
| | AZ | 4,299,938 | 11/10/81 | Green et al. | 526 | 192 | |
| | BA | 4,764,561 | 08/16/88 | Kiss et al. | 525 | 163 | |
| | BB | 4,487,889 | 12/11/84 | Craun | 525 | 163 | |
| ✓ | BC | 5,693,691 | 12/02/97 | Flaim et al. | 523 | 436 | |
| N3 | BD | 4,576,898 | 03/18/86 | Hoffman et al. | 430 | 306 | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUB CLASS | TRAN YES/NO |
|---|---|---|---|---|---|---|---|
| N3 | CA | WO 90/03598 | 04/05/90 | International | | | |
| N3 | CB | DD 278 691 | 05/90 | GDR | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### OTHER DOCUMENTS (INCLUDING AUTHOR, TITLE, DATE, PERTINENT PAGES, ETC.)

| | | |
|---|---|---|
| NM | DA | Elliott, "Integrated Circuit Fabrication Technology", McGraw Hill Book Col, 1982 pp. 259, 263-275 and 305-309. |
| NM | DB | Lamola et al., "Chemically Amplified Resists", Solid State Technology, August 1991, pp. 53-60. |
| | | |
| | | |

| Examiner: | Date: 2/18/02 |
|---|---|

# Exhibit D

Sheet 1 of 2

| FORM PTO-1449 | | ATTY DOCKET NO. | SERIAL NO. |
|---|---|---|---|
| | | 40678-6C | 10/335476 Not Yet Assigned |
| INFORMATION DISCLOSURE STATEMENT | | APPLICANT(S): Thackeray et al. | |
| | | FILING DATE: Herewith 12-31-02 | ART UNIT: 1756 Not Yet Assigned |

UNITED STATES PATENT DOCUMENTS

| EXAM. INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUB CLASS | FILE DATE IF APPR |
|---|---|---|---|---|---|---|---|
| mrc. | AA | 4,370,405 | 01/25/83 | O'Toole et al. | | | |
| | AB | 4,413,052 | 11/01/83 | Green et al. | | | |
| | AC | 4,362,809 | 12/07/82 | Chen et al. | | | |
| | AD | 4,822,718 | 04/18/89 | Latham et al. | | | |
| | AE | 4,860,062 | 08/22/89 | Parks | | | |
| | AF | 4,910,122 | 03/20/90 | Arnold et al. | | | |
| | AG | 4,060,656 | 11/29/77 | Naka et al. | | | |
| | AH | 4,885,232 | 12/05/89 | Spak | | | |
| | AI | 3,778,413 | 12/11/73 | Junger et al. | | | |
| | AJ | 5,206,116 | 04/27/93 | Daniels et al. | | | |
| | AK | 3,287,152 | 11/22/66 | Alles et al. | | | |
| | AL | 5,139,918 | 08/18/92 | Goel | | | |
| | AM | 4,921,778 | 05/01/90 | Thackeray et al. | | | |
| | AN | 5,089,374 | 02/18/92 | Saeva | | | |
| | AO | 4,840,874 | 06/20/89 | Shigemitsu et al. | | | |
| | AP | 5,019,481 | 05/25/91 | Ito | | | |
| | AQ | 4,341,859 | .07/27/82 | Keane et al. | | | |
| | AR | 4,429,034 | 01/31/84 | Keane et al. | | | |
| | AS | 4,401,749 | 08/30/83 | Hoffmann et al. | | | |
| | AT | 4,459,348 | 07/10/84 | Jun et al. | | | |
| | AU | 3,036,913 | 05/29/62 | Burg | | | |
| | AV | 4,413,052 | 11/01/83 | Green et al. | | | |
| mrc. | AW | 4,141,733 | 02/27/79 | Guild | | | |

| Examiner: m. Og | Date: 4/03 |
|---|---|

Sheet 2 of 2

| FORM PTO-1449 | | ATTY DOCKET NO. | | SERIAL NO. 10/335476 | |
|---|---|---|---|---|---|
| | | 40678-6C | | Not Yet Assigned | |
| INFORMATION DISCLOSURE STATEMENT | | APPLICANT(S): Thackeray et al. | | | |
| | | FILING DATE: Herewith 12-31-02 | | ART UNIT: 1756 Not Yet Assigned | |

UNITED STATES PATENT DOCUMENTS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| mc | AX | 4,719,166 | 01/12/88 | Blevins et al. | | | |
| | AY | 4,863,827 | 09/89 | Jain et al. | | | |
| | AZ | 4,299,938 | 11/10/81 | Green et al. | | | |
| | BA | 4,764,561 | 08/16/88 | Kiss et al. | | | |
| | BB | 4,487,889 | 12/11/84 | Craun | | | |
| | BC | 5,693,691 | 12/02/97 | Flaim et al. | | | |
| | BD | 4,576,898 | 03/18/86 | Hoffman et al. | | | |
| | BE | 5,851,738 | 12/22/98 | Thackeray et al. | | | |
| | BF | 5,851,730 | 12/22/98 | Thackeray et al. | | | |
| | BG | 6,261,743 | 07/17/01 | Pavelchek et al. | | | |
| | BH | 6,190,839 | 02/20/01 | Pavelchek et al. | | | |
| | BI | 6,165,697 | 12/26/00 | Thackeray et al. | | | |
| | BJ | 6,472,128 | 10/29/02 | Thackeray et al. | | | |
| | BK | 6,316,165 | 11/13/01 | Pavelchek et al. | | | |
| | BL | 6,368,768 | 04/09/02 | Jung et al. | | | |
| mc | BM | 2002/0031729 A1 | 03/14/02 | Trefonas et al. | | | |

FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUB CLASS | TRAN YES/NO |
|---|---|---|---|---|---|---|---|
| mc | CA | WO 90/03598 | 04/05/90 | International | | | |
| mc | CB | DD 278 691 | 05/90 | GDR | | | |

OTHER DOCUMENTS (INCLUDING AUTHOR, TITLE, DATE, PERTINENT PAGES, ETC.)

| | | |
|---|---|---|
| mc | DA | Elliott, "Integrated Circuit Fabrication Technology", McGraw Hill Book Col, 1982 pp. 259, 263-275 and 305-309. |
| mc | DB | Lamola et al., "Chemically Amplified Resists", Solid State Technology, August 1991, pp. 53-60. |

| Examiner: | Date: 4/03 |
|---|---|

# Exhibit E

**PATENTS**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Group Art Unit: 1712

Examiner: Unknown

P.D. File No:: 30-4725CIP1CON

In re Application of: JOSEPH KENNEDY ET AL.

Serial No.: 10/076,846

Filed: February 14, 2002

For: SPIN-ON-GLASS ANTI-REFLECTIVE COATINGS FOR
PHOTOLITHOGRAPHY

Colonial Heights, VA
April 10, 2003

Assistant Commissioner for Patents
Washington, DC 20231

**INFORMATION DISCLOSURE STATEMENT
UNDER 37 C.F.R. §§ 1.97 - 1.98**

Sir:

In accordance with the duty of disclosure under 37 CFR §1.56, applicant(s) hereby
notify the U.S. Patent and Trademark Office of the documents which are listed on the
attached PTO-1449 form which the Examiner may deem relevant to patentability of the
claims of the above-identified application. Each of the documents was cited of record in
application U.S. Serial Number 09/330,248 filed 6/10/99 (now US Patent 6,268,457), U.S.
Serial Number 09/491,166 (now US Patent 6,506,497), and U.S. Serial No. 09/698,883 (now
US Patent 6,365,765). Accordingly, copies of the references are not provided in accordance
with 37 CFR 1.98(d). However, four new references have been incorporated herein to be
considered in the current application (copies attached hereto). The Examiner is invited to
contact the undersigned if additional copies of any reference are needed.

The present Information Disclosure Statement is being filed before the mailing date of
the first Office Action on the merits, and therefore no certification under 37 CFR §1.97(e) or
fee under 37 CFR §1.17(p) is required.

The submission of the listed documents is not intended as an admission that any such
document constitutes prior art against the claims of the present application. Applicant does
not waive any right to take any action that would be appropriate to antedate or otherwise

Serial No. 10/076,846 Filed February 14, 2002

remove any listed document as a competent reference against the claims of the present application.

Applicants respectfully request that the listed documents be considered by the Examiner and be made of record in the present application and that an initialed copy of Form PTO-1449 be returned in accordance with MPEP § 609.

Respectfully submitted,

RECEIVED
APR 2 2 2003
GROUP 1700

By: *Melanie L. Brown*

Melanie L. Brown
Applicants' Attorney
Registration No. 31,592

Honeywell International Inc.
15801 Woods Edge Road
Colonial Heights, VA 23834
(804) 520-3185
/rbk

I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING
DEPOSITED WITH THE UNITED STATES POSTAL SERVICES AS
FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO:
ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON,
D.C. 20231
ON: *April 14, 2003*
                    DATE
*Rebecca B. Kirk*
NAME OF APPLICANT, ASSIGNEE OR APPLICANT'S ATTORNEY
*Rebecca B. Kirk*
SIGNATURE
*April 14, 2003*
                    DATE

2

FORM PTO-1449     U.S. DEPARTMENT OF COMMERCE     ATTY. DOCKET NO:     SERIAL NO.:
(Rev. 2-32)        PATENT AND TRADEMARK OFFICE     30-4725CIP1CON     10/076,846

INFORMATION DISCLOSURE     APPLICANT:
STATEMENT BY APPLICANT     JOSEPH KENNEDY ET AL.

