**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

| | | |
|---|---|---|
| DIRECT DIAL<br>(302) 651-3116<br>DIRECT FAX<br>(888) 329-9462<br>EMAIL ADDRESS<br>JDANDERS@SKADDEN.COM | ONE RODNEY SQUARE<br>P.O. BOX 636<br>WILMINGTON, DELAWARE 19899-0636<br>———<br>TEL: (302) 651-3000<br>FAX: (302) 651-3001<br>www.skadden.com | FIRM/AFFILIATE OFFICES<br>———<br>BOSTON<br>CHICAGO<br>HOUSTON<br>LOS ANGELES<br>NEW YORK<br>PALO ALTO<br>SAN FRANCISCO<br>WASHINGTON, D.C.<br>———<br>BEIJING<br>BRUSSELS<br>FRANKFURT<br>HONG KONG<br>LONDON<br>MOSCOW<br>MUNICH<br>PARIS<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>TORONTO<br>VIENNA |

January 30, 2007

**<u>VIA CM/ECF & HAND DELIVERY</u>**
The Honorable Gregory M. Sleet
U.S. District Court for the
  District of Delaware
844 North King Street
Wilmington, DE 19801

                RE:    *Rohm and Haas Electronic Materials LLC v. Honeywell*
                      *International Inc.*, Case No. 06-297-GMS

Dear Judge Sleet:

      We write on behalf of Honeywell International Inc. ("Honeywell") in connection with the above-captioned patent infringement litigation. As you are aware, we submitted to the PTO requests for reexamination of both of the patents that the Plaintiff has asserted in this litigation -- U.S. Patent Nos. 6,472,128 B2 and 6,773,864 B1 (hereinafter the "'128 Patent" and "'864 Patent", respectively), and filed a motion to stay the litigation pending reexamination. We are writing now to apprise the Court that the PTO has granted Honeywell's request for reexamination on *all claims* of the '128 Patent. For your consideration, we have attached the PTO's order granting the request for reexamination, which includes a discussion of the prior art raising a "substantial new question of patentability".

      In addition, and as a follow-up to our January 17, 2007 letter, we are writing to inform you that "reexamination preprocessing" for the '864 Patent was completed and transferred to the Group Art Unit ("GAU") on January 29, 2007. The filing date for the '864 reexamination request is listed as January 19, 2007, which means that the PTO must decide whether to grant the '864 reexamination request by April 19, 2007. In view of the fact that the PTO decided to grant the

'128 reexamination request less than 3 weeks after the '128 reexamination request was transferred to the GAU, we believe that it is likely that the PTO will make a decision on the '864 request before that date. Moreover, given the strength of the '864 reexamination request and the PTO's decision to grant reexamination of the related '128 Patent, we are confident that the PTO will grant reexamination of the '864 Patent.

These developments strengthen the arguments set forth in Honeywell's briefs in support of its motion to stay the litigation pending reexamination. Accordingly, we believe that the motion to stay should be granted. We will keep the Court apprised of any further developments.

Respectfully submitted,

*/s/ Jeremy D. Anderson*

Jeremy D. Anderson (I.D. 4515)

Enclosure

cc:   Rudolf E. Hutz, Esq.
      Daniel C. Mulveny, Esq.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,359 | 12/04/2006 | 6472128 | | 8757 |

| 53884 | 7590 | 01/25/2007 |
|---|---|---|

ROHM AND HAAS ELECTRONIC MATERIALS LLC
455 FOREST STREET
MARLBOROUGH, MA  01752

| EXAMINER |
|---|
| Stephen J. Stein |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3991 | IFW |

DATE MAILED: 01/25/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

1/25/07

CONSTANCE S. HUNTER

SKADDEN ARPS SLATE MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK, NY 10036

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO 90/008359
PATENT NO. 6,472,128
ART UNI 3991

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a replly has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/008,359 | 6472128 |
| | Examiner | Art Unit |
| | Stephen J. Stein | 3991 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>04 December 2006</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☒ PTO-892,    b)☐ PTO/SB/08,    c)☐ Other: _____

1. ☒ The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐ The request for *ex parte* reexamination is DENIED.

   This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

   In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐ by Treasury check or,

   b) ☐ by credit to Deposit Account No. _____, or

   c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

*Stephen J Stein*
Stephen J Stein
Primary Examiner
Art Unit: 3991

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)             Office Action in *Ex Parte* Reexamination             Part of Paper No. 20070109

## Reexamination

### Decision on Reexamination Request

1.　A substantial new question of patentability affecting claims 1-16 of US 6,472,128 ("'128 patent") is raised by the request for reexamination, which was filed on December 4, 2006, by the Third Party Requester.

### Extension of Time

2.　Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that ex parte reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in ex parte reexamination proceedings are provided for in 37 CFR 1.550(c).

### Substantial New Question of Patentability

3.　The presence or absence of "a substantial new question of patentability" determines whether or not reexamination is ordered.

　　For a "substantial new question of patentability" to be present, it is only necessary that:

　　A) the prior art patents and/or printed publications raise a substantial new question of patentability for at least one claim, such that a reasonable examiner would consider the teaching to be important in deciding whether or not the claim was patentable. A SNQ may be based on newly cited art or even solely on old art where the old art is being presented/viewed in a new light, or in a different way, as compared with its use in earlier concluded examination(s), in view of a material new argument or interpretation presented in the request. (MPEP 2242).

B) the same question of patentability as to the claim has not been decided by the Office in a previous examination or pending reexamination of the patent or in a final holding of invalidity by the Federal Courts, after appeals, or time for such have expired.

### *Discussion of the Documents Cited in the Request*

*U.S. Patent No 4,910,122 ("Arnold") issued March 20, 1990*

4.    The request indicates that claims 1, 2, 4, 5, 7-10 and 14-16 are unpatentable over newly raised prior art, U.S. Patent No 4,910,122 ("Arnold").

As pointed out on pages 8-11 of the request, Arnold discloses antihalation compositions comprising a polymeric resin, such as a polyimide resin (See column 2, lines 19-27), and an organic dye to absorb reflected light resulting from the exposure of an over-coated photoresist layer. The request further points out that Arnold discloses spin-coating the antihalation composition on a silicon wafer, applying a layer of photoresist over the antihalation composition, exposing the resulting coated substrate to activating radiation, developing the exposed photoresist, then etching the coated substrate using an oxygen plasma (See column 4, lines 39-57; examples 1 and 2, column 5, lines 1-55). The request finally point out that Arnold still further discloses that the patterned antireflective coating and photoresist may be etched using an oxygen plasma (See column 3, line 66 to column 4, line 3; column 4, lines 52-54; col. 5, lines 45-51). There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable.

Although the teachings of Arnold were considered by the examiner during the prosecution of the application which became the '128 patent, no teachings in Arnold were

discussed during the prosecution of the application. Accordingly, the art is being viewed in a new light, or in a different way, as compared with its use in the earlier concluded examination, in view of a material new argument or interpretation presented in the request. See Ex parte Chicago Rawhide Mfg. Co., 223 USPQ 351 (Bd. Pat. App. & Inter. 1984). Consequently, Arnold raises a substantial new question of patentability as to claims 1, 2, 4, 5, 7-10 and 14-16, which has not been decided in a previous examination of the '128 patent.

### *U.S. Patent No. 4,413,052 ("Green"), issued November 10, 1981*

5.      The request indicates that claim 5 is unpatentable over newly raised prior art, U.S. 4,413,052 ("Green").

As pointed out on pages 16 and 30 of the request, Green discloses anthracene-containing photopolymerizable and photocrosslinkable compositions useful for forming relief images on substrates (See Abstract). The requester further point out that Green discloses that the photocrosslinkable compositions are layered on to a substrate (such as copper or aluminum)(See column 14, lines 37). The compositions are then photopolymerized to form polymers on such substrates (See column 4, line 63 to column 5, line 24). The requester still further points out that the relief image is then formed using photo cross-linking of the polymerized compound through a mask and developing the resulting material (See column 5, lines 25-34). There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable.

Although the teachings of Green were considered by the examiner during the prosecution of the application which became the '128 patent, no teachings in Green were discussed during

the prosecution of the application. Accordingly, the art is being viewed in a new light, or in a different way, as compared with its use in the earlier concluded examination, in view of a material new argument or interpretation presented in the request. See Ex parte Chicago Rawhide Mfg. Co., 223 USPQ 351 (Bd. Pat. App. & Inter. 1984). Consequently, Green raises a substantial new question of patentability as to claim 5, which has not been decided in a previous examination of the '128 patent.

***U.S. Patent No. 4,863,827 ("Jain"), issued September 5, 1989***

6.  The request indicates that claims 1, 2, 4, 5, 6, 9, 10 and 14 are unpatentable over newly raised prior art U.S. Patent No. 4,863,827 ("Jain").

As pointed out on pages 16-18 and 24-36 of the request, Jain discloses a process for forming a multi-level photosensitive element consisting of a substrate coated with a first and a second photosensitive layer wherein the first the first photosensitive layer is formed using a novolak or polyvinyl phenol resin, an o-quinonediazide compound including anthrocene compounds, and an acid catalyzed cross-linker compound, such as melamine formaldehyde resins (See column 16, lines 49 - column 17, lines 30-58 and column 18, lines 64-68). The requester further point out that Jain discloses that when these diazides are exposed to actinic radiation, they generate an acid which catalyzes a cross-linking reaction between the alkali soluble resin and the cross-linker compound (See column 5, lines 1-7). The requester still further points out that the degree of cross-linking may be controlled by adjusting the dosage and temperature of the post-exposure bake and that if no post-exposure bake is used, the first

photoresist layer behaves as a conventional positive resist (See column 2, lines 53-68). It is further pointed out by the requester that organic dyes and adhesion promoters may be added to the first photosensitive layer before it is coated on the substrate and that the organic dyes help provide increased resolution by inhibiting the back scattering of light off the substrate (See column 17, lines 59-64 and col. 18, lines 4-6). These adhesion promoters are also capable of cross-linking element (See Abstract and column 17, lines 51-58). Suitable substrates include silicon, aluminum, polymeric resins, silicon dioxide, doped silicon dioxide, silicon nitride, tantalum, copper, polysilicon, ceramics or aluminum/copper mixtures (See column 18, lines 64-68). The first photosensitive layer is coated or/a substrate, dried and cross-linked (See column 4, lines 17-19 and Example 1, column 21). The second photosensitive layer is then applied over the first layer (See column 5, lines 19-25 and Example 1). The second photosensitive layer may include light sensitive materials such as diazonapthoquinone compounds (anthrocene) that behave as positive photoresists in the absence of a post-exposure bake (See column. 1, lines 11-17 and 67-68) The requester finally points out that Jain discloses that the resists may be further etched using a suitable etchant (See column 2, lines 16-50 and column 5, lines 26 –32). There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable.

Although the teachings of Jain were considered by the examiner during the prosecution of the application which became the '128 patent, no teachings in Jain were discussed during the prosecution of the application. Accordingly, the art is being viewed in a new light, or in a different way, as compared with its use in the earlier concluded examination, in view of a material new argument presented in the request. See Ex parte Chicago Rawhide Mfg. Co., 223

USPQ 351 (Bd. Pat. App. & Inter. 1984). Consequently, Jain raises a substantial new question of patentability as to claim 1, 2, 4, 5, 6, 9, 10 and 14, which has not been decided in a previous examination of the '128 patent.

### *U.S. Patent No. 3,884,702 ("Koshimo"), issued May 20, 1975*

The request indicates that claims 1 and 5 are unpatentable over newly raised prior art U.S. Patent No. 3,884,702 ("Koshimo") in combination with previously discussed Arnold or Jain.

As pointed out on pages 5, 24 and 29 of the request, Koshimo discloses a substrate coated with an adhesive layer and a photoresist made of a polyamide material (See column 8, lines 10-17 and column 9, lines 62-64). The requester further points out that Koshimo states: that the substrate can include "electronic materials" (See column 8, lines 59-65) and that the antihalation layer comprises a resin binder and a suitable dye, such as Anthroquinone Violet (See column 8, line 67). There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable.

The teachings of Koshimo were not considered during the prosecution of the application which became the '128 patent. Accordingly, Koshimo in combination with Arnold or Jain raises a substantial new question of patentability as to claims 1 and 5, which has not been decided in a previous examination of the '128 patent.

***U.S. Patent No. 4,935,320 ("Rohde"), issued June 9, 1990.***

7.  The request indicates that claims 1-16 are unpatentable over newly raised prior art U.S. Patent U.S. Patent No. 4,935,320 ("Rohde").

As pointed out on pages 20-27 of the request, Rhode discloses a coated material comprising (1) a microelectronic substrate wafer that can bear a relief image, (2) a photostructurable negative working adhesive layer, and (3) a self-supporting polyimide homo- and co-polymers, and mixtures of such polyimide homo- and co-polymers and other polymers, (See column 11, lines 25-32 and column 33, lines 17-18) may be used as an overlying photocrosslinkable film. The adhesive layer of Rohde is specifically designed to have antireflective properties, and may contain "anti-halo dyes" (See Column 31, lines 5-12; column 31, line 65 - col. 32, line 19; preparation example 8, col. 35, lines 21-47. The requester further points out the Rhode discloses that the adhesive layer may also comprise anthracene-containing polyimide polymers and that this composition may further contain cross-linkers (See column 4, lines 49-62, column 1, lines 43-68 and column 26, line 36 - column 27, line 49 and column 13, lines 13-27). There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable.

The teachings of Rhode were not considered during the prosecution of the application which became the '128 patent. Accordingly, Rhode raises a substantial new question of patentability as to claims 1-16, which has not been decided in a previous examination of the '128 patent.

*Silverstein, et al. "Spectrometric Identification of Organic Compounds", John Wiley and Sons, 1991 pp. 309-311 ("Silverstein"), published 1991.*

8.    The request indicates that claims 1, 2 and 5 are unpatentable over newly raised prior art Silverstein in combination with previously discussed Arnold. As pointed out on pages 23-27, 29 and 30, Silverstein discloses the UV-visible absorption spectrum of anthracene that shows that anthracene absorbs strongly in the DUV and has a maximum absorbance near 250 nm. The teachings of Silverstein in combination with Arnold were not considered during the prosecution of the application which became the '128 patent. Accordingly, Silverstein in combination with Arnold raises a substantial new question of patentability as to claims 1, 2 and 5, which has not been decided in a previous examination of the '128 patent.

*Brewer, T., et al., "The Reduction Of The Standing Wave Effect In Positive Photoresists," Journal of Applied Photographic Engineering, Vol. 7, no. 6, pp. 184-186 (Dec. 1981). ("Brewer")*

9.    The request discusses the general teachings of Brewer relative the field of technology of the claimed invention, but does not assert that Brewer alone or in combination with any cited prior art is makes any of the claims of the '128 patent unpatentable. Further, the requester, does not address how the teachings of Brewer relate to specific limitations within claims 1-16 of the '128 patent. Therefore, Brewer fails to raise a substantial new question of patentability to any of the claims in the '128 patent.

*Y.-C. Lin, et al., "Some Aspects Of Anti-Reflective Coatings For Optical Lithography," Advances Resist Tech., Proc., SPIE Vol. 469, pp. 30-37 (1984) ("Lin")*

10.    The request discusses the general teachings of Lin relative the field of technology of the claimed invention, but does not assert that Linn alone or in combination with any cited prior art is makes any of the claims of the '128 patent unpatentable. Further, the requester, does not address how the teachings of Lin relate to specific limitations within claims 1-16 of the '128 patent. Therefore, Lin fails to raise a substantial new question of patentability to any of the claims in the '128 patent.

*Crivello et al., J. Polym. Sci.: Polym. Chem 21 (1983) 97-109 (Crivello).*

11.    On page 22 of the request, the requester notes the teaching in Crivello that Copper onium salts are known to be both thermal and photoacid generators. However, the request does not assert that Crivello alone or in combination with any cited prior art is makes any of the claims of the '128 patent unpatentable. Further, the requester, does not address how the teachings of Crivello relate to specific limitations within claims 1-16 of the '128 patent. Therefore, Crivello fails to raise a substantial new question of patentability to any of the claims in the '128 patent.

*U.S. Patent No. 4,299,938 ("Green '938"), issued November 10, 1981.*

12.    The IDS that accompanies the request for reexamination by third party cites the Green '938 patent, however, the request does not discuss any of the teachings in the Green '938 patent. Additionally, Green '938 were considered by the examiner during the prosecution of the

application which became the '128 patent. Since material new argument or interpretation of the teachings of the Green '938 patent have not been presented in the request, the art is <u>not</u> being viewed in a new light, or in a different way, as compared with its use in the earlier concluded examination. Accordingly, Green '938 fails to raise a substantial new question of patentability to any of the claims in the '128 patent.

### *Conclusion*

13. A substantial new question of patentability was found with regard to claims 1-16 of US 6,472,128.

### *Duty to Disclose*

14. The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No 5,897,930 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

### *Future Correspondence*

15. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Stephen Stein whose telephone number is 571-272-1544. The examiner can normally be reached on Monday through Friday from 8:30 a.m. to 5:00 p.m. If the attempts to reach the examiner are unsuccessful, the examiner's supervisor, Deborah Jones can

Application/Control Number: 90/008,359    Page 12
Art Unit: 3991

be reached by dialing 571-272-1535. The official fax number for the organization where this application is assigned is 571-273-9900.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

All correspondence relating to this *ex parte* reexamination proceeding should be directed as follows:

By **U.S. Postal Service Mail** to:

    Mail Stop *Ex Parte* Reexam
    ATTN: Central Reexamination Unit
    Commissioner for Patents
    P.O. Box 1450
    Alexandria, VA 22313-1450

By FAX to:  (571) 273-9900
           Central Reexamination Unit

By hand to:  Customer Service Window
           Randolph Building
           401 Dulany St.
           Alexandria, VA 22314

January 23, 2007

*[signature]*

Stephen J. Stein
Primary Examiner
Art Unit 3991

Conferee *[signature]*　　　　　　　　　　　　Conferee *[signature]*

      KILEY STONER　　　　　　　　　　　　　　　　DEBORAH D. JONES
 CRU EXAMINER-AU 3991　　　　　　　　　　　　　　SPRE-AU 3991
　　　　　　　　　　　　　　　　　　　　　　　　CENTRAL REEXAMINATION UNIT

U.S. Mail No. EV 693360478

SHEET 1 OF 1

| FORM PTO-1449 | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY DOCKET NO. | U.S. PATENT NO. 6,472,128 B2 |
|---|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | APPLICANT Thackeray | EXAMINER To be assigned |
| (USE SEVERAL SHEETS IF NECESSARY) | | FILING DATE 12/31/02 | GROUP ART UNIT To be assigned |
| | | | |
| | | | |

**U.S. PATENT DOCUMENTS**

| EXAMINER INITIAL | Designation | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE (IF APPROPRIATE) |
|---|---|---|---|---|---|---|---|
| SJS | Arnold | 4,910,122 | 03/20/90 | Arnold et al. | | | 08/06/84 |
| SJS | Green | 4,413,052 | 11/01/83 | Green et al. | | | 03/25/82 |
| SJS | Green '938 | 4,299,938 | 11/10/81 | Green et al. | | | 08/09/80 |
| SJS | Jain | 4,863,827 | 09/05/89 | Jain et al. | | | 10/20/86 |
| SJS | Koshimo | 3,884,702 | 05/20/75 | Koshimo et al. | | | 12/14/72 |
| SJS | Rohde | 4,935,320 | 06/19/90 | Rohde et al. | | | 08/12/88 |

| EXAMINER INITIAL | | OTHER DOCUMENTS (INCLUDING AUTHOR, TITLE, DATE, PERTINENT PAGES, ETC.) |
|---|---|---|
| SJS | Brewer | Brewer, T., et al., "The Reduction of the Standing Wave Effect in Positive Photoresists," *Jour. Appl. Photogr. Eng.*, Vol. 7, no. 6, pp. 184-186 (Dec. 1981). |
| SJS | Crivello | Crivello et al., *J. Polym. Sci.: Polym. Chem.* 21 (1983) 97-109. |
| SJS | Degussa | Silanes for Adhesives and Sealants |
| SJS | Lin | Y.-C. Lin, et al., "Some Aspects of Anti-Reflective Coating for Optical Lithography," *Advances Resist Tech., Proc.*, SPIE vol. 469, pp. 30-37 (1984) |
| SJS | Silverstein | Silverstein et al. "7.4 Characteristic Absorption of Organic Compounds." *Spectrometric Identification of Organic Compounds*, 4th Ed., John Wiley & Sons, 1981. pp. 309-311. |
| | | |
| | | |

| EXAMINER | [signature] | DATE CONSIDERED | 1/23/07 |
|---|---|---|---|

*EXAMINER: INITIAL IF CITATION CONSIDERED, WHETHER OR NOT CITATION IS IN CONFORMANCE WITH MPEP 609; DRAW LINE THROUGH CITATION IF NOT IN CONFORMATNCE AND NOT CONSIDERED. INCLUDE COPY OF THIS FORM WITH NEXT COMMUNICATION TO APPLICANT.