**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROHM AND HAAS ELECTRONIC | ) | |
| MATERIALS LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-297-GMS |
| | ) | |
| v. | ) | |
| | ) | |
| HONEYWELL INTERNATIONAL INC. | ) | |
| | ) | |
| Defendant. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

**STIPULATED EXTENSION OF TIME**

It is hereby stipulated, by and between the parties, subject to the approval of the Court, as follows:

The parties have reached an agreement in principle to settle this case and have agreed that this case shall be stayed for **thirty (30) days** to allow the parties time to negotiate and finalize a formal settlement agreement.

In light of this stay, all pending deadlines in the November 13, 2006 Scheduling Order (D.I. 23, as amended by D.I. 52) shall be extended by **one month**. An amended Scheduling Order is attached hereto as Exhibit A.

| | |
|---|---|
| /s/ Daniel C. Mulveny | /s/ James D. Taylor, Jr. |
| Daniel C. Mulveny, Esquire (#3984) | James D. Taylor, Jr., Esquire (#4009) |
| 1007 N. Orange Street | 1000 West Street, Suite 1410 |
| Wilmington, DE. 19801 | Wilmington, DE. 19801 |
| (302) 658-9141 | (302) 552-4200 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

IT IS SO ORDERED this _____ day of May, 2007

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
The Honorable Gregory M. Sleet
U.S. District Court Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROHM AND HAAS ELECTRONIC MATERIALS LLC | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-297-GMS |
| v. | ) ) | |
| HONEYWELL INTERNATIONAL INC. | ) ) | |
| Defendant. | ) ) | |

**AMENDED SCHEDULING ORDER**

This _____ day of _____ 2007, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on **November 1, 2006**, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.   **Rule 26(a) Initial Disclosures**: The parties agree to waive the Rule 26(a) Initial Disclosures.

2.   **Joinder of other Parties and Amendment of Pleadings**: All motions to join other parties and amend the pleadings shall be filed on or before **February 5, 2007**, subject to the Stipulation and Order of Voluntary Dismissal of Defendants, Honeywell Electronic Materials Inc. and Honeywell Specialty Materials, LLC.

3.   **Reliance Upon Advice of Counsel**: Defendant shall inform plaintiffs whether it intends to rely upon advice of counsel as a defense to willful infringement no later than **June 1, 2007**. If defendant elects to rely on advice of counsel as a defense to

willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than **June 1, 2007**.

4.      ***Markman* Claim Construction Hearing**: A *Markman* claim construction hearing shall be held on _____, **2007** at _____  The *Markman* hearing is scheduled for a total of 6 hours with each side having 3 hours.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues.  On or before **July 2, 2007**, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence.  The parties shall exchange opening claim construction briefs on **July 30, 2007**, and the answering claim construction briefs on **September 4, 2007**.

5.      **Discovery**: All fact discovery in this case shall be initiated so that it will be completed on or before **July 1, 2007**.  Expert Discovery in this case shall be initiated so that it will be completed on or before **February 7, 2008**.  Opening expert reports by the party bearing the burden of proof on each issue shall be served on or before **December 5, 2007**.  Answering expert reports by the opposing party shall be served on or before **January 4, 2008**.

a.      **Depositions**:  Each side may take up to ten (10) party fact depositions and five (5) third party fact depositions.  Deposition of a former employee of a party will be considered a party fact deposition.  The parties reserve the right to request additional depositions if, during the course of discovery, it becomes apparent that additional depositions are necessary.  The parties agree to meet and confer to resolve any such requests for additional depositions.

b.     **<u>Interrogatories</u>**:  Each side may serve up to thirty-five (35) interrogatories.  The parties reserve the right to request additional interrogatories if, during the course of discovery, it becomes apparent that additional interrogatories are necessary.  The parties agree to meet and confer to resolve any such requests for additional interrogatories.

c.     **<u>Requests for Admission</u>**: Each side may serve up to thirty-five (35) requests for admission.  The parties reserve the right to request additional depositions if, during the course of discovery, it becomes apparent that additional requests for admission are necessary.  The parties agree to meet and confer to resolve any such requests for additional requests for admission.

d.     **<u>Discovery and Scheduling Matters</u>** : Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute.  A sample letter can be located on this court's website at <u>www.ded.uscourts.gov</u>.  Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **<u>TWO PAGE LETTER</u>**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

6.    **Confidential Information and Papers filed under Seal**: Should counsel

find it will be necessary to apply to the court for a protective order specifying terms and

conditions for the disclosure of confidential information, they should confer and attempt

to reach an agreement on a proposed form of order and submit it to the court within ten

(10) days from the date of this order.  When filing papers under seal, counsel should

deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the**

**contents of the joint proposed protective order, then they shall follow the dispute**

**resolution process outlined in paragraph 5(d).**

7.    **Settlement Conference**: The parties agree that the possibility of

settlement may be enhanced by referral to United States Magistrate Judge Thynge.

Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the

purpose of exploring the possibility of a settlement.  The parties expect to be contacted by

United States Magistrate Judge Thynge to schedule a settlement conference with counsel

and the clients.

8.    **Summary Judgment Motions**: Prior to filing any summary judgment

motion, the parties must submit letter briefs seeking permission to file the motion.  The

opening letter brief shall be no longer than five (5) pages and shall be filed with the Court

no later than **October 24, 2007**.  Answering letter briefs shall be no longer than five (5)

pages and filed with the court no later than **November 7, 2007**.  Reply letter briefs shall

be no longer than three (3) pages and filed with the Court on or before **November 15,**

**2007**.  The Court shall hold a Status Teleconference to hear argument and to determine

whether the filing of any motion for summary judgment will be permitted on

_____, 2007 at _____.  **Unless the Court directs otherwise, no**
**letter requests to file a motion for summary judgment may be filed at a time before**
**the dates set forth in paragraph 8.**

9.      **Case Dispositive Motions**: All case dispositive motions and an opening
brief and affidavits, if any, in support of the motion shall be served and filed on or before
**December 15, 2007** or two weeks following the Court's decision to grant permission to
file a motion for summary judgment, whichever is later.  Briefing will be presented
pursuant to the court's Local Rules, unless the parties agree to an alternative briefing
schedule.  Any such agreement shall be in writing and filed with the Court for the Court's
approval.  Any request for extensions of time as set forth in this Scheduling Order **must**
be accompanied by an explanation or your request will be denied.

10.     **Applications by Motion**: Except as provided in this Scheduling Order or
for matters relating to scheduling, any application to the Court shall be by written motion
filed, via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel
shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive
motion should contain the statement required by Local Rule 7.1.1.

11.     **Oral Argument**: If the Court believes that oral argument is necessary, the
Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12.     **Motions *in Limine***: No party shall file more than ten (10) motions *in
limine*.  Opening and answering briefs shall not exceed five (5) pages and reply briefs
shall not exceed three (3) pages.  Motions *in limine* are due on or before **January 10,
2008** with oppositions due on **January 21, 2008** and replies on **February 4, 2008**.  All
*Daubert* issues shall be briefed on the same schedule as *in limine* motions.

13.    **Pretrial Conference**: On _____, **2008**, beginning at

_____, the Court will hold a Pretrial Conference in Chambers with counsel.  Unless

otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial

Order (a sample form of Pretrial Order can be located on this court's website at

www.ded.uscourts.gov) satisfies the pretrial disclosure requirement in Federal Rule of

Civil Procedure 26(a)(3).  On _____, plaintiff's counsel shall

forward to defendant's counsel a draft of the pretrial order containing the information

plaintiff proposes to include in the draft.  On _____, defendant's

counsel shall provide to plaintiff's counsel the information defendant proposes to include

in the proposed pretrial order.  Thereafter, the parties shall meet and confer to exchange

their comments on _____.  The parties shall file with the court the

joint proposed final pretrial order with the information required by the form of Final

Pretrial Order which accompanies this Scheduling Order on or before _____.

14.    **Trial**: This matter is scheduled for a **10-day jury trial** beginning at

_____ **2008** on _____.

15.    **Scheduling**: The parties shall contact chambers, at (302) 573-6470, only

in situations where scheduling relief is sought, and only then when ALL participating

counsel is on the line for purposes of selecting a new date.

IT IS SO ORDERED:

_____
HON. GREGORY M. SLEET
United States District Judge

On this _____ day of _____, 2007

536530_1.DOC