IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROHM AND HAAS ELECTRONIC MATERIALS LLC )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HONEYWELL INTERNATIONAL INC. )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 06-297-GMS |

**PLAINTIFF ROHM AND HAAS ELECTRONIC MATERIALS LLC'S
NOTICE TO TAKE THE DEPOSITION OF DEFENDANT HONEYWELL
INTERNATIONAL INC. PURSUANT TO FEDERAL RULE 30(b)(6)
CATEGORIES I - X**

PLEASE TAKE NOTICE that Plaintiff Rohm and Haas Electronic Materials LLC ("Rohm and Haas"), by its attorneys, will take the deposition upon oral examination of the person or persons designated by Defendant Honeywell International Inc. ("Honeywell") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The deposition will take place at the offices of Connolly Bove Lodge & Hutz, LLP, The Nemours Building, 1007 North Orange Street, Wilmington, DE 19899 on July 16, 2007 at 9:00 a.m., or at such other time and location as mutually agreed upon, and will continue from day to day at the time and place until completed.

The deposition will be taken before a Notary Public or some other officer authorized to administer an oath. Testimony will be recorded by stenographic means and may also be recorded by videotape (audio-and-visual).

In accordance with Fed. R. Civ. P. 30(b)(6), Defendant shall designate one or more officers, directors, managing agents, employees or other persons to testify on its

1

behalf as to matters known or reasonably available to them considering the subject matter described in Exhibit A attached hereto.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Daniel C. Mulveny
Rudolf E. Hutz (#484)
Daniel C. Mulveny (#3984)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiff*

DATED: June 20, 2007
546117_1.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2007, I electronically filed **PLAINTIFF ROHM AND HAAS ELECTRONIC MATERIALS LLC'S NOTICE TO TAKE THE DEPOSITION OF DEFENDANT HONEYWELL INTERNATIONAL INC. PURSUANT TO FEDERAL RULE 30(b)(6) CATEGORIES I - X** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

James D. Taylor, Jr.
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801

I hereby certify that on June 20, 2007, I have mailed by First Class Mail, the document(s) to the following non-registered participant:

Constance S. Huttner
Buchanan Ingersoll & Rooney PC
One Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1417

                                              /s/ Daniel C. Mulveny
                                              Rudolf E. Hutz (484)
                                              Daniel C. Mulveny (3984)
                                              CONNOLLY BOVE LODGE & HUTZ LLP
                                              1007 North Orange Street
                                              P.O. Box 2207
                                              Wilmington, DE  19899-2207
                                              (302) 658-9141 (telephone)
                                              (302) 658-5614 (telefax )
                                              *Attorneys for Plaintiff*

546117_1.DOC

**EXHIBIT A**

**EXHIBIT A**

# EXHIBIT A

## Definitions and Explanations

Rohm and Haas hereby incorporates by reference the Definitions and Explanations found in Rohm and Haas's previously-served Second Set of Requests for Production of Documents, Electronically Stored Information, and Things as though fully set forth herein.

### Category I -- Sales and Customers of DUO/SLAM

(A) The amount of sales (both domestic and foreign) of Honeywell's DUO/SLAM products.

(B) The amount of sales (both domestic and foreign) of Honeywell's antireflective materials.

(C) The unit price of Honeywell's DUO/SLAM products.

(D) Honeywell's costs to make Honeywell's DUO/SLAM products.

(E) Balance sheets for Honeywell.

(F) Forecasted sales volume, price, gross margin for Honeywell's DUO/SLAM products.

(G) The profit margin (both gross and net) that Honeywell makes (or does not make if negative) for each of Honeywell's DUO/SLAM products.

(H) The profit margin (both gross and net) that Honeywell makes (or does not make if negative) for each of Honeywell's antireflective materials.

(I) The royalties that Honeywell has either paid or received related to licensing Honeywell's DUO/SLAM products.

1

(J) The royalties that Honeywell has either paid or received related to licensing Honeywell's antireflective materials.

(K) The royalty that Honeywell contends would be reasonable to compensate Rohm and Haas for Honeywell's infringement of the patents in suit if Honeywell was found liable for infringement.

(L) Royalty rates that are or could be reasonable for a license granting the right to make, use, produce, import, export, or sell SLAM 193, DUO 193, SLAM 248, and/or DUO 248.

(M) The customers (US and foreign) of Honeywell's DUO/SLAM products.

(N) The customers (US and foreign) of Honeywell's antireflective materials.

(O) Honeywell's policy, instruction or practice concerning the licensing of intellectual property rights from others or to others, including but not limited to policies, instructions or practices regarding the circumstances under which defendants will take or grant a license, the factors that defendants consider when deciding whether and under what terms to incorporate in such license, the amounts and royalty rates that defendants have either offered or agreed to accept for such a license.

(P) Reports, valuations, appraisals or audits, whether legal, technical or financial, by Honeywell or any outside consultant or firm, relating to any Rohm and Haas patent related to Honeywell's DUO/SLAM products, including but not limited to all supporting work papers, calculations, notes, drafts, bills, invoices, reference documents, management letters, and attorney audit letters.

(Q) Any non-infringing alternatives which Honeywell may assert in this action as to any composition or method Rohm and Haas alleges infringes any claim of the

2

patents in suit, and all characteristics, properties, methods, procedures, and costs of any alleged non-infringing alternative, as well as any comparisons between any composition or method Rohm and Hass alleges infringe any claim of the patents in suit and the alleged non-infringing alternative.

### Category II -- Use of Duo/Slam By Honeywell's Customers

(A) The use of Honeywell's DUO/SLAM products by Honeywell's customers.

(B) Honeywell's knowledge of its customers' use of Honeywell's DUO/SLAM products.

(C) Honeywell's knowledge of its customers' use of Honeywell antireflective materials.

(D) Honeywell's instructions to its customers on how to use DUO/SLAM products.

(E) Honeywell's instructions to its customers on how to use Honeywell's antireflective materials.

(F) Intel's use of DUO/SLAM products.

(G) Intel's use of Honeywell antireflective materials other than DUO/SLAM.

(H) Whether Honeywell intends for or encourages its customers to apply any of Honeywell's DUO/SLAM products on a substrate and further whether Honeywell intends for or encourages its customers to apply a layer of a photoresist composition over the Honeywell products.

(I) Honeywell's contention (if any) that Honeywell does not intend for its customer(s) of Honeywell's DUO/SLAM products to apply the products on a substrate and then for its customers to apply a layer of photoresist over the layer of the products.

(J) The uses for Honeywell's DUO/SLAM products other than being used as an antireflective material that is coated on a substrate and then a photoresist composition is applied over the Honeywell products.

(K) The advertising, promotion, solicitation, and marketing of Honeywell's DUO/SLAM products.

(L) Any indemnification of (or by) Honeywell by (or of) any person concerning: (a) the manufacture of Honeywell's DUO/SLAM products or; (b) the use, import, export, distribution or sale of Honeywell's DUO/SLAM products.

(M) Any indemnification of (or by) Honeywell by (or of) any person concerning: (a) the manufacture of Honeywell's antireflective materials or; (b) the use, import, export, distribution or sale of Honeywell's antireflective materials.

**Category III -- Composition, Development, and Manufacture of DUO/SLAM**

(A)  The identity of all ingredients in each of Honeywell's DUO/SLAM products.

(B)  The identity of all ingredients in each of Honeywell's antireflective materials other than DUO/SLAM.

(C)  The composition of Honeywell's DUO/SLAM products.

(D)  The composition of Honeywell's antireflective materials other than DUO/SLAM.

(E)  Silicon materials in Honeywell's DUO/SLAM products.

(F)  Siloxane-based polymers in Honeywell's DUO/SLAM products.

(G)  Anthracene materials in Honeywell's DUO/SLAM products.

(H)  Crosslinkers in Honeywell's DUO/SLAM products.

(I)  Dyes in Honeywell's DUO/SLAM products.

(J)  The research, design, composition, development or manufacture of, an explanation and description of the selection of, and specification for, all ingredients in Honeywell's DUO/SLAM products.

(K)  How Honeywell developed DUO/SLAM, including whether Intel requested Honeywell to develop the products.

(L)  The manufacture of Honeywell's DUO/SLAM products.

**Category IV -- Patent Terms**

(A)   The patent terms of the patents in suit that Honeywell contends are in dispute.

(B)   The definition of "antihalation material" as used in the claims of the patents in suit that Honeywell will assert in its defense of this case.

(C)   The definition of "anthracene material" as used in the claims of the patents in suit that Honeywell will assert in its defense of this case.

(D)   The definition of "silicon material" as used in the claims of the patents in suit that Honeywell will assert in its defense of this case.

(E)   The level of knowledge, schooling, experience, or technical skill of a person having ordinary skill in the art relating to the subject matter claimed in either of the patents in suit as of its filing date.

(F)   Whether Honeywell's DUO/SLAM products do not contain an anthracene compound as claimed in the patents in suit.

(G)   Whether Honeywell's antireflective materials other than Honeywell's DUO/SLAM products do not contain an anthracene compound as claimed in the patents in suit.

(H)   Whether Honeywell's DUO/SLAM products do not contain a silicon compound as claimed in the patents in suit.

(I)   Whether Honeywell's antireflective materials other than Honeywell's DUO/SLAM products do not contain a silicon compound as claimed in the patents in suit.

### Category V -- Honeywell's Contentions Regarding Infringement, Validity, and Enforceability

(A) Honeywell's contention whether it infringes or has infringed (either literally or under the doctrine of equivalents) each claim of the patents in suit, and separately as to each claim and the factual and legal bases for such contention.

(B) Honeywell's contention regarding whether it actively induces or contributes, or has actively induced or contributed, to its customer's infringement of each claim of the patents in suit and the factual and legal bases for such contention.

(C) Honeywell's contention regarding the validity of each claim of the patents in suit under any section of 35 U.S.C., and the factual and legal bases for each such contention, including the precise statutory and/or regulatory section(s) and subsection(s) deemed applicable.

(D) Honeywell's contention regarding whether any claim of the patents in suit is unenforceable against Honeywell, and separately as to each claim and the complete factual and legal bases for each such contention.

(E) Honeywell's contention that Rohm and Haas has failed to state a claim upon which relief may be granted in the causes of action in Rohm and Haas' Complaint (D.I. 1) and the complete factual and legal bases for each contention.

(F) Any notification, advice or statement given to third parties by Honeywell of the alleged invalidity of either of the patents in suit, the anticipated commencement of the present action, the commencement, existence, or progress of the present action, and the issuance or existence of either of the patents in suit.

**Category VI -- Honeywell's Awareness of the Patents In Suit**

(A)     When Honeywell first become aware of each of the patents in suit or the underlying applications for the patents in suit and any action taken by or on behalf of Honeywell as the result of such awareness.

(B)     Honeywell knowledge of the patents in suit, their validity, their enforceability, the scope of each of their claims, and the infringement of such patents by Honeywell.

**Category VII -- Reexamination of the Patents In Suit**

(A)     Honeywell's *ex parte* reexamination requests including the basis for submitting the requests and the individuals consulted in preparing the requests.

(B)     Honeywell's decision to file for reexamination of either of the patents in suit.

(C)     The prior art that Honeywell cited (or intended to cite) in the reexamination of either of the patents in suit.

## Category VIII -- Document Retention and Collection

(A) Honeywell's document retention or document destruction practices, policies, or guidelines.

(B) Honeywell's collection of documents in response to Rohm and Haas's requests for documents in this case.

### Category IX -- Opinions of Counsel

(A)     The opinions of counsel relating to the noninfringement, invalidity, and/or unenforceability of any claim of the patents in suit as to which Honeywell will rely upon as a defense to opinion of counsel.

(B)     Any opinion of counsel relating to the noninfringement, invalidity, and/or unenforceability of any claim of the patents in suit.

(C)     All information or other things upon which Honeywell relies as a defense to Rohm and Haas's allegation of willful infringement.

(D)     Information in the possession of Honeywell as to the noninfringement, invalidity, and/or unenforceability of any claim of the patents in suit.

(E)     Communications between Honeywell and any person regarding Category IX(A) through (D), above.

## Category IX -- Corporate Structure of Honeywell

(A)     Ownership and/or control of Honeywell and any of its subsidiaries, partners, affiliates or related entities, whether based in the United States or outside of the United States, including the percentage and/or total dollar value of said ownership.

(B)     The corporate organization and management structure of Honeywell and any of subsidiaries, partners, affiliates or related entities, whether based in the United States or outside of the United States, including:

 (i)     Corporate organizational charts;

 (ii)    Department organizational charts;

 (iii)   Management duties and responsibilities; and

 (iv)    Reporting responsibilities.

(C)     The organizational structure or reporting responsibilities of all of Honeywell's employees, officers and agents who are or have been involved in the research, development, improvement, production, sales, exchange, use, import, export, manufacture or marketing of Honeywell's DUO/SLAM.

546117_1.DOC