IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROHM AND HAAS ELECTRONIC MATERIALS LLC,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>Defendant. | Civil Action No.: 06-297-GMS |

NOTICE OF RULE 30(b)(6) DEPOSITION TO
**ROHM AND HAAS ELECTRONIC MATERIALS LLC**

TO: Rudolf E. Hutz, Esquire (#484)
Daniel C. Mulveny, Esquire (#3984)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

PLEASE TAKE NOTICE that counsel for Defendant Honeywell International Inc. ("Honeywell"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, will take the oral deposition of Plaintiff Rohm and Haas Electronic Materials LLC ("Rohm & Haas"), in the offices of Buchanan Ingersoll & Rooney PC, One Chase Manhattan Plaza, 35th Floor, New York, NY 10005-1417, on July 20, 2007, beginning at 10:00 a.m. The deposition will be taken by a notary public, court reporter, or other authorized person and will continue from day to day until completed. The depositions will be recorded by stenographic means and may be videotaped.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Deponent shall designate one or more officers, directors, or managing agents, or other persons most

knowledgeable and best qualified to testify concerning the following matters on which examination is requested. Honeywell refers to and incorporates by reference herein the Definitions and Instructions set forth in Honeywell's First Set of Interrogatories and Request for Documents to Rohm and Haas:

1. The factual basis for the assertions set forth in Rohm and Haas's Complaint, including, but not limited to, the assertion that Honeywell has infringed the Patents directly, indirectly or contributorily, induced others to infringe the Patents or that Honeywell's infringement of the Patents has been and continues to be willful and deliberate.

2. The factual basis for the denials and responses set forth in Rohm and Haas's Answer to Honeywell's Counterclaims and all defenses asserted by Rohm and Haas in this case.

3. Any prior art of which Rohm and Haas is aware, including any searches therefore, and prior art that any third party has alleged constitutes prior art to U.S. Patent No. 6,472,128 entitled "Antihalation Compositions" (the "'128 patent")and U.S. Patent No. 6,773,864 entitled "Antihalation Compositions" (the "'864 patent") (collectively referred to herein as the "Patents").

4. The prosecution of the Patents.

5. Any actual, proposed or attempted synthesis by Rohm and Haas relating to any silicon-containing antireflective material comprising an "anthracene material," including, but not limited to, any work supporting or otherwise relating to the statements made in col. 6, ll. 29-34 of the '128 patent and col. 6, ll. 28-33 of the '864 patent.

6. Any silicon-containing antireflective composition sold, considered for sale, or developed by Rohm and Haas.

7. Any products made, used, sold, or offered for sale by Rohm and Haas including, but not limited to, the products identified in Rohm and Haas's response to Interrogatory No. 13 -

AR2, AR3, AR5, AR7, AR8(SSAC), AR9, AR10, AR13, AR14, AR2450, AR2470(SPKA) and SPSO, that Rohm and Haas believes are covered by any claim of the Patents, including, but not limited to, when such products were first sold or offered for sale, and Rohm and Haas's revenues, cost and expenses, and profits by year from the date of the first sale through the present time.

8. The first conception, actual or constructive reduction to practice or disclosure of any composition that Rohm and Haas believes is covered by the Patents of each alleged invention, including information relating to the first sale or offer for sale as they pertain to the Patents of each alleged invention claimed in the Patents including, but not limited to, the products identified in Rohm and Haas's response to Interrogatory No. 13 - AR2, AR3, AR5, AR7, AR8(SSAC), AR9, AR10, AR13, AR14, AR2450, AR2470(SPKA) and SPSO.

9. The design, development, marketing, or sale of any commercial embodiments of any of the alleged inventions claimed in the Patents including sales projections and financial forecasts for, including, but not limited to, the products identified in Rohm and Haas's response to Interrogatory No. 13 - AR2, AR3, AR5, AR7, AR8(SSAC), AR9, AR10, AR13, AR14, AR2450, AR2470(SPKA) and SPSO.

10. The alleged infringement by Honeywell of the Patents, including products that Rohm and Haas has tested, analyzed or otherwise evaluated for the purpose of determining whether they infringe the Patents.

11. The alleged infringement by any third party of the Patents, including products that Rohm and Haas has tested, analyzed or otherwise evaluated for the purpose of determining whether they infringe the Patents.

12. When and how Rohm and Haas first learned about each alleged infringing Honeywell product.

13. The factual basis of any non-obviousness defense that Rohm and Haas intends to rely upon at trial, including, but not limited to, any secondary considerations.

14. Any policies, guidelines, directives or practices of Rohm and Haas concerning intellectual property licensing.

15. Any licenses or agreements that Rohm and Haas has entered into, negotiated, discussed, or contemplated, either as licensee or licensor, relating to the Patents, electronic materials, coatings for semiconductor chip manufacture, antireflective coatings, photoresists, and planarizing materials.

16. Any factual basis Rohm and Haas intends to rely on at trial to establish a "reasonable royalty" rate, lost profits, and total amount of damages Rohm and Haas claims it has suffered as a result of Honeywell's alleged infringement of the Patents.

17. All studies, analyses, or opinions pertaining to the validity (including, but not limited to, prior art searches), enforceability, or infringement of the Patents.

18. The amount of damages and factual basis for the amount of damages Rohm and Haas is seeking as compensation for Honeywell's alleged infringement of the Patents, including the portion of such damages that are based on a lost profits theory of damages and the portion of such damages that are based on a reasonable royalty, and Rohm and Haas's method(s) of calculating those damages.

19. The internal collection of documents by Rohm and Haas in connection with the documents Rohm and Haas has produced and will be producing in this litigation.

Dated: June 21, 2007  BUCHANAN INGERSOLL & ROONEY PC

*[signature: Jennifer Becnel-Guzzo]*

James D. Taylor, Jr., Esquire (#4009)
Jennifer M. Becnel-Guzzo, Esquire (#4492)
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
james.taylor@bipc.com
jennifer.becnelguzzo@bipc.com

Constance S. Huttner, Esquire
Admitted *Pro Hac*
BUCHANAN INGERSOLL & ROONEY PC
One Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1417
(212) 440-4426
constance.huttner@bipc.com

*Attorneys for Defendant
Honeywell International Inc.*