**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROHM AND HAAS ELECTRONIC MATERIALS LLC | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-297-GMS |
| v. | ) ) | |
| HONEYWELL INTERNATIONAL INC. | ) ) | |
| Defendant. | ) ) ) | |

**NOTICE OF SERVICE OF SUBPOENA**

TO:     COUNSEL OF RECORD ON ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Rohm and Haas Electronic Materials LLC provides Notice of Service of Subpoena on the following persons or entities as indicated:

1.     Intel Corporation.  A copy of the subpoena is attached hereto as Exhibit A.

Dated: June 22, 2007               CONNOLLY BOVE LODGE & HUTZ LLP


/s/ Daniel C. Mulveny
Rudolf E. Hutz (#484)
Daniel C. Mulveny (#3984)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2007, I electronically filed **NOTICE OF**

**SERVICE OF SUBPOENA** with the Clerk of the Court using CM/ECF which will send

notification of such filing to the following:

James D. Taylor, Jr.
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801

I hereby certify that on June 22, 2007, I have mailed by First Class Mail, the

document(s) to the following non-registered participant:

Constance S. Huttner
Buchanan Ingersoll & Rooney PC
One Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1417

/s/ Daniel C. Mulveny
Rudolf E. Hutz (484)
Daniel C. Mulveny (3984)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899-2207
(302) 658-9141 (telephone)
(302) 658-5614 (telefax )
*Attorneys for Plaintiff*

546526

**EXHIBIT A**

Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE
### SUBPOENA IN A CIVIL CASE

| | |
|---|---|
| ROHM AND HAAS ELECTRONIC MATERIALS LLC<br><br>     Plaintiff,<br><br>     v.<br><br>HONEYWELL INTERNATIONAL INC.<br><br>     Defendant. | )<br>)<br>)<br>)    Civil Action No. 06-297-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

TO:    Intel Corporation
       c/o The Corporation Trust Company
       Corporation Trust Center
       1209 Orange Street
       Wilmington, DE 19801

| [ ] | **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case. | |
|---|---|---|
| | **PLACE OF TESTIMONY** | **DATE AND TIME** |
| | | |

| [X] | **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See attached SCHEDULES A and B | |
|---|---|---|
| | **PLACE OF DEPOSITION**<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>1007 North Orange Street<br>Wilmington, DE 19899 | **DATE AND TIME**<br>July 23, 2007 |

| [X] | **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): See attached SCHEDULE A | |
|---|---|---|
| | **PLACE**<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>c/o Daniel C. Mulveny, Esquire<br>1007 North Orange Street<br>Wilmington, DE 19899 | **DATE AND TIME**<br>July 16, 2007 |

| [ ] | **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below. | |
|---|---|---|
| | **PREMISES** | **DATE AND TIME** |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE<br>(INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiff | DATE  20 June 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
       Daniel C. Mulveny, Esquire
       CONNOLLY BOVE LODGE & HUTZ LLP
       1007 North Orange Street, Wilmington, DE 19801
       (302) 658-9141

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on following page)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| **SERVED** | 6/21/07 | | C/O THE CORPORATION TRUST CO.<br>1209 ORANGE ST.  WILMINGTON, DE |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| INTEL CORPORATION | ACCEPTED BY    SCOTT LASCALA |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| BARRY EVELAND | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    6/21/07
                    DATE

SIGNATURE OF SERVER

**BRANDYWINE PROCESS SERVERS, LTD.**
**P.O. BOX 1360**
**WILMINGTON, DE  19899-1360**
**302-475-2600**

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsor of the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copymaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the partyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or  ·

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

ROHM AND HAAS as used herein means Rohm and Haas Electronic Materials LLC (RHEM) and any and all past or present, employees, officers, board members, directors, representatives, attorneys, consultants, agents, contractors, subcontractors, accountants, predecessors in interest, successors in interest, affiliates, joint venturers, subsidiaries and all other related, parent or affiliated companies, and anyone acting directly or indirectly on behalf of Rohm and Haas Electronic Materials LLC.

HONEYWELL as used herein means Honeywell International Inc. and any and all past or present, employees, officers, board members, directors, representatives, attorneys, consultants, agents, contractors, subcontractors, accountants, predecessors in interest, successors in interest, affiliates, joint venturers, subsidiaries and all other related, parent or affiliated companies, and anyone acting or purporting to act, directly or indirectly, on behalf of Honeywell International Inc.

INTEL as used herein means Intel Corporation and any and all past or present, employees, officers, board members, directors, representatives, attorneys, consultants, agents, contractors, subcontractors, accountants, predecessors in interest, successors in interest, affiliates, joint venturers, subsidiaries and all other related, parent or affiliated companies, and anyone acting or purporting to act, directly or indirectly, on behalf of Intel Corporation.

The '128 PATENT as used herein means United States Patent No. 6,472,128.

The '864 PATENT as used herein means United States Patent No. 6,773,864.

COMMUNICATION as used herein means any form of verbal or written exchange, whether in person, by telephone, by facsimile, by telex, by electronic mail (*e.g.*, "e-mail") or by any other medium; also any related DOCUMENT, whether or not such DOCUMENT or the information

contained therein was transmitted by its author or by any other PERSON.

DEFENDANT, as used herein, means HONEYWELL.

DOCUMENT as used herein means the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure. This includes all forms of recorded information whether handwritten, typed, printed, or recorded (*see also* ELECTRONICALLY STORED INFORMATION). Pursuant to the Federal Rules and as used herein, the term document includes any drafts or versions thereof, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. Any copy of a document containing or having attached any alterations, notes, comments or other material which is not included in the original or other copies of such document must be considered a separate document. This includes, by way of example and not of limitation: (a) letters, correspondence, memoranda, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications; (b) minutes, transcripts, notes or records of meetings, conferences, telephone conversations and interviews, including lists of PERSONS attending the meetings or conferences; (c) calendars, date books, logs, logbooks and diaries; (d) data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes compilations and tabulations; (e) blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts and graphs; (f) user manuals, policy manuals, guidelines, handbooks, machinery, manuals, directions and instruction books; (g) sales and promotional literature, brochures, press releases, advertisements and pamphlets; (h) reports, studies, analyses, projections, strategic plans, presentations, books, booklets and texts; (i) forms, legal pleadings and filings, and deposition transcripts; (j) ledgers, accounting records, sales and financial information; and (k) archived records and expired files.

ELECTRONICALLY STORED INFORMATION ("ESI") as used herein means all data

recorded or stored on computer or other data storage devices such as network storage devices, personal data assistants ("PDA" *e.g.*, Palm, Blackberry, Treo), diskettes, videotapes and audio tapes. This includes, by way of example and not limitation, CAD and similar drawings, digital photographs, e-mail (and attachments), metadata, object code, presentations, software, source code, spreadsheets, voice mail, word processor files and other electronically stored compilations. All versions and drafts are to be produced as separate items.

HONEYWELL'S DUO/SLAM means Honeywell's SLAM 193, SLAM 248, DUO 193, and/or DUO 248 products, either individually or collectively, and any variations or modifications thereof.

SLAM 193 means Honeywell's SLAM 193 product and any variations or modifications thereof.

SLAM 248 means Honeywell's SLAM 248 product and any variations or modifications thereof.

DUO 193 means Honeywell's DUO 193 product and any variations or modifications thereof.

DUO 248 means Honeywell's DUO 248 product and any variations or modifications thereof.

ANTIREFLECTIVE MATERIALS means bottom antireflective or antihalation materials (*i.e.*, materials applied under a photoresist layer) designed for use in photolithography, including but not limited to Honeywell's DUO 193, DUO 248, and SLAM 193 and SLAM 248 products.

IDENTIFY, IDENTITY or IDENTIFICATION, when used in reference to a natural PERSON, means provide the following information: full name; present or last known business and residence addresses; present or last known business affiliation; and, present or last known business position, job title and a description of job functions, duties and responsibilities, the identity of all immediate supervisors; and the name of all employees directly reporting to such PERSON. When

used with reference to any entity other than a natural PERSON, state: its full name; the address of its principal place of business; the jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation; the identity of all individuals who acted and/or authorized another to act on its behalf in connection with the matters referred to; in the case of a corporation, the names of its directors and principal officers; and, in the case of an entity other than a corporation, the identities of its partners or principals or all individuals who acted or who authorized another to act on its behalf in connection with the matters referred to. When used in reference to a DOCUMENT or ESI, the terms "identify," "identity" or "identification" mean provide the following information: the nature of the DOCUMENT or ESI (*e.g.*, letter, contract, memorandum or e-mail) and any other information (*i.e.*, its title, index or file number) which would facilitate in the identification thereof; the date of preparation; its present location and the identity of its present custodian or, if its present location and custodian are not known, a description of its last known disposition; its subject matter and substance or, in lieu thereof, annex a legible copy of the DOCUMENT or ESI to the answers to these interrogatories; the identity of each PERSON who performed any function or had any role in connection therewith (*i.e.*, author, contributor of information, or recipient) or who has any knowledge thereof, together with a description of each such PERSON'S function, role or knowledge; and, if the DOCUMENT or ESI has been destroyed or otherwise is no longer in existence or cannot be found, the reason why such DOCUMENT or ESI no longer exists, the identity of the people responsible for the DOCUMENT or ESI no longer being in existence and of its last custodian. When used in connection with a meeting or a COMMUNICATION, the terms "identify," "identity" and "identification" mean provide the following information: its general nature; the time and place of its occurrence; its subject matter and substance; the identity of each PERSON who performed any function or had any role in connection

therewith or who has any knowledge thereof, together with a description of each such PERSON'S function, role, or knowledge; and, the identity of each DOCUMENT or ESI which refers thereto or which was used, referred to or prepared in the course or as a result thereof.

PATENTS IN SUIT as used herein means United States Patent Nos. 6,472,128 and 6,773,864 either individually or collectively.

PERSON as used herein means individual or legal entity, including, but not limited to, companies, corporations, professional corporations, proprietorships, firms, partnerships, associations, joint ventures, trusts, estates, receivers, and institutions and government entities, including, but not limited to, federal, state and local governments and all subdivisions, departments, bodies, agencies, authorities, or corporations thereof.

The PRESENT ACTION, THIS ACTION, or THIS CASE, as used herein means the case of *Rohm and Haas Electronic Materials LLC v. Honeywell International, Inc.*, Civil Action No. 06-297-GMS (D. Del.).

Miscellaneous: The singular includes the plural; the plural includes the singular; the masculine gender includes the feminine and neuter gender; the neuter gender includes the masculine and feminine genders. "And" means and/or. "Or" means and/or.

## INSTRUCTIONS

A.    If Intel is objecting, rather than producing, any of the requested DOCUMENTS or ESI, it must state the basis of its objection(s), identify the Request to which each objection applies, and produce all requested DOCUMENTS or ESI to which no objection is made.

B.    These Requests encompass all DOCUMENTS and ESI within Intel's actual or constructive possession, custody, or control.

C.    The Requested DOCUMENTS and ESI shall be produced as they are maintained in

the usual course of business or, alternatively, shall be organized and labeled to correspond to each Request and any subparts thereof to which the information is responsive. If copies are produced in lieu of the originals, the copies should be legible and bound or stapled in the same manner as the original.

      D.     If, because of a claim of privilege, Intel does not produce information responsive to any Request, Intel must identify the privilege claimed, the facts to support the claim of privilege, and a list identifying each item (DOCUMENT or ESI) for which a privilege is claimed, together with the following additional information:

      (1)     The items' creation date;

      (2)     The author(s);

      (3)     A brief description of the subject matter of the item;

      (4)     The title and type of item (*e.g.*, letter, memorandum, drawing or e-mail);

      (5)     The addressees and recipients;

      (6)     The custodian of the item;

      (7)     The purpose for its creation; and

      (8)     The number of pages.

      E.     If any item would have been responsive to any Request but has been destroyed, altered or otherwise no longer in Intel's actual or constructive possession, custody, or control, identify:

      (1)     The information described in paragraph D above;

      (2)     The person(s) responsible for its destruction, alteration or transfer; and

      (3)     The date of, and reason(s) for, its destruction, alteration or transfer.

## REQUESTS FOR DOCUMENTS, ESI, AND THINGS

1.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to the Honeywell's antireflective materials.

2.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to the specifications for Honeywell's DUO/SLAM.

3.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to the ingredients or components of Honeywell's DUO/SLAM.

4.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to the ingredients or components of Honeywell antireflective materials other than Honeywell's DUO/SLAM.

5.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to Intel's use of Honeywell's DUO/SLAM.

6.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to Intel's use of Honeywell's DUO/SLAM with photoresists.

7.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to Intel's use of Honeywell antireflective materials other than Honeywell's DUO/SLAM with photoresists.

8.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to the directions or instructions from Honeywell on how to use Honeywell's DUO/SLAM.

9.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to the directions or instructions from Honeywell on how to use Honeywell antireflective materials other than Honeywell's DUO/SLAM.

8

10.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to the application of Honeywell's DUO/SLAM on a substrate and the application of a photoresist on top of Honeywell's DUO/SLAM by Intel.

11.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to the application of Honeywell antireflective materials other than Honeywell's DUO/SLAM on a substrate and the application of a photoresist on top of Honeywell's antireflective material(s) by Intel

12.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to resist performance with Honeywell's DUO/SLAM.

13.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any properties, specifications, and/or qualifications provided by Intel regarding Honeywell's DUO/SLAM.

14.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any properties, specifications, and/or qualifications provided by Intel regarding Honeywell antireflective materials other than Honeywell's DUO/SLAM.

15.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to the research, design, composition, development or manufacture of, an explanation and description of the selection of, and specification for, all ingredients in Honeywell's DUO/SLAM.

16.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any qualification or certification of Honeywell's DUO/SLAM for use in Intel's processes.

17.     All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any Intel processes, especially production manufacturing processes, that use Honeywell's DUO/SLAM.

18.     All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to communications between Honeywell and Intel relating or referring to the composition, development, or manufacture of Honeywell's DUO/SLAM.

19.     All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to the role of Intel in the development, testing, manufacture and sale of Honeywell's DUO/SLAM.

20.     All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to the Intel's products that are made using Honeywell's DUO/SLAM as part of the manufacturing process.

21.     All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to the amount of sales of Intel's products that are made using Honeywell antireflective materials other than DUO/SLAM as part of the manufacturing process.

22.     All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any communications between Intel and Honeywell (or any agent, employee, or other representative of Honeywell), regarding this action, or any threatened, possible, or anticipated lawsuit(s) between Rohm and Haas and Intel and/or Honeywell relating to Honeywell's DUO/SLAM or other Honeywell antireflective materials and the patents in suit.

23.     All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to the validity or purported invalidity of the patents in suit.

24.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to the infringement of the patents in suit and/or the scope or construction of any claim in such patents.

25.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any indemnification of (or by) Intel by (or of) Honeywell relating Intel's use of Honeywell's DUO/SLAM.

26.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any indemnification of (or by) Intel by (or of) Honeywell relating Intel's use of Honeywell's antireflective materials other than Honeywell's DUO/SLAM.

27.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any communication between Honeywell and Intel regarding any indemnification of (or by) Honeywell concerning: (a) the manufacture, use, import, export, or sale of Honeywell's DUO/SLAM or; (b) Intel's use of Honeywell's DUO/SLAM including, but not limited to, any actual, proposed or requested indemnity agreements, or hold harmless agreements, and all related documents, drafts and communications.

28.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any actual or proposed contracts, licenses, cross-licenses, patent pooling arrangements, assignments, joint ventures or other affiliation between Intel and Honeywell relating in any way to the manufacture, use, import, export, or sale of Honeywell's DUO/SLAM or other Honeywell antireflective materials, including but not limited to documents relating to offers, demands or negotiations to enter into such affiliation or relationship and documents relating to license fees and/or royalties paid under such licenses.

29.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any royalty rate that is or could be reasonable for a license granting the right to make, use, import, export, sell or offer to sell Honeywell's DUO/SLAM.

30.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any royalty rate that is or could be reasonable for a license granting the right to make, use, import, export, sell or offer to sell Honeywell's antireflective materials other than DUO/SLAM.

31.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any decision by Honeywell to approach, or not to approach, Rohm and Haas regarding a license or other agreement concerning Honeywell's DUO/SLAM or other Honeywell antireflective materials and a patent owned by Rohm and Haas, including the patents in suit.

32.    All advertising and promotional materials in Intel's possession, custody, or control that include, reflect, refer to or relate to Honeywell's DUO/SLAM, including, but not limited to product brochures, product descriptions, labels, handouts, PowerPoint presentations, articles, and other informational materials.

33.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any conference, exhibition, convention, or trade show during which Honeywell's DUO/SLAM were discussed, referred to, advertised, displayed, demonstrated, shown or depicted including, without limitation, advertisements, brochures, pamphlets, price lists, product specifications, labels, and other promotional marketing or presentation materials.

34.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any meetings, negotiations, plans, offers, sales, exchanges, imports, exports or agreements between Intel and Honeywell concerning Honeywell's DUO/SLAM.

35.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to any meetings, negotiations, plans, offers, sales, exchanges, imports, exports or agreements between Intel and Honeywell concerning Honeywell antireflective materials other than Honeywell's DUO/SLAM.

36.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to Intel's purchase of Honeywell's DUO/SLAM world-wide including documents reflecting the dates of purchase, to whom or from whom sold or purchased, and the amounts sold or purchased (in dollar and quantity).

37.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to Intel's purchase of Honeywell antireflective materials other than Honeywell's DUO/SLAM outside the United States including documents reflecting the dates of purchase, to whom or from whom sold or purchased, and the amounts sold or purchased (in dollar and quantity).

38.    All documents, ESI, and things in Intel's possession, custody, or control which relate to, reflect, or refer to Intel intra-company communications, or any communications between Intel and Honeywell, relating to the present action, the patents in suit or whether Honeywell's DUO/SLAM or other Honeywell antireflective materials infringe or might infringe the patents in suit.

39.    All documents and ESI in Intel's possession, custody, or control that identify the employees of Intel that are or were involved in any way in the conception, creation, research, design, development, engineering, reduction to practice, testing, product refinement, quality control, qualification, specification, manufacture, distribution, sale, marketing, and/or licensing of Honeywell's DUO/SLAM or other Honeywell antireflective materials.

40.     All documents, ESI, and things in Intel's possession, custody, or control which relate

to, reflect, or refer to Intel's document retention or document destruction practices, policies, or

guidelines.

## SCHEDULE B -- DEPOSITION CATEGORIES

### Category I -- Purchase and Royalties for DUO/SLAM

(A)     The amount of Honeywell's DUO/SLAM products purchased by Intel.

(B)     The forecasted amount of Honeywell's DUO/SLAM products to be (or expected to

be) purchased by Intel.

(C)     The amount of Honeywell antireflective materials other than Honeywell's

DUO/SLAM products purchased by Intel.

(D)     The forecasted amount of Honeywell antireflective materials other than Honeywell's

DUO/SLAM products to be (or expected to be) purchased by Intel.

(E)     The royalties (if any) that Honeywell charges Intel for the use of Honeywell's

DUO/SLAM or other Honeywell antireflective materials.

(F)     The royalties (if any) that Intel charges Honeywell for the manufacture, use, sale,

export, or import of Honeywell's DUO/SLAM or other Honeywell antireflective materials.

(G)     Royalty rates that are or could be reasonable for a license granting the right to make,

use, produce, import, export, or sell SLAM 193, DUO 193, SLAM 248, and/or DUO 248.

(H)     The Intel facilities that use Honeywell's DUO/SLAM or other Honeywell

antireflective materials.

(I)     The products (identity and amount of sales) made by Intel using Honeywell's

DUO/SLAM and other Honeywell antireflective materials.

14

(J)     Where the products made by Intel using Honeywell's DUO/SLAM (or other Honeywell antireflective materials) are sold or imported into the United States.

## Category II -- Use of Honeywell Products By Intel

(A)     Intel's use of Honeywell's DUO/SLAM products.

(B)     Intel's use of Honeywell antireflective materials other than Honeywell's DUO/SLAM.

(C)     Honeywell's instructions to Intel on how to use Honeywell's DUO/SLAM.

(D)     Honeywell's instructions to Intel on how to use Honeywell antireflective materials other than Honeywell's DUO/SLAM.

(E)     Intel's instructions to its employees on how to use Honeywell's DUO/SLAM.

(F)     Intel's instructions to its employees on how to use Honeywell antireflective materials other than Honeywell's DUO/SLAM.

(G)     Intel's processes that use Honeywell's DUO/SLAM products.

(H)     Whether Intel applies any of Honeywell's DUO/SLAM on a substrate and further whether Intel to applies a layer of a photoresist composition over Honeywell's DUO/SLAM.

(I)     Whether Intel applies any of Honeywell's antireflective materials on a substrate and further whether Intel to applies a layer of a photoresist composition over the Honeywell's antireflective material(s).

(J)     Use of Honeywell's DUO/SLAM other than use as an antireflective material that is coated on a substrate and then a photoresist composition is applied over Honeywell's DUO/SLAM.

(K)     Any indemnification of (or by) Honeywell by (or of) any person concerning: (a) the manufacture of Honeywell's DUO/SLAM or other Honeywell antireflective materials or; (b) the

use, import, export, distribution or sale of Honeywell's DUO/SLAM or other Honeywell

antireflective materials.

### Category III -- Composition, Development, and Manufacture of DUO/SLAM

(A)     The identity of all ingredients in Honeywell's DUO/SLAM.

(B)     The identity of all ingredients in Honeywell antireflective materials other than

Honeywell's DUO/SLAM.

(C)     The composition of Honeywell's DUO/SLAM.

(D)     The composition of Honeywell antireflective materials other than Honeywell's

DUO/SLAM.

(E)     The research, design, composition, development or manufacture of, an explanation

and description of the selection and qualification of, and specification for, all ingredients in

Honeywell's DUO/SLAM and the DUO/SLAM compositions themselves.

(F)     Whether Intel requested Honeywell to develop Honeywell's DUO/SLAM.

(G)     Whether Intel requested Honeywell to develop any Honeywell antireflective

materials other than Honeywell's DUO/SLAM.

### Category IV -- Patent Terms

(A)     The meaning of the patent terms of the patents in suit as understood by Intel.

(B)     The meaning of the patent terms of the patents in suit communicated by Honeywell

to Intel.

## Category V -- Intel's Awareness of the Patents In Suit

(A)    Intel's knowledge of the patents in suit, (including when and how first obtained) their validity, their enforceability, the scope of each of their claims, and the potential or actual infringement of such patents by Honeywell and/or Intel.


## Category VI -- Document Retention and Collection

(A)    Intel's document retention or document destruction practices, policies, or guidelines.

(B)    Intel's collection of documents in response to Rohm and Haas's subpoena *duces tecum* in this case.


534066_1.DOC