**Buchanan Ingersoll ▲ Rooney** PC
Attorneys & Government Relations Professionals

William E. Manning
302 552 4210
william.manning@bipc.com

The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801-1054
T 302 552 4200
F 302 552 4295
www.buchananingersoll.com

July 26, 2007

**BY ELECTRONIC FILING**

The Honorable Gregory M. Sleet
U.S. District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   *Rohm & Haas Electronic Materials v. Honeywell International, Inc.,*
      C.A. No. 1:06-cv-00297-GMS

    We represent Honeywell in this matter. As your Honor is aware, we contacted Chambers on Wednesday of last week, along with Rohm & Haas's counsel, Mr. Mulveny, to advise the Court that a settlement agreement was at hand, subject to the formal execution of an agreement and the submission of an executed stipulation of dismissal. While we were hopeful that this call would be the last occasion on which the Court considered this case other than to dismiss it, subsequent developments have cheated that expectation.

    Specifically, after our call to the Court, we learned of a significant development in the pending reexamination of the patents in suit that occurred the week before our call to the Court. We were not aware of this development prior to our call to the Court, as it was not disclosed to us by Rohm & Haas during our negotiations, and it was not reported on the public PTO website until after our call to the Court.[1] A copy of the communication from the PTO announcing this development is attached to this letter as Exhibit A.

    With our April 16 letter to the Court, we advised that on April 9, 2007 the PTO Examiner had rejected all of the asserted claims of one of the patents in suit. In response to this rejection, Rohm & Haas materially amended all of its claims. After our call to the Court, we learned that Rohm & Haas had met with the PTO Examiner in an attempt to persuade the Examiner that the amended claims were patentable over the art cited in Honeywell's requests for reexamination. As disclosed in Exhibit A, the Examiner refused to agree. In our view, it is now significantly more likely that the patents in suit will not emerge from reexamination with any allowed claims. Indeed, had Rohm & Haas timely informed Honeywell about this development during the parties' negotiations, Honeywell would never have signaled its agreement to the proposed settlement. We have so advised Rohm & Haas.

---

[1] A copy had been mailed to my fellow shareholder, Ms. Huttner, at an incorrect address.

California :: Delaware :: Florida :: New Jersey :: New York :: Ohio :: Pennsylvania :: Virginia :: Washington, DC

The Honorable Gregory M. Sleet
July 26, 2007
Page - 2 -

      When we last spoke to Your Honor's secretary, she advised us that all events relating to this case would be taken off the Court's calendar. We presume that included the *Markman* hearing scheduled for September 5. Your Honor may recall that Honeywell has moved to stay this case. Due to the above-described developments in the pending reexaminations, it is increasingly clear that the Plaintiff has no viable claim to try and that confusion will only grow as the parties attempt to agree upon a claims chart and otherwise prepare for a *Markman* hearing. If there are further submissions desired by the Court so that it may further consider our Motion to Stay, we would be happy to provide same.

      We regret the obvious confusion created by these developments and ask that a conference be set so that, in the event Your Honor does not grant the Motion to Stay, the schedule can be revised appropriately.

Respectfully submitted,

William E. Manning (#697)

JDT/gb

cc:    Rudolf E. Hutz, Esquire
       Daniel C. Mulveny, Esquire
       James D. Taylor, Esquire
       Constance S. Huttner, Esquire

#1008188-v2

# EXHIBIT A

Case 1:06-cv-00297-GMS    Document 75-2    Filed 07/26/2007    Page 1 of 3

| Ex Parte Reexamination Interview Summary | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/008,359 | 6472128 |
| | Examiner | Art Unit |
| | Stephen J. Stein | 3991 |

All participants (USPTO personnel, patent owner, patent owner's representative):

(1) <u>Stephen J. Stein (Examiner)</u>    (3) <u>Peter Corliss (Patent Owner's Representative)</u>

(2) <u>Dwayne Jones (Examiner)</u>    (4) <u>Jim Thackeray (Inventor)</u>

Date of Interview: <u>12 July 2007</u>

Type:  a)☐ Telephonic   b)☐ Video Conference
       c)☒ Personal (copy given to: 1)☐ patent owner   2)☒ patent owner's representative)

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☒ No.
  If Yes, brief description: _____

Agreement with respect to the claims   f)☐ was reached.   g)☐ was not reached.   h)☒ N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to…"

Claim(s) discussed: <u>Amended claims 1-16 and proposed new claims</u>.

Identification of prior art discussed: <u>U.S. 4,863,827 (Jain), U.S. 3,884,702 (Koshimo), U.S. 4,935,320 (Rohde)</u>.

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
<u>See Continuation Sheet.</u>

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims patentable, if available, must be attached. Also, where no copy of the amendments that would render the claims patentable is available, a summary thereof must be attached.)

A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. (See MPEP § 2281). IF A RESPONSE TO THE LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW (37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNER'S STATEMENT CAN NOT BE WAIVED. **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

_/Stephen St.../_

cc: Requester (if third party requester)                 Examiner's signature, if required

Continuation Sheet (PTOL-474)                                                          Reexam Control No. 90/008,359

Continuation of Description of the general nature of what was agreed to if an agreement was reached, or any other comments:

Patent owner requested an interview after filing of an amendment to discuss the amendment and prior art. With regard to the Koshimo and Jain prior art references, patent owner argued that while the references disclosed anthroquinone compounds in the anti-reflective layers, the references did not discloses anthrocene. Patent owner further pointed out that anthroquinone is not the same as anthrocene. With regard to the Rohde prior art reference, patent owner argued that the Rohde taught only negative acting polyimide while patent owners amended independent claims 1 and 5 require a positive-acting photoresist. Patent owner stated that they would provide evidence to the lack of or difficulty in having positive acting photolithographic polyimides. It was further argued that new independent claim 24 was patentably distinct from Rohde since Rohde disclosed exposing the photolithographic polyimide in the 340nm plus area of the spectrum, while claim 24 requiress exposing the photoresist at 248nm. Patent owner finally proposed amending new independent claim 28, to specify that the crosslinking step of the antihalation layer occurs prior to applying the photoresist layer. It was argued that this method was patentably distinct from the method described in Rohde, since in Rohde the cross-linking step occurs after the polyimide film is applied. Patent owner agreed to file this amendment in supplemental amendment and to further flush out the arguments. No agreement to patentability of any of the claims was agreed to.