(Use several sheets if necessary)     FILING DATE:     GROUP:
                                     2/14/02          1712

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | 2,783,263 | 2/1957 | Merker | | | |
| | 4,308,371 | 12/1981 | Tanaka et al. | | | |
| | 4,563,241 | 1/1986 | Tanaka et al. | | | |
| | 4,587,138 | 5/1986 | Yau et al. | | | |
| | 4,595,599 | 6/1986 | Brown et al. | | | |
| | 4,620,986 | 11/1986 | Yau et al. | | | |
| | 4,816,049 | 3/1989 | Hata et al. | | | |
| | 4,885,262 | 12/1989 | Ting et al. | | | |
| | 4,910,122 | 3/1990 | Arnold et al. | | | |
| | 5,034,189 | 7/1991 | Cox et al. | | | |
| | 5,100,503 | 3/1992 | Allman et al. | | | |
| | 5,262,201 | 11/1993 | Chandra et al. | | | |
| | 5,328,975 | 7/1994 | Hanson et al. | | | |
| | 5,359,022 | 10/1994 | Mautner et al. | | | |
| | 5,396,311 | 3/1995 | Fukushima et al. | | | |
| | 5,414,069 | 5/1995 | Cumming et al. | | | |
| | 5,455,208 | 10/1995 | Leung et al. | | | |
| | 5,472,488 | 12/1995 | Allman | | | |
| | 5,520,855 | 5/1996 | Ito et al. | | | |
| | 5,527,562 | 6/1996 | Balaba et al. | | | |
| | 5,527,872 | 6/1996 | Allman | | | |
| | 5,583,195 | 12/1996 | Eckberg | | | |

## FOREIGN PATENT DOCUMENTS

| | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | YES | NO |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

## OTHER DOCUMENTS(Including Author, Title, Date, Pertinent Pages, etc.)

| | |
|---|---|
| | AlliedSignal ACCUGLASS® T-04 Spin-On Glass Material Safety Data Sheet dated June 30, 1998 |
| | Honeywell ACCUGLASS® T-08 Spin-On Glass Material Safety Data Sheet dated June 19, 2002, Revision A (This product was sold more than one year before June 10, 1999 priority date) |
| | Honeywell ACCUSPIN® 720 Spin-On Glass Material Safety Data Sheet dated March 7, 2000 (This product was sold more than one year before June 10, 1999 priority date) |
| | AlliedSignal ACCUSPIN® 720 Spin-On Polymer Product Bulletin dated 09/95 |

EXAMINER                                    DATE CONSIDERED     8/14/03

Examiner: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

(Form PTO 1449 [6-4])

*Stamps on form:* APR 18 2003 — PATENT & TRADEMARK OFFICE; RECEIVED APR 2 2 2003 GROUP 1700

Sheet 2 of 3

| FORM PTO-1449 (Rev. 2-32) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO: 30-4725CIP1CON | SERIAL NO.: 10/076,846 |
|---|---|---|---|

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necessary) | APPLICANT: JOSEPH KENNEDY ET AL. | |
| | FILING DATE: 2/14/02 | GROUP: 1712 |

RECEIVED APR 2 2 2003 GROUP 1700

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | 5,677,122 | 10/1997 | Urano et al. | | | |
| | 5,693,691 | 12/1997 | Flaim et al. | | | |
| | 5,729,563 | 3/1998 | Wang et al. | | | |
| | 5,731,091 | 3/1998 | Schmidt et al. | | | |
| | 6,057,239 | 5/2000 | Wang et al. | | | |
| | 6,072,018 | 6/2000 | Wilkes et al. | | | |
| | 6,268,457 | 7/2001 | Kennedy et al. | | | |

## FOREIGN PATENT DOCUMENTS

| | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | YES | NO |
|---|---|---|---|---|---|---|---|
| | 0 851 300 | 7/1998 | EP | | | | |
| | 0 906 067 | 3/1999 | EP | | | | |
| | 63-312643 | 12/1988 | JP | | | | |
| | 19910221898 | 2/1991 | JP | | | | |
| | 3-272131 | 12/1991 | JP | | | | |
| | 6-056560 | 3/1994 | JP | | | | |
| | 7-309882 | 11/1995 | JP | | | | |
| | 7-325383 | 12/1995 | JP | | | | |
| | 19894705209 | 6/1989 | SU | | | | |
| | PCT US 00/15772 | 9/2000 | WO | | | | |

## OTHER DOCUMENTS(Including Author, Title, Date, Pertinent Pages, etc.)

| | | | |
|---|---|---|---|

| EXAMINER | DATE CONSIDERED |
|---|---|

Examiner: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

(Form PTO 1449 [6-4])

Sheet 3 of 3

| FORM PTO-1449 (Rev. 2-32) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO: 30-4725CIP1CON | SERIAL NO.: 10/076,846 |
|---|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necessary) | | APPLICANT: JOSEPH KENNEDY ET AL. | |
| | | FILING DATE: 02/14/02 | GROUP: 1712 |

APR 18 2003    RECEIVED APR 2 2 2003 GROUP 1700

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, etc.)

| | | | |
|---|---|---|---|
| | | | Singer, "Anti-Reflective Coatings: A Story of Interfaces" Semiconductor International, pp 55-60 (Mar. 1999). |
| | | | Lucus, et al., "Anti-Reflective Coating Optimizing Techniques for sub-0.2um Geometrics", Motorola, Advanced Products Research and Development Lab, p. 171, SPIE 25th Annual Symposium on Microlithography, Feb. 27-Mar 3, 2000. |
| | | | Puppo, et al., "A Novem Organic Resist Removal and Cleaning Technology", p.228, SPI 25th Annual Symposium on Microlithography, Feb. 27-Mar. 3, 2000. |
| | | | Taylor, et al., "Methyacrylate Resists and Antireflective Coatings for 193 nm "Lithography", p. 245, SPIE 25th Annual Symposium on Microlithography, Feb. 27-Mar 3, 2000. |
| | | | Lin et al, "Dual Layer Inorganic SiON Bottom ARC for 0.25 um DUV Hard Mask Applications", p.246, SPIE 25th Annual Symposium of Microlithography, Feb. 27-Mar. 3, 2000. |
| | | | Yamanaka, et al., "Suppression of Resist Pattern Deformation on SiON Bottom Anti-Reflective Layer for Deep UV Lithography", p. 247, SPIE 25th Annual Symposium on Microlithography, Feb. 27-Mar 3, 2000. |
| | | | Padmanaban, "Bottom Anti-Reflective Coatings for Arl, KrF, and I-line Applications: A Comparison of Theory, Design and Lithographical Aspects", p. 281, SPIE 25th Annual Symposium on Microlithography, Feb. 27-Mar 3, 2000. |
| | | | Onishi, "Application of Polysilanes for Deep UV anti-reflective coating", p 248, SPIE 25th Annual Symposium on Microlithography, Feb. 27-Mar 3, 2000. |
| | | | Mizutani, et al., "Design of a new bottom anti-reflective coating composition for KrF resist", p. 277, SPIE 25th Annual Symposium on Microlithography, Feb. 27-Mar 3, 2000. |
| | | | Abstract JP 7-309882, Nov. 1995 |
| | | | Abstract SU 1073248, Feb. 1984 |
| | | | Trefonas, "Organic Anti-Reflective Coatings for 193nm Lithography", p. 298, SPIE 25th Annual Symposium on Microlighotraphy, Feb. 27-Mar 3, 2000. |
| | | | Meador, "Recent Progress in 1993 nm Anti-reflective Coatings", p. 311, SPIE 25th Annual Symposium on Microlithography, Feb. 27-Mar 3, 2000. |
| | | | Ding et al., "Process and Performance Optimization on Bottom Anti-Reflective Coatings (Part II), p. 328, SPIE 25th Annual Symposium onMicrolithography, Feb. 27-Mar 3, 2000. |
| | | | Schiavone, et al., "SiON based Anti-reflective Coating for 193nm Lithography", p. 335, SPIE 25th Annual Symposium on Microlithography, Feb. 27-Mar 3, 2000. |

| EXAMINER | | DATE CONSIDERED 8/14/03 |
|---|---|---|

Examiner: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

(Form PTO 1449 [6-4])

Honeywell's Docket No. 30-4725 CIP1CON -4780
Practitioner's Docket No. 7210424003-3221000

## IN THE UNITED STATE PATENT AND TRADEMARK OFFICE

In re application of: **Baldwin, et al.**　　　　　　　Group:　　**1712**

Serial No:　**10/076,846**　　　　　　　　　　　　　Examiner: **M. Moore**

Filed:　　**February 14, 2002**

For:　　　**Spin-On-Glass Anti-Reflective
　　　　　　Coatings for Photolithography**

## INFORMATION DISCLOSURE STATEMENT
## FILED WITH PAYMENT OF ISSUE FEE

Mail Stop DD
Assistant Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Sir:

In accordance with the duty of disclosure imposed by 37 C.F.R. § 1.56 to inform the United States Patent and Trademark Office of all references coming to the attention of the Applicant(s) or attorneys or agents for Applicant(s) which are or may be material to the examination of the subject application, attorneys for the Applicant(s) hereby invite the Examiner's attention to the references listed in the accompanying PTO Form 1449 entitled "List of References Cited". Copies of US Patents and US Patent Publications are not enclosed, pursuant to the US Patent and Trademark Office waiver of this requirement under 37 C.F.R. § 1.98 (a)(2)(i).

This submission is understood to complement the results of the Examiner's own independent search. The submission of this Disclosure Statement should not be construed as a representation that a search was made, or that the cited items are inclusive of all relevant and material citations that may be available publicly.

1

IDS.01

Honeywell's Docket No. 30-4725 CIP1CON -4780
Practitioner's Docket No. 7210424003-3221000

No item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in § 1.56(c) more than three months prior to the filing of the information disclosure statement.

Applicant(s) respectfully request that the Examiner review the foregoing references, as set forth in the Form PTO-1449, and that they be made of record in the file history of the above-captioned application.

Please charge account No. 502518 for the fee of $180.00 under 37 C.F.R. § 1.17(p).

Respectfully submitted,

Bingham McCutchen LLP

Dated: February 3, 2005

By: _____
Sandra P. Thompson
Reg. No. 46,264

Attorneys for Applicant(s)
600 Anton Blvd., 18th Floor
Costa Mesa, CA 92626
Tel: 714-830-0622
Fax: 714-830-0700

2

IDS.01

| | | ATTY. DOCKET NO. | | SERIAL NO. |
|---|---|---|---|---|
| LIST OF REFERENCES CITED BY APPLICANT | | 7210424003-3221000 | | 10/076846 |
| (Use several sheets if necessary) | | APPLICANT | | |
| | | Baldwin, et al. | | |
| | | FILING DATE | | GROUP |
| | | February 14, 2002 | | 1712 |

## U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | 3,615,272 | 10/26/71 | Collins | 23 | 366 | 11/04/68 |
| | | 3,873,361 | 03/25/75 | Franco, et al. | 117 | 212 | 11/29/73 |
| | | 3,884,702 | 05/20/75 | Kochimo, et al. | 96 | 115 | 12/14/72 |
| | | 4,053,313 | 10/11/77 | Fan | 96 | 36 | 05/13/76 |
| | | 4,257,826 | 03/24/81 | Matalone, Jr. | 148 | 1.5 | 10/11/79 |
| | | 4,290,896 | 09/22/81 | Gordon, et al. | 210 | 710 | 05/27/80 |
| | | 4,312,970 | 01/26/82 | Gaul, Jr. | 526 | 279 | 02/20/81 |
| | | 4,328,262 | 05/04/82 | Kurahashi, et al. | 427 | 93 | 07/28/80 |
| | | 4,349,609 | 09/14/82 | Takeda, et al. | 428 | 429 | 06/20/80 |
| | | 4,399,266 | 08/16/83 | Matsumura, et al. | 528 | 10 | 03/02/82 |
| | | 4,413,052 | 11/01/83 | Green, et al. | 430 | 327 | 03/25/82 |
| | | 4,419,437 | 12/06/83 | Noonan, et al. | 430 | 270 | 02/11/81 |
| | | 4,423,135 | 12/27/83 | Chen, et al. | 430 | 271 | 08/16/82 |
| | | 4,434,127 | 02/28/84 | Baile, et al. | 264 | 236 | 12/09/82 |
| | | 4,483,107 | 11/20/84 | Tomoyori, et al. | 51 | 281 | 12/07/82 |
| | | 4,510,283 | 04/09/85 | Takeda, et al. | 524 | 356 | 12/12/83 |
| | | 4,513,132 | 04/23/85 | Shoji, et al. | 528 | 21 | 03/31/83 |
| | | 4,515,828 | 05/07/85 | Economy, et al. | 427 | 82 | 01/02/81 |
| | | 4,546,017 | 08/13/96 | Vitunic | 326 | 30 | 03/23/95 |
| | | 4,600,685 | 07/15/86 | Kitakohji, et al. | 430 | 313 | 05/29/85 |
| | | 4,603,168 | 07/29/86 | Sasaki, et al. | 522 | 18 | 02/19/85 |
| | | 4,617,252 | 10/14/86 | Cordes, III, et al. | 430 | 272 | 06/12/84 |

Form 1449-01.doc

PEMP-37851.1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 4,626,556 | 12/02/86 | Nozue, et al. | 522 | 99 | 09/25/85 |
| | | 4,657,843 | 04/14/87 | Fukuyama, et al. | 430 | 323 | 03/03/86 |
| | | 4,657,965 | 04/14/87 | Watanabe, et al. | 524 | 506 | 10/21/85 |
| | | 4,663,414 | 05/05/87 | Estes, et al. | 528 | 30 | 05/14/85 |
| | | 4,670,299 | 06/02/87 | Fukuyama, et al. | 427 | 96 | 10/23/85 |
| | | 4,676,867 | 06/30/87 | Elkins, et al. | 156 | 643 | 06/06/86 |
| | | 4,687,216 | 08/18/87 | Kawamoto, et al. | 280 | 91 | 03/27/86 |
| | | 4,702,990 | 10/27/87 | Tanaka, et al. | 430 | 197 | 05/10/85 |
| | | 4,723,978 | 02/09/88 | Clodgo, et al. | 65 | 31 | 10/31/85 |
| | | 4,745,169 | 05/17/88 | Sugiyama, et al. | 528 | 43 | 05/05/86 |
| | | 4,753,855 | 06/28/88 | Haluska, et al. | 428 | 702 | 12/04/86 |
| | | 4,756,977 | 07/12/88 | Haluska, et al. | 428 | 704 | 12/03/86 |
| | | 4,806,504 | 02/21/89 | Cleeves | 437 | 228 | 09/11/86 |
| | | 4,808,653 | 02/28/89 | Haluska, et al. | 524 | 398 | 03/10/88 |
| | | 4,822,697 | 04/18/89 | Haluska, et al. | 428 | 698 | 12/03/86 |
| | | 4,826,943 | 05/02/89 | Ito, et al. | 528 | 21 | 07/27/87 |
| | | 4,847,162 | 07/11/89 | Haluska, et al. | 428 | 457 | 12/28/87 |
| | | 4,849,296 | 07/18/89 | Haluska, et al. | 428 | 457 | 12/28/87 |
| | | 4,855,199 | 08/08/89 | Bolon, et al. | 430 | 18 | 08/08/88 |
| | | 4,863,833 | 09/05/89 | Fukuyama, et al. | 430 | 286 | 03/16/87 |
| | | 4,895,914 | 01/23/90 | Saitoh, et al. | 525 | 478 | 11/08/88 |
| | | 4,898,907 | 02/06/90 | Haluska, et al. | 524 | 490 | 10/27/88 |
| | | 4,904,721 | 02/27/90 | Hanaoka, et al. | 524 | 266 | 01/05/88 |
| | | 4,910,122 | 03/20/90 | Arnold, et al. | 430 | 313 | 08/06/84 |
| | | 4,911,992 | 03/27/90 | Haluska, et al. | 428 | 698 | 12/04/86 |
| | | 4,921,778 | 05/01/90 | Thackeray, et al. | 430 | 326 | 07/29/88 |
| | | 4,935,320 | 06/19/90 | Rohde, et al. | 430 | 14 | 08/12/88 |
| | | 4,973,526 | 11/27/90 | Haluska | 428 | 697 | 02/15/90 |
| | | 4,981,530 | 01/01/91 | Clodgo, et al. | 148 | 33.3 | 11/28/88 |

PEMP-37831.1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 4,988,514 | 01/29/91 | Fukuyama, et al. | | 428 | 447 | 12/02/88 |
| | 4,999,397 | 03/12/91 | Weiss, et al. | | 524 | 755 | 07/28/89 |
| | 5,008,320 | 04/16/91 | Haluska, et al. | | 524 | 361 | 12/07/89 |
| | 5,043,789 | 08/27/91 | Linde, et al. | | 357 | 52 | 03/15/90 |
| | 5,045,592 | 09/03/91 | Weiss, et al. | | 524 | 755 | 10/01/90 |
| | 5,059,448 | 10/22/91 | Chandra, et al. | | 427 | 53.1 | 06/18/90 |
| | 5,063,134 | 11/05/91 | Horiguchi, et al. | | 430 | 192 | 01/02/90 |
| | 5,063,267 | 11/05/91 | Hanneman, et al. | | 524 | 284 | 11/28/90 |
| | 6,165,697 | 12/26/00 | Thacharay, et al. | | 430 | 325 | 11/15/91 |

**FOREIGN PATENT DOCUMENTS**

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| | | AU8322233 | | | | | | |
| | | AU8537628 | | | | | | |
| | | BE901479 | | | | | | |
| | | BR8108625 | | | | | | |
| | | CA1162666 | | | | | | |
| | | CA1204543 | | | | | | |
| | | CA1245394 | | | | | | |
| | | CA1284748 | | | | | | |
| | | CA2027031 | | | | | | |
| | | CA2034908 | | | | | | |
| | | CH667097 | | | | | | |
| | | DD159202 | | | | | | |
| | | DE3165340 | | | | | | |
| | | DE3173441 | | | | | | |
| | | DE3278567 | | | | | | |
| | | DE3366387 | | | | | | |
| | | DE3374204 | | | | | | |
| | | DE3380961 | | | | | | |

PEMP-37851.1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | DE3500979 | | | | | | |
| | | DE3574418 | | | | | | |
| | | DE3575156 | | | | | | |
| | | DE3579630 | | | | | | |
| | | DE3610462 | | | | | | |
| | | DE3760773 | | | | | | |
| | | DE3768663 | | | | | | |
| | | EP0046695 | | | | | | |
| | | EP0146411 | | | | | | |
| | | EP0183382 | | | | | | |
| | | EP0223987 | | | | | | |
| | | EP0401499 | | | | | | |
| | | EP0406911 | | | | | | |
| | | EP0423446 | | | | | | |
| | | EP111395 | | | | | | |
| | | EP112168 | | | | | | |
| | | EP163538 | | | | | | |
| | | EP164598 | | | | | | |
| | | EP183382 | | | | | | |
| | | EP198976 | | | | | | |
| | | EP202108 | | | | | | |
| | | EP204963 | | | | | | |
| | | EP223987 | | | | | | |
| | | EP229629 | | | | | | |
| | | EP255303 | | | | | | |
| | | EP270229 | | | | | | |
| | | EP270231 | | | | | | |
| | | EP270263 | | | | | | |
| | | EP270369 | | | | | | |

Form 1449-01.doc

PEMP-37851.1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | EP274428 | | | | | | | |
| | EP323103 | | | | | | | |
| | EP323186 | | | | | | | |
| | EP326810 | | | | | | | |
| | EP371287 | | | | | | | |
| | EP40906 | | | | | | | |
| | EP427395 | | | | | | | |
| | EP442632 | | | | | | | |
| | EP447611 | | | | | | | |
| | EP449263 | | | | | | | |
| | EP46695 | | | | | | | |
| | EP76656 | | | | | | | |
| | EP91104 | | | | | | | |
| | ES2005468 | | | | | | | |
| | ES2005469 | | | | | | | |
| | ES2010233 | | | | | | | |
| | ES2010234 | | | | | | | |
| | ES2558169 | | | | | | | |
| | FR2579552 | | | | | | | |
| | GB2152523 | | | | | | | |
| | GB2173750 | | | | | | | |
| | IT1184101 | | | | | | | |
| | JP02038427 | | | | | | | |
| | JP1016868 | | | | | | | |
| | JP1038256 | | | | | | | |
| | JP1056710 | | | | | | | |
| | JP1076046 | | | | | | | |
| | JP1110546 | | | | | | | |
| | JP1115966 | | | | | | | |

Form 1449-01.doc

PEMP-37851.1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | JP1168718 | | | | | |
| | | JP1185367 | | | | | |
| | | JP1202826 | | | | | |
| | | JP1203013 | | | | | |
| | | JP1204043 | | | | | |
| | | JP1204432 | | | | | |
| | | JP1217352 | | | | | |
| | | JP122596 | | | | | |
| | | JP1308429 | | | | | |
| | | JP1313942 | | | | | |
| | | JP2000615 | | | | | |
| | | JP2008209 | | | | | |
| | | JP2038427 | | | | | |
| | | JP2099955 | | | | | |
| | | JP2110464 | | | | | |
| | | JP2124936 | | | | | |
| | | JP2150426 | | | | | |
| | | JP2163744 | | | | | |
| | | JP2178330 | | | | | |
| | | JP2308806 | | | | | |
| | | JP298334 | | | | | |
| | | JP3007766 | | | | | |
| | | JP3026716 | | | | | |
| | | JP3028852 | | | | | |
| | | JP3031325 | | | | | |
| | | JP3041156 | | | | | |
| | | JP3045628 | | | | | |
| | | JP3047883 | | | | | |
| | | JP3059016 | | | | | |

PEMP-3785I.1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | JP3064337 | | | | | | |
| | JP3154007 | | | | | | |
| | JP3162441 | | | | | | |
| | JP3183675 | | | | | | |
| | JP3197135 | | | | | | |
| | JP3207774 | | | | | | |
| | JP3252446 | | | | | | |
| | JP53088099 | | | | | | |
| | JP50022870 | | | | | | |
| | JP53000896 | | | | | | |
| | JP53124561 | | | | | | |
| | JP54079037 | | | | | | |
| | JP54083956 | | | | | | |
| | JP54083957 | | | | | | |
| | JP55000761 | | | | | | |
| | JP55165942 | | | | | | |
| | JP56000827 | | | | | | |
| | JP56000828 | | | | | | |
| | JP56081333 | | | | | | |
| | JP56118465 | | | | | | |
| | JP56129261 | | | | | | |
| | JP56139533 | | | | | | |
| | JP56151731 | | | | | | |
| | JP57006712 | | | | | | |
| | JP57008279 | | | | | | |
| | JP57038B65 | | | | | | |
| | JP57040526 | | | | | | |
| | JP57059672 | | | | | | |
| | JP57083563 | | | | | | |

PEMP-37851.1

| | | JP57112047 | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | JP57125905 | | | | | | | |
| | | JP57131250 | | | | | | | |
| | | JP57141641 | | | | | | | |
| | | JP57141642 | | | | | | | |
| | | JP57168246 | | | | | | | |
| | | JP57168247 | | | | | | | |
| | | JP57500697 | | | | | | | |
| | | JP58013632 | | | | | | | |
| | | JP58059222 | | | | | | | |
| | | JP58069217 | | | | | | | |
| | | JP58089641 | | | | | | | |
| | | JP58093240 | | | | | | | |
| | | JP58171416 | | | | | | | |
| | | JP58173174 | | | | | | | |
| | | JP58174480 | | | | | | | |
| | | JP583249 | | | | | | | |
| | | JP5866335 | | | | | | | |
| | | JP59058054 | | | | | | | |
| | | JP59109565 | | | | | | | |
| | | JP59112487 | | | | | | | |
| | | JP59112834 | | | | | | | |
| | | JP59115356 | | | | | | | |
| | | JP59129230 | | | | | | | |
| | | JP59132424 | | | | | | | |
| | | JP59189126 | | | | | | | |
| | | JP59190211 | | | | | | | |
| | | JP60038422 | | | | | | | |
| | | JP60042426 | | | | | | | |

PEMF-37891.1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | JP60076528 | | | | | | |
| | JP60086017 | | | | | | |
| | JP60094412 | | | | | | |
| | JP60149626 | | | | | | |
| | JP60152552 | | | | | | |
| | JP60161457 | | | | | | |
| | JP60185892 | | | | | | |
| | JP60195148 | | | | | | |
| | JP60229945 | | | | | | |
| | JP60238827 | | | | | | |
| | JP60254034 | | | | | | |
| | JP60254035 | | | | | | |
| | JP60254036 | | | | | | |
| | JP60254132 | | | | | | |
| | JP61014096 | | | | | | |
| | JP61098747 | | | | | | |
| | JP61098755 | | | | | | |
| | JP61098764 | | | | | | |
| | JP61108628 | | | | | | |
| | JP61127732 | | | | | | |
| | JP61159754 | | | | | | |
| | JP61221232 | | | | | | |
| | JP61224330 | | | | | | |
| | JP61256347 | | | | | | |
| | JP61260242 | | | | | | |
| | JP61261370 | | | | | | |
| | JP6129153 | | | | | | |
| | JP61292342 | | | | | | |
| | JP62027417 | | | | | | |

PEMP-378S1.1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | JP62043426 | | | | | | |
| | | JP62056956 | | | | | | |
| | | JP62067561 | | | | | | |
| | | JP62096526 | | | | | | |
| | | JP62096942 | | | | | | |
| | | JP62106632 | | | | | | |
| | | JP62159141 | | | | | | |
| | | JP62161124 | | | | | | |
| | | JP62215944 | | | | | | |
| | | JP62276543 | | | | | | |
| | | JP62284352 | | | | | | |
| | | JP62299965 | | | | | | |
| | | JP63005337 | | | | | | |
| | | JP63006544 | | | | | | |
| | | JP63032543 | | | | | | |
| | | JP63046272 | | | | | | |
| | | JP63072745 | | | | | | |
| | | JP63106649 | | | | | | |
| | | JP63117074 | | | | | | |
| | | JP63118739 | | | | | | |
| | | JP63120774 | | | | | | |
| | | JP63137972 | | | | | | |
| | | JP63144524 | | | | | | |
| | | JP63144525 | | | | | | |
| | | JP63146303 | | | | | | |
| | | JP63149636 | | | | | | |
| | | JP63152130 | | | | | | |
| | | JP63142131 | | | | | | |
| | | JP63170476 | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | JP63172757 | | | | | | |
| | JP63173382 | | | | | | |
| | JP63199251 | | | | | | |
| | JP63207839 | | | | | | |
| | JP63238133 | | | | | | |
| | JP63287823 | | | | | | |
| | JP63289045 | | | | | | |
| | JP63308077 | | | | | | |
| | JP64001769 | | | | | | |
| | JP81028935 | | | | | | |
| | JP83007001 | | | | | | |
| | JP84014263 | | | | | | |
| | JP84050182 | | | | | | |
| | JP84052678 | | | | | | |
| | JP84052893 | | | | | | |
| | JP85017214 | | | | | | |
| | JP85017312 | | | | | | |
| | JP85017335 | | | | | | |
| | JP86010496 | | | | | | |
| | JP86018945 | | | | | | |
| | JP86055524 | | | | | | |
| | JP87016212 | | | | | | |
| | JP87017629 | | | | | | |
| | JP87028511 | | | | | | |
| | JP87034069 | | | | | | |
| | JP88003893 | | | | | | |
| | JP88012899 | | | | | | |
| | JP88016424 | | | | | | |
| | JP88020450 | | | | | | |

PDXP-37851.1

| | | | | | | |
|---|---|---|---|---|---|---|
| | JP88030947 | | | | | |
| | JP88052058 | | | | | |
| | JP88064771 | | | | | |
| | JP88064772 | | | | | |
| | JP89043773 | | | | | |
| | JP90034983 | | | | | |
| | JP90047102 | | | | | |
| | JP91015821 | | | | | |
| | JP91019260 | | | | | |
| | JP91044291 | | | | | |
| | JP1065803 | | | | | |
| | KR8800853 | | | | | |
| | KR9002364 | | | | | |
| | KR9005894 | | | | | |
| | NL191061 | | | | | |
| | NL8500065 | | | | | |
| | SE458447 | | | | | |
| | SE8500137 | | | | | |
| | SU413850 | | | | | |
| | WO8103484 | | | | | |
| | WO90/03598 | | | | | |

**OTHER REFERENCES** *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | | |
|---|---|---|
| | | Pacansky, et al. entitled "Photochemical Decomposition Mechanisms for AZ-Type Photoresists", Jan. 1979, pgs 42-55. |
| | | Korchkov, et al. entitled "Low Temperature Dielectric Films From Octavinylsilsesquioxane", Dec. 1982, pgs. 373-376. |
| | | Lavrent'yev, et al. entitled "Polyhedral Oligosilsesquioxanes and Their Homo Derivatives", August 1981, pgs, 199-236. |
| | | Lavrent'yev, et al. entitled "Ethylmethyloctasesquioxanes: Products of the Reactions of Ethylpolycyclosiloxanes with Trichloromethylsilane. Their Chromatographic - Mass Spectrometric Investigation," 1981. |
| | | Li, et al. entitled "Organosiloxane Based Bottom Antireflective Coatings for 193nm Lithography", pgs. 1-10. |
| | | Li, et al. entitled "An Organosiloxane Spin On Bottom Antireflective Coatings for ArF Lithography", pgs. 1-9. |

| EXAMINER | | DATE CONSIDERED | |
|---|---|---|---|
| | | | |

Form 1449-01.doc

PEMP-37851.1

*EXAMINER:  Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not
in conformance and not considered.  Include copy of this form with next communication to applicant.

PEMP-37851.1

# Exhibit F



Honeywell's Docket No. 30-4725 DIV3 -4780
Practitioner's Docket No. 7210425003-3221000

## IN THE UNITED STATE PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: **Baldwin, et al.** | Group:    1712 |
| Serial No:  **10/300,357** | Examiner: **M. Moore** |
| Filed:    **November 19, 2002** | |
| For:    **Spin-On-Glass Anti-Reflective Coatings for Photolithography** | |

## INFORMATION DISCLOSURE STATEMENT
### FILED WITH PAYMENT OF ISSUE FEE

Mail Stop DD
Assistant Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Sir:

In accordance with the duty of disclosure imposed by 37 C.F.R. § 1.56 to inform the United States Patent and Trademark Office of all references coming to the attention of the Applicant(s) or attorneys or agents for Applicant(s) which are or may be material to the examination of the subject application, attorneys for the Applicant(s) hereby invite the Examiner's attention to the references listed in the accompanying PTO Form 1449 entitled "List of References Cited". Copies of US Patents and US Patent Publications are not enclosed, pursuant to the US Patent and Trademark Office waiver of this requirement under 37 C.F.R. § 1.98 (a)(2)(i).

This submission is understood to complement the results of the Examiner's own independent search. The submission of this Disclosure Statement should not be construed as a representation that a search was made, or that the cited items are inclusive of all relevant and material citations that may be available publicly.

1

IDS.01

Honeywell's Docket No. 30-4725 DIV3 -4780
Practitioner's Docket No. 7210425003-3221000

No item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in § 1.56(c) more than three months prior to the filing of the information disclosure statement.

Applicant(s) respectfully request that the Examiner review the foregoing references, as set forth in the Form PTO-1449, and that they be made of record in the file history of the above-captioned application.

Please charge account No. 502518 for the fee of $180.00 under 37 C.F.R. § 1.17(p).

Respectfully submitted,

Bingham McCutchen LLP

Dated: February 3, 2005                    By: _____
                                           Sandra P. Thompson
                                           Reg. No. 46,264

Attorneys for Applicant(s)
600 Anton Blvd., 18th Floor
Costa Mesa, CA 92626
Tel: 714-830-0622
Fax: 714-830-0700

2

IDS.01

| | ATTY. DOCKET NO. | SERIAL NO. |
|---|---|---|
| **LIST OF REFERENCES CITED BY APPLICANT** | 7210425003-3221000 | 10/300357 |
| *(Use several sheets if necessary)* | APPLICANT<br>Baldwin, et al. | |
| | FILING DATE<br>November 19, 2002 | GROUP<br>1712 |

**U.S. PATENT DOCUMENTS**

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | 3,615,272 | 10/26/71 | Collins | 23 | 366 | 11/04/68 |
| | | 3,873,361 | 03/25/75 | Franco, et al. | 117 | 212 | 11/29/73 |
| | | 3,884,702 | 05/20/75 | Koshimo, et al. | 96 | 115 | 12/14/72 |
| | | 4,053,313 | 10/11/77 | Fan | 96 | 36 | 05/13/76 |
| | | 4,257,826 | 03/24/81 | Matalone, Jr. | 148 | 1.5 | 10/11/79 |
| | | 4,290,896 | 09/22/81 | Gordon, et al. | 210 | 710 | 05/27/80 |
| | | 4,312,970 | 01/26/82 | Gaul, Jr. | 526 | 279 | 02/20/81 |
| | | 4,328,262 | 05/04/82 | Kurahashi, et al. | 427 | 93 | 07/28/80 |
| | | 4,349,609 | 09/14/82 | Takeda, et al. | 428 | 429 | 06/20/80 |
| | | 4,399,266 | 08/16/83 | Matsumura, et al. | 528 | 10 | 03/02/82 |
| | | 4,413,052 | 11/01/83 | Green, et al. | 430 | 327 | 03/25/82 |
| | | 4,419,437 | 12/06/83 | Noonan, et al. | 430 | 270 | 02/11/81 |
| | | 4,423,135 | 12/27/83 | Chen, et al. | 430 | 271 | 08/16/82 |
| | | 4,434,127 | 02/28/84 | Baile, et al. | 264 | 236 | 12/09/82 |
| | | 4,483,107 | 11/20/84 | Tomoyori, et al. | 51 | 281 | 12/07/82 |
| | | 4,510,283 | 04/09/85 | Takeda, et al. | 524 | 356 | 12/12/83 |
| | | 4,513,132 | 04/23/85 | Shoji, et al. | 528 | 21 | 03/31/83 |
| | | 4,515,828 | 05/07/85 | Economy, et al. | 427 | 82 | 01/02/81 |
| | | 4,546,017 | 08/13/96 | Vitunic | 326 | 30 | 03/23/95 |
| | | 4,600,685 | 07/15/86 | Kitakohji, et al. | 430 | 313 | 05/29/85 |
| | | 4,603,168 | 07/29/86 | Sasaki, et al. | 522 | 18 | 02/19/85 |
| | | 4,617,252 | 10/14/86 | Cordes, III, et al. | 430 | 272 | 06/12/84 |

Form 1449-01.doc

PCMP-37851.1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 4,626,556 | 12/02/86 | Nozue, et al. | 522 | 99 | 09/25/85 |
| | | 4,657,843 | 04/14/87 | Fukuyama, et al. | 430 | 323 | 03/03/86 |
| | | 4,657,965 | 04/14/87 | Watanabe, et al. | 524 | 506 | 10/21/85 |
| | | 4,663,414 | 05/05/87 | Estes, et al. | 528 | 30 | 05/14/85 |
| | | 4,670,299 | 06/02/87 | Fukuyama, et al. | 427 | 96 | 10/23/85 |
| | | 4,676,867 | 06/30/87 | Elkins, et al. | 156 | 643 | 06/06/86 |
| | | 4,687,216 | 08/18/87 | Kawamoto, et al. | 280 | 91 | 03/27/86 |
| | | 4,702,990 | 10/27/87 | Tanaka, et al. | 430 | 197 | 05/10/85 |
| | | 4,723,978 | 02/09/88 | Clodgo, et al. | 65 | 31 | 10/31/85 |
| | | 4,745,169 | 05/17/88 | Sugiyama, et al. | 528 | 43 | 05/05/06 |
| | | 4,753,855 | 06/28/88 | Haluska, et al. | 428 | 702 | 12/04/86 |
| | | 4,756,977 | 07/12/88 | Haluska, et al. | 428 | 704 | 12/03/86 |
| | | 4,806,504 | 02/21/89 | Cleeves | 437 | 228 | 09/11/86 |
| | | 4,808,653 | 02/28/89 | Haluska, et al. | 524 | 398 | 03/10/88 |
| | | 4,822,697 | 04/18/89 | Haluska, et al. | 428 | 698 | 12/03/86 |
| | | 4,826,943 | 05/02/89 | Ito, et al. | 528 | 21 | 07/27/87 |
| | | 4,847,162 | 07/11/89 | Haluska, et al. | 428 | 457 | 12/28/87 |
| | | 4,849,296 | 07/18/89 | Haluska, et al. | 428 | 457 | 12/28/87 |
| | | 4,855,199 | 08/08/89 | Bolon, et al. | 430 | 18 | 08/08/88 |
| | | 4,863,833 | 09/05/89 | Fukuyama, et al. | 430 | 286 | 03/16/87 |
| | | 4,895,914 | 01/23/90 | Saitoh, et al. | 525 | 478 | 11/08/88 |
| | | 4,898,907 | 02/06/90 | Haluska, et al. | 524 | 490 | 10/27/88 |
| | | 4,904,721 | 02/27/90 | Hanaoka, et al. | 524 | 266 | 01/05/88 |
| | | 4,910,122 | 03/20/90 | Arnold, et al. | 430 | 313 | 08/06/84 |
| | | 4,911,992 | 03/27/90 | Haluska, et al. | 428 | 698 | 12/04/86 |
| | | 4,921,778 | 05/01/90 | Thackeray, et al. | 430 | 328 | 07/29/88 |
| | | 4,935,320 | 06/19/90 | Rohde, et al. | 430 | 14 | 08/12/88 |
| | | 4,973,526 | 11/27/90 | Haluska | 428 | 697 | 02/15/90 |
| | | 4,981,530 | 01/01/91 | Clodgo, et al. | 148 | 33.3 | 11/28/88 |

PEMP-37651.1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 4,988,514 | 01/29/91 | Fukuyama, et al. | 428 | 447 | 12/02/88 |
| | | 4,999,397 | 03/12/91 | Weiss, et al. | 524 | 755 | 07/28/89 |
| | | 5,008,320 | 04/16/91 | Haluska, et al. | 524 | 361 | 12/07/89 |
| | | 5,043,789 | 08/27/91 | Linde, et al. | 357 | 52 | 03/15/90 |
| | | 5,045,592 | 09/03/91 | Weiss, et al. | 524 | 755 | 10/01/90 |
| | | 5,059,448 | 10/22/91 | Chandra, et al. | 427 | 53.1 | 06/18/90 |
| | | 5,063,134 | 11/05/91 | Horiguchi, et al. | 430 | 192 | 01/02/90 |
| | | 5,063,267 | 11/05/91 | Hanneman, et al. | 524 | 284 | 11/28/90 |
| | | 6,165,697 | 12/26/00 | Thacharay, et al. | 430 | 325 | 11/15/91 |

**FOREIGN PATENT DOCUMENTS**

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| | | AU8322233 | | | | | | |
| | | AU853762B | | | | | | |
| | | BE901479 | | | | | | |
| | | BR8108625 | | | | | | |
| | | CA1162666 | | | | | | |
| | | CA1204543 | | | | | | |
| | | CA1245394 | | | | | | |
| | | CA1284748 | | | | | | |
| | | CA2027031 | | | | | | |
| | | CA2034908 | | | | | | |
| | | CH667097 | | | | | | |
| | | DD159202 | | | | | | |
| | | DE3165340 | | | | | | |
| | | DE3173441 | | | | | | |
| | | DE3278567 | | | | | | |
| | | DE3366387 | | | | | | |
| | | DE3374204 | | | | | | |
| | | DE3380961 | | | | | | |

Form 1449-01.doc

PEMP-37851.1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | DE3500979 | | | | | | |
| | DE3574418 | | | | | | |
| | DE3575156 | | | | | | |
| | DE3579630 | | | | | | |
| | DE3610462 | | | | | | |
| | DE3760773 | | | | | | |
| | DE3768663 | | | | | | |
| | EP0046695 | | | | | | |
| | EP0146411 | | | | | | |
| | EP0183382 | | | | | | |
| | EP0223987 | | | | | | |
| | EP0401499 | | | | | | |
| | EP0406911 | | | | | | |
| | EP0423446 | | | | | | |
| | EP111395 | | | | | | |
| | EP112168 | | | | | | |
| | EP163538 | | | | | | |
| | EP164598 | | | | | | |
| | EP183382 | | | | | | |
| | EP198976 | | | | | | |
| | EP202108 | | | | | | |
| | EP204963 | | | | | | |
| | EP223987 | | | | | | |
| | EP229629 | | | | | | |
| | EP255303 | | | | | | |
| | EP270229 | | | | | | |
| | EP270231 | | | | | | |
| | EP270263 | | | | | | |
| | EP270369 | | | | | | |

PEMP-37851.1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | EP274428 | | | | | | |
| | | EP323103 | | | | | | |
| | | EP323186 | | | | | | |
| | | EP326810 | | | | | | |
| | | EP371287 | | | | | | |
| | | EP40906 | | | | | | |
| | | EP427395 | | | | | | |
| | | EP442632 | | | | | | |
| | | EP447611 | | | | | | |
| | | EP449263 | | | | | | |
| | | EP46695 | | | | | | |
| | | EP76656 | | | | | | |
| | | EP91104 | | | | | | |
| | | ES2005468 | | | | | | |
| | | ES2005469 | | | | | | |
| | | ES2010233 | | | | | | |
| | | ES2010234 | | | | | | |
| | | ES2558169 | | | | | | |
| | | FR2579552 | | | | | | |
| | | GB2152523 | | | | | | |
| | | GB2173750 | | | | | | |
| | | IT1184101 | | | | | | |
| | | JP02038427 | | | | | | |
| | | JP1016868 | | | | | | |
| | | JP1038256 | | | | | | |
| | | JP1056710 | | | | | | |
| | | JP1076046 | | | | | | |
| | | JP1110546 | | | | | | |
| | | JP1115966 | | | | | | |

PEMP-37851.1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | JP1168718 | | | | | |
| | | JP1185367 | | | | | |
| | | JP1202826 | | | | | |
| | | JP1203013 | | | | | |
| | | JP1204043 | | | | | |
| | | JP1204432 | | | | | |
| | | JP1217352 | | | | | |
| | | JP122596 | | | | | |
| | | JP1308429 | | | | | |
| | | JP1313942 | | | | | |
| | | JP2000615 | | | | | |
| | | JP2008209 | | | | | |
| | | JP2038427 | | | | | |
| | | JP2099955 | | | | | |
| | | JP2110464 | | | | | |
| | | JP2124936 | | | | | |
| | | JP2150426 | | | | | |
| | | JP2163744 | | | | | |
| | | JP2178330 | | | | | |
| | | JP2308806 | | | | | |
| | | JP298334 | | | | | |
| | | JP3007766 | | | | | |
| | | JP3026716 | | | | | |
| | | JP3028852 | | | | | |
| | | JP3031325 | | | | | |
| | | JP3041156 | | | | | |
| | | JP3045628 | | | | | |
| | | JP3047883 | | | | | |
| | | JP3059016 | | | | | |

PEMP-37551.1

| | | JP3064337 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | JP3154007 | | | | | | | |
| | | JP3162441 | | | | | | | |
| | | JP3183675 | | | | | | | |
| | | JP3197135 | | | | | | | |
| | | JP3207774 | | | | | | | |
| | | JP3252446 | | | | | | | |
| | | JP53088099 | | | | | | | |
| | | JP50022870 | | | | | | | |
| | | JP53000896 | | | | | | | |
| | | JP53124561 | | | | | | | |
| | | JP54079037 | | | | | | | |
| | | JP54083956 | | | | | | | |
| | | JP54083957 | | | | | | | |
| | | JP55000761 | | | | | | | |
| | | JP55165942 | | | | | | | |
| | | JP56000827 | | | | | | | |
| | | JP56000828 | | | | | | | |
| | | JP56081333 | | | | | | | |
| | | JP56118465 | | | | | | | |
| | | JP56129261 | | | | | | | |
| | | JP56139533 | | | | | | | |
| | | JP56151731 | | | | | | | |
| | | JP57006712 | | | | | | | |
| | | JP57008279 | | | | | | | |
| | | JP57038865 | | | | | | | |
| | | JP57040526 | | | | | | | |
| | | JP57059672 | | | | | | | |
| | | JP57083563 | | | | | | | |

PEMP-37851.1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | JPS7112047 | | | | | | |
| | | JPS7125905 | | | | | | |
| | | JPS7131250 | | | | | | |
| | | JPS7141641 | | | | | | |
| | | JPS7141642 | | | | | | |
| | | JPS7168246 | | | | | | |
| | | JPS7168247 | | | | | | |
| | | JPS7500697 | | | | | | |
| | | JPS8013632 | | | | | | |
| | | JPS8059222 | | | | | | |
| | | JPS8069217 | | | | | | |
| | | JPS8089641 | | | | | | |
| | | JPS8093240 | | | | | | |
| | | JPS8171416 | | | | | | |
| | | JPS8173174 | | | | | | |
| | | JPS8174480 | | | | | | |
| | | JPS83249 | | | | | | |
| | | JPS866335 | | | | | | |
| | | JPS9058054 | | | | | | |
| | | JPS9109565 | | | | | | |
| | | JPS9112487 | | | | | | |
| | | JPS9112834 | | | | | | |
| | | JPS9115356 | | | | | | |
| | | JPS9129230 | | | | | | |
| | | JPS9132424 | | | | | | |
| | | JPS9189126 | | | | | | |
| | | JPS9190211 | | | | | | |
| | | JP60038422 | | | | | | |
| | | JP60042426 | | | | | | |

Form 1449-01.doc

PEMP-37851.1

| | JP60076528 | | | | | | |
|---|---|---|---|---|---|---|---|
| | JP60086017 | | | | | | |
| | JP60094412 | | | | | | |
| | JP60149626 | | | | | | |
| | JP60152552 | | | | | | |
| | JP60161457 | | | | | | |
| | JP60185892 | | | | | | |
| | JP60195148 | | | | | | |
| | JP60229945 | | | | | | |
| | JP60238827 | | | | | | |
| | JP60254034 | | | | | | |
| | JP60254035 | | | | | | |
| | JP60254036 | | | | | | |
| | JP60254132 | | | | | | |
| | JP61014096 | | | | | | |
| | JP61098747 | | | | | | |
| | JP61098755 | | | | | | |
| | JP61098764 | | | | | | |
| | JP61108628 | | | | | | |
| | JP61127732 | | | | | | |
| | JP61159754 | | | | | | |
| | JP61221232 | | | | | | |
| | JP61224330 | | | | | | |
| | JP61256347 | | | | | | |
| | JP61260242 | | | | | | |
| | JP61261370 | | | | | | |
| | JP6129153 | | | | | | |
| | JP61292342 | | | | | | |
| | JP620Z7417 | | | | | | |

PEMP-37851.1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | JP62043426 | | | | | |
| | | JP62056956 | | | | | |
| | | JP62067561 | | | | | |
| | | JP62096526 | | | | | |
| | | JP62096942 | | | | | |
| | | JP62106632 | | | | | |
| | | JP62159141 | | | | | |
| | | JP62161124 | | | | | |
| | | JP62215944 | | | | | |
| | | JP62276543 | | | | | |
| | | JP62284352 | | | | | |
| | | JP62299965 | | | | | |
| | | JP63005337 | | | | | |
| | | JP63006544 | | | | | |
| | | JP63032543 | | | | | |
| | | JP63046272 | | | | | |
| | | JP63072745 | | | | | |
| | | JP63106649 | | | | | |
| | | JP63117074 | | | | | |
| | | JP63118739 | | | | | |
| | | JP63120774 | | | | | |
| | | JP63137972 | | | | | |
| | | JP63144524 | | | | | |
| | | JP63144525 | | | | | |
| | | JP63146303 | | | | | |
| | | JP63149636 | | | | | |
| | | JP63152130 | | | | | |
| | | JP63142131 | | | | | |
| | | JP63170476 | | | | | |

Form 1449-01.doc

PEMP-37851.1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | JP63172757 | | | | | | |
| | | JP63173382 | | | | | | |
| | | JP63199251 | | | | | | |
| | | JP63207839 | | | | | | |
| | | JP63238133 | | | | | | |
| | | JP63287823 | | | | | | |
| | | JP63289045 | | | | | | |
| | | JP63308077 | | | | | | |
| | | JP64001769 | | | | | | |
| | | JP81028935 | | | | | | |
| | | JP83007001 | | | | | | |
| | | JP84014263 | | | | | | |
| | | JP84050182 | | | | | | |
| | | JP84052678 | | | | | | |
| | | JP84052893 | | | | | | |
| | | JP85017214 | | | | | | |
| | | JP85017312 | | | | | | |
| | | JP85017335 | | | | | | |
| | | JP86010496 | | | | | | |
| | | JP86018945 | | | | | | |
| | | JP86055524 | | | | | | |
| | | JP87016212 | | | | | | |
| | | JP87017629 | | | | | | |
| | | JP87028511 | | | | | | |
| | | JP87034069 | | | | | | |
| | | JP88003893 | | | | | | |
| | | JP88012899 | | | | | | |
| | | JP88016424 | | | | | | |
| | | JP88020450 | | | | | | |

Form 1449-01.doc

PEMP-37851.1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | JP88030947 | | | | | | | |
| | JP88052058 | | | | | | | |
| | JP88064771 | | | | | | | |
| | JP88064772 | | | | | | | |
| | JP89043773 | | | | | | | |
| | JP90034983 | | | | | | | |
| | JP90047102 | | | | | | | |
| | JP91015821 | | | | | | | |
| | JP91019260 | | | | | | | |
| | JP91044291 | | | | | | | |
| | JP1065803 | | | | | | | |
| | KR8800853 | | | | | | | |
| | KR9002364 | | | | | | | |
| | KR9005894 | | | | | | | |
| | NL191061 | | | | | | | |
| | NL8500065 | | | | | | | |
| | SE458447 | | | | | | | |
| | SE8500137 | | | | | | | |
| | SU413850 | | | | | | | |
| | WO8103484 | | | | | | | |
| | WO90/03598 | | | | | | | |

**OTHER REFERENCES** *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | |
|---|---|
| | Pacansky, et al. entitled "Photochemical Decomposition Mechanisms for AZ-Type Photoresists", Jan. 1979, pgs 42-55. |
| | Korchkov, et al. entitled "Low Temperature Dielectric Films From Octavinylsilsesquioxane", Dec. 1982, pgs. 373-376. |
| | Lavrent'yev, et al. entitled "Polyhedral Oligosilsesquioxanes and Their Homo Derivatives", August 1981, pgs, 199-236. |
| | Lavrent'yev, et al. entitled "Ethylmethyloctasesquioxanes: Products of the Reactions of Ethylpolycyclosiloxanes with Trichloromethylsilane. Their Chromatographic - Mass Spectrometric Investigation," 1981. |
| | Li, et al. entitled "Organosiloxane Based Bottom Antireflective Coatings for 193nm Lithography", pgs. 1-10. |
| | Li, et al. entitled "An Organosiloxane Spin On Bottom Antireflective Coatings for ArF Lithography", pgs. 1-9. |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | |

# Exhibit G



Honeywell's Docket No. 30-4725 DIV2 -4780
Examiner's Docket No. 7210425002-3221000

## IN THE UNITED STATE PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: **Kennedy, et al.** | Group:    **1712** |
| Serial No: **10/012,649** | Examiner: **M. Moore** |
| Filed:    **November 5, 2001** | |
| For:    **Spin-On-Glass Anti-Reflective Coatings for Photolithography** | |

## INFORMATION DISCLOSURE STATEMENT
## FILED WITH PAYMENT OF ISSUE FEE

Mail Stop Issue Fee
Assistant Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

Sir:

In accordance with the duty of disclosure imposed by 37 C.F.R. § 1.56 to inform the United States Patent and Trademark Office of all references coming to the attention of the Applicant(s) or attorneys or agents for Applicant(s) which are or may be material to the examination of the subject application, attorneys for the Applicant(s) hereby invite the Examiner's attention to the references listed in the accompanying PTO Form 1449 entitled "List of References Cited". Copies of US Patents and US Patent Publications are not enclosed, pursuant to the US Patent and Trademark Office waiver of this requirement under 37 C.F.R. § 1.98 (a)(2)(i).

This submission is understood to complement the results of the Examiner's own independent search. The submission of this Disclosure Statement should not be construed as a representation that a search was made, or that the cited items are inclusive of all relevant and material citations that may be available publicly.

03/18/2005 SSESHE1 00000044 502518  10012649
01 FC:1806     180.00 DA

1

IDS.01

Honeywell's Docket No. 30-4725 DIV2 -4780
Practitioner's Docket No. 7210425002-3221000

No item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in § 1.56(c) more than three months prior to the filing of the information disclosure statement.

Applicant(s) respectfully request that the Examiner review the foregoing references, as set forth in the Form PTO-1449, and that they be made of record in the file history of the above-captioned application.

Please charge account No. 502518 for the fee of $180.00 under 37 C.F.R. § 1.17(p).

Respectfully submitted,

Bingham McCutchen, LLP

Dated: March 15, 2005                    By: /Sandra P. Thompson/

/Sandra P. Thompson, PhD, Esq.
Reg. No. 46,264
E-mail: sandra.thompson@bingham.com

Attorneys for Applicant(s)
600 Anton Blvd., 18th Floor
Costa Mesa, CA 92626
Tel: 714-830-0622
Fax: 714-830-0700

2

IDS.01

| | ATTY. DOCKET NO. | SERIAL NO. |
|---|---|---|
| LIST OF REFERENCES CITED BY APPLICANT<br><br>*(Use several sheets if necessary)* | 7210425002-3221000 | 10/012649 |
| | APPLICANT<br><br>Baldwin, et al. | |
| | FILING DATE<br><br>November 5, 2001 | GROUP |

*(circular stamp: OIPE / MAR 17 2005 / PATENT & TRADEMARK OFFICE)*

## U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | US 2002/0031729 | 03/14/02 | Trefonas, III et al. | 430 | 322 | 07/03/01 |
| | | US 2002/0034630 | 03/21/02 | Cano et al. | 428 | 331 | 02/07/01 |
| | | US 2002/0055000 | 05/09/02 | Kennedy et al. | 428 | 447 | 11/05/01 |
| | | US 2002/0095018 | 07/18/02 | Baldwin et al. | 528 | 39 | 11/15/01 |
| | | US 2002/0102417 | 08/01/02 | Schutt et al. | 428 | 447 | 04/04/02 |
| | | US 2002/0127330 | 09/12/02 | Jin et al. | 427 | 162 | 01/24/02 |
| | | US 2002/0128388 | 09/12/02 | Kennedy et al. | 525 | 100 | 09/12/02 |
| | | US 2003/0120018 | 06/26/03 | Baldwin et al. | 528 | 39 | 11/19/02 |
| | | US 2003/0157391 | 08/21/03 | Coleman et al. | 429 | 34 | 02/05/03 |
| | | 3,784,378 | 01/08/74 | Gramas | 96 | 27 | 10/18/71 |
| | | 3,925,077 | 12/09/75 | Lewis et al. | 96 | 35.1 | 03/01/74 |
| | | 3,929,489 | 12/30/75 | Arcesi et al. | 96 | 115 | 09/14/73 |
| | | 4,018,606 | 04/19/77 | Contois et al. | 96 | 1.7 | 05/03/74 |
| | | 4,018,607 | 04/19/77 | Contois | 96 | 1 | 05/03/74 |
| | | 4,043,812 | 08/23/77 | Stolka et al. | 96 | 1.5 | 03/07/78 |
| | | 4,048,146 | 09/13/77 | Wilson | 260 | 63 | 12/20/76 |
| | | 4,052,367 | 10/04/77 | Wilson | 260 | 63 | 10/14/75 |
| | | 4,102,683 | 07/25/78 | DiPiazza | 96 | 38.4 | 07/25/78 |
| | | 4,348,471 | 09/07/82 | Shelnut et al. | 430 | 165 | 06/15/81 |
| | | 4,362,809 | 12/07/82 | Chen et al. | 430 | 312 | 03/30/81 |
| | | 4,363,859 | 12/14/82 | Sasaki et al. | 430 | 59 | 10/13/78 |
| | | 4,413,052 | 11/01/83 | Green et al. | 430 | 327 | 03/25/82 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 4,442,197 | 04/10/84 | Crivello et al. | 430 | 280 | 01/11/82 |
| 4,456,679 | 05/26/84 | Leyrer et al. | 430 | 326 | 08/22/83 |
| 4,557,996 | 12/10/85 | Aoyama et al. | 430 | 324 | 05/29/84 |
| 4,594,309 | 06/10/86 | Guillet | 430 | 270 | 10/31/84 |
| 4,609,614 | 09/02/86 | Pampalone et al. | 430 | 323 | 06/24/85 |
| 4,624,912 | 11/25/86 | Zweifel et al. | 430 | 258 | 02/06/85 |
| 4,678,835 | 07/07/87 | Chang et al. | 525 | 100 | 01/30/86 |
| 4,693,959 | 09/15/87 | Ashcraft | 430 | 323 | 03/07/86 |
| 4,705,729 | 11/10/87 | Sheats | 430 | 5 | 11/19/84 |
| 4,705,739 | 11/10/87 | Fisch | 430 | 276 | 04/24/86 |
| 4,708,925 | 11/24/87 | Newman | 430 | 270 | 07/08/86 |
| 4,731,264 | 03/15/88 | Lin et al. | 427 | 387 | 10/03/86 |
| 4,732,858 | 03/22/88 | Brewer et al. | 438 | 228 | 09/17/86 |
| 4,783,347 | 11/08/88 | Doin et al. | 427 | 379 | 10/09/85 |
| 4,816,049 | 03/28/89 | Hata et al. | 65 | 3.2 | 07/14/86 |
| 4,822,718 | 04/18/89 | Latham et al. | 430 | 271 | 02/04/86 |
| 4,863,827 | 09/05/89 | Jain et al. | 430 | 145 | 10/20/86 |
| 4,876,165 | 10/24/89 | Brewer et al. | 430 | 7 | 01/12/87 |
| 4,910,122 | 03/20/90 | Arnold et al. | 430 | 313 | 08/06/84 |
| 4,942,083 | 07/17/90 | Smith, Jr. | 428 | 252 | 05/16/88 |
| 4,970,134 | 11/13/90 | Bronstert et al. | 430 | 271 | 06/10/88 |
| 4,973,510 | 11/27/90 | Tanaka | 428 | 212 | 08/23/88 |
| 5,049,414 | 09/17/91 | Kato | 427 | 164 | 06/21/89 |
| 5,104,692 | 04/14/92 | Belmares | 427 | 164 | 04/20/90 |
| 5,173,368 | 12/22/92 | Belmares | 428 | 426 | 09/14/88 |
| 5,199,979 | 04/06/93 | Lin et al. | 106 | 287.14 | 11/25/88 |
| 5,328,975 | 07/12/94 | Hanson et al. | 528 | 29 | 04/02/93 |
| 5,359,022 | 10/25/94 | Mautner et al. | 528 | 23 | 11/03/93 |
| 5,432,007 | 07/11/95 | Naito | 428 | 447 | 10/05/93 |

| | | 5,439,872 | 08/08/95 | Ito et al. | | 503 | 227 | 06/23/94 |
|---|---|---|---|---|---|---|---|---|
| | | 5,449,712 | 09/12/95 | Gierke et al. | | 524 | 266 | 01/13/93 |
| | | 5,472,488 | 12/05/95 | Aliman | | 106 | 287.16 | 03/18/94 |
| | | 5,518,818 | 05/21/96 | Kidai et al. | | 428 | 412 | 10/04/93 |
| | | 5,580,819 | 12/03/96 | Li et al. | | 427 | 167 | 03/22/95 |
| | | 5,597,408 | 01/28/97 | Choi | | 106 | 481 | 11/30/95 |
| | | 5,661,196 | 08/26/97 | Mayer et al. | | 523 | 122 | 11/08/93 |
| | | 5,695,551 | 12/09/97 | Buckingham et al. | | 106 | 2 | 12/09/96 |
| | | 5,719,249 | 02/17/98 | Fujita et al. | | 528 | 27 | 06/27/96 |
| | | 5,744,243 | 04/28/98 | Li et al. | | 428 | 447 | 09/10/96 |
| | | 5,755,867 | 05/26/98 | Chikuni et al. | | 106 | 287.16 | 12/20/96 |
| | | 5,800,926 | 09/01/98 | Nogami et al. | | 428 | 447 | 11/15/96 |
| | | 5,855,960 | 01/05/99 | Ohnishi et al. | | 427 | 337 | 12/19/96 |
| | | 5,873,931 | 02/23/99 | Scholz et al. | | 106 | 13 | 10/29/96 |
| | | 5,929,159 | 07/27/99 | Schutt et al. | | 524 | 544 | 10/23/97 |
| | | 5,945,172 | 08/31/99 | Yamaya et al. | | 427 | 503 | 07/10/97 |
| | | 5,997,621 | 12/07/99 | Scholz et al. | | 106 | 13 | 10/07/98 |
| | | 6,025,077 | 02/15/00 | Yamaki et al. | | 428 | 447 | 05/26/98 |
| | | 6,051,310 | 04/18/00 | Cano et al. | | 428 | 336 | 05/07/97 |
| | | 6,174,977 | 01/16/01 | Ariyoshi et al. | | 526 | 194 | 10/25/99 |
| | | 6,180,025 | 01/30/01 | Schoenfeld et al. | | 252 | 299.01 | 04/16/99 |
| | | 6,194,534 | 02/27/01 | Baumann et al. | | 528 | 25 | 09/20/99 |
| | | 6,232,424 | 05/15/01 | Zhong et al. | | 528 | 12 | 12/13/99 |
| | | 6,268,457 | 07/31/01 | Kennedy et al. | | 528 | 39 | 06/10/99 |
| | | 6,323,268 | 11/27/01 | Fisher et al. | | 524 | 266 | 06/27/00 |
| | | 6,368,400 | 04/09/02 | Baldwin et al. | | 106 | 481 | 07/17/00 |
| | | 6,387,519 | 05/14/02 | Anderson et al. | | 428 | 447 | 07/31/00 |
| | | 6,420,088 | 07/06/02 | Angelopoulos et al. | | 430 | 272.1 | 06/23/00 |
| | | 6,432,191 | 08/13/02 | Schutt | | 106 | 287.13 | 02/08/01 |

MAR 17 2005
PATENT & TRADEMARK OFFICE

PEMP-37851.1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | 6,472,012 | 10/29/02 | Nakada et al. | 427 | 58 | 11/30/00 |
| | 6,488,394 | 12/03/02 | Mabe et al. | 362 | 510 | 08/22/00 |
| | 6,506,497 | 01/14/03 | Kennedy et al. | 428 | 447 | 01/26/00 |
| | 6,515,073 | 02/04/03 | Sakamoto et al. | 525 | 100 | 03/26/01 |
| | 6,592,999 | 07/15/03 | Anderson et al. | 428 | 447 | 07/31/01 |
| | 6,605,359 | 08/12/03 | Robinson et al. | 428 | 447 | 06/20/01 |
| | 6,605,360 | 08/12/03 | Kizaki et al. | 428 | 447 | 09/14/01 |
| | 6,605,362 | 08/12/03 | Baldwin et al. | 428 | 447 | 11/05/01 |
| | 6,623,791 | 09/23/03 | Sadvary et al. | 427 | 140 | 07/31/01 |
| | 6,635,341 | 10/21/03 | Barancyk et al. | 428 | 323 | 07/31/00 |
| | 6,676,740 | 01/13/04 | Matsumura et al. | 106 | 287.1 | 06/08/01 |
| | 6,730,454 | 05/04/04 | Pfeiffer et al. | 430 | 270.1 | 04/16/02 |
| | 6,756,124 | 06/29/04 | Kanamori et al. | 428 | 447 | 04/13/01 |
| | 6,777,092 | 08/17/04 | Hayashi et al. | 428 | 429 | 11/12/99 |
| | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| | | DE19852852 | | | | | | |
| | | EP0146411 | | | | | | |
| | | EP0152377 | | | | | | |
| | | EP0159428 | | | | | | |
| | | EP0184248 | | | | | | |
| | | EP0217137 | | | | | | |
| | | EP0225676 | | | | | | |
| | | EP0232872 | | | | | | |
| | | EP0388503 | | | | | | |
| | | EP0401499 | | | | | | |
| | | EP0422570 | | | | | | |
| | | EP0458651 | | | | | | |

PEMP-378S1.1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | GB1601288 | | | | | | | |
| | GB1385241 | | | | | | | |
| | JP01207310 | | | | | | | |
| | JP01245248 | | | | | | | |
| | JP03064763 | | | | | | | |
| | JP03152544 | | | | | | | |
| | JP03200257 | | | | | | | |
| | JP03209476 | | | | | | | |
| | JP53138485 | | | | | | | |
| | JP59093448 | | | | | | | |
| | JP60116132 | | | | | | | |
| | JP61020024 | | | | | | | |
| | JP61285450 | | | | | | | |
| | JP62184452 | | | | | | | |
| | JP63298334 | | | | | | | |
| | JP-B-3050459 | | | | | | | |
| | JP-J7-2000-74423 | | | | | | | |
| | WO 88/05180 | | | | | | | |
| | WO 90/03598 | | | | | | | |
| | WO 03/044077 | | | | | | | |
| | WO 03/044078 | | | | | | | |
| | WO 03/044600 | | | | | | | |
| | WO 2004/044025 | | | | | | | |

**OTHER REFERENCES** *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | | |
|---|---|---|
| | | Lin et al. "Linewidth Control Using Anti-Reflective Coating for Optical Lithography", pgs 399-402 |
| | | Tanaka et al. "A New Photolighography Technique with Antireflective Coating on Resist: ARCOR", pgs. 3900-3904 |
| | | Berg et al. "Antireflection coatings on metal layers for photolithographic purposes", pg 1212 |
| | | Brewer et al. "The Reduction of the Standing-Wave Effect in Positive Photoresists", pgs 184-186 |

| | | Resiser "Photoreactive Polymers - Multilayer Techniques and Plasma Processing", pgs 359-367 |
|---|---|---|
| | | Sheates "Photobleaching Chemistry of Polymers Containing Anthracese", pgs 332-348 |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | |

*EXAMINER:  Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

PGMP-37851.1

EXHIBIT H
REDACTED