# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

**Rudolf E. Hutz**
Partner

TEL (302) 888-6266
FAX (302) 658 9072
EMAIL rhutz@cblh.com
REPLY TO Wilmington Office

July 27, 2007

**By Electronic Filing**
Honorable Gregory M. Sleet, U.S.D.J.
U. S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:   **Rohm and Haas Electronic Materials v. Honeywell International Inc.,
      Case 1:06-cv-00297-GMS**

Dear Judge Sleet:

On July 18, 2007, the parties jointly advised the Court that "they have reached a settlement of the above-referenced case" and are exchanging signed documents (Exhibit 1 to this letter). In fact, our client, plaintiff Rohm and Haas Electronic Materials LLC ("RHEM"), had already executed the Settlement Agreement and forwarded a copy to defendant Honeywell International Inc.'s ("Honeywell") counsel on July 17, 2007 (Exhibit 2).[1] Honeywell's "person that needs to sign the document" was then traveling, but Honeywell's counsel represented that Honeywell likely would sign and return the fully-executed Settlement Agreement by late afternoon, July 19th (Exhibit 3).

Although Honeywell now refuses to execute the eleven (11) page, detailed "Confidential Settlement Agreement with Mutual Release and Patent License," the Agreement nonetheless is an enforceable contract under Delaware law. The parties reached a definite agreement not only to all essential terms, but on every term set forth in the Settlement Agreement.

Honeywell now refuses formally to execute the Settlement Agreement allegedly because of a Reexamination Interview Summary ("Summary", Exhibit A to Honeywell's July 26, 2007 letter to the Court, [D.I. 75 Exhibit A]). Honeywell complains that RHEM did not disclose the Summary prior to Honeywell's agreement to all settlement terms. However, as confirmed by a complete copy of the Summary (attached hereto as Exhibit 4), the United States Patent and Trademark Office ("PTO") mailed a copy of the Summary to Honeywell's reexamination and litigation counsel on July 12, 2007 (Exhibit 4, pages 2 and

---

[1] We are not now submitting the Settlement Agreement itself due to confidentiality, but will do so under seal as part of RHEM's motion to enforce the Settlement Agreement to be filed next week.

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Hon. Gregory M. Sleet, U.S.D.J.
July 27, 2007
Page 2

3). Any delay in actual receipt of the Summary was due to Honeywell's counsel's failure to notify the PTO of her change of address.

More importantly, the Summary itself does not support Honeywell's purported view that "it is now significantly more likely that the patents in suit will not emerge from reexamination with any allowed claims." Rather, the Summary simply recites what occurred at the interview and what the patent owner argued and promised, and states that until those additional materials are filed "to flush out the arguments," "[n]o agreement to patentability of any of the claims was agreed to." (Exhibit 4, last page).

Moreover, even were Honeywell's concerns justified, the Settlement Agreement expressly addresses what would occur if <u>all</u> of RHEM's asserted claims in <u>both</u> of the patents in suit were to be finally rejected. Thus, the parties have already negotiated, agreed to, and expressly stated in the Settlement Agreement the full rights and obligations that would flow from a final rejection of all asserted claims as well as a reversal of such a rejection on appeal. The Summary does not constitute a final rejection (or even a rejection) of any of RHEM asserted claims and, regardless, the parties' Settlement Agreement triggers consequences only if <u>all</u> asserted claims in <u>both</u> of RHEM's patents are finally rejected. The Summary pertains solely to the reexamination of RHEM's '128 patent in suit and not its '864 patent in suit which has yet to receive an office action in its separate reexamination.

In view of Honeywell's refusal to execute and abide by the Settlement Agreement, RHEM will file as early as possible next week a formal motion to enforce the Settlement Agreement asking the Court to, *inter alia*, require Honeywell to execute the Settlement Agreement and to effectuate the Settlement Agreement in accordance with its terms including executing and filing the Stipulation of Dismissal which is Exhibit A to the Settlement Agreement. We will also ask the Court to award attorney's fees adequate to compensate RHEM for the fees required to deal with Honeywell's meritless refusal to execute the Settlement Agreement and abide by its terms (*e.g., Leonard v. University of Delaware*, 204 F. Supp.2d 784 (D. Del. 2002)).

We stand ready to participate in any conference the Court may schedule, but respectfully submit that a conference is unnecessary until RHEM files its formal motion and Honeywell responds.

Respectfully,

/s/ Rudolf E. Hutz
Connolly Bove Lodge & Hutz LLP

cc:   James D. Taylor, Jr. (by email)
      Constance Huttner (by email)

REH/kpb
554882

# **EXHIBIT 1**



# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

**Daniel C. Mulveny**
Associate

TEL (302) 884 6593
FAX (302) 658 5614
EMAIL dmulveny@cblh.com
REPLY TO Wilmington Office

18 July 2007

**By Electronic Filing**

Honorable Gregory M. Sleet, U.S.D.J.
U. S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:    **Rohm and Haas Electronic Materials v. Honeywell International Inc.,
Case No. 1:06-cv-00297-GMS**

Dear Judge Sleet:

    The Parties wish to advise the Court that they have reached a settlement of the above-referenced case. Presently, the parties are exchanging signed agreements and after that process has been completed, the parties will submit a stipulation of dismissal.

    If the Court has any questions, please do not hesitate to contact me.

    Respectfully,

/s/ Daniel C. Mulveny
Connolly Bove Lodge & Hutz LLP

cc:    Clerk of the Court
        James D. Taylor, Jr. (by email)
        Constance Huttner (by email)

DCM/vjm
553153_1.DOC

# **EXHIBIT 2**

# ROHM AND HAAS COMPANY
# FACSIMILE TRANSMITTAL SHEET
# URGENT



DATE  July 17, 2007

TO:  Scott Jacobsen / Connie Huffner / Don Mulveny
     973-455-6199 / 212-440-4401 / 302-661-2331

TELEPHONE NO. OF FACSIMILE MACHINE

FROM:  Darryl P. Frickey                    TELEPHONE NO: 215-592-2886
ROHM AND HAAS COMPANY
Patent Department
100 Independence Mall West
Philadelphia, PA 19106-2399

FACSIMILE TELEPHONE NO. IS (215) 592-2682

NUMBER OF PAGES (Including This Cover Sheet):

**REMARKS:**

Scott, Connie and Don:

Attached find a copy signed by Dr. Yi Hyon Paik on behalf of RHEM LLC. Tomorrow I will FedEx to Scott one (1) signed original. I look forward to receiving the same from Honeywell.

Thanks,
Darryl

P.S. - Sorry for the fax but my scanner is not working.

THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT NAMED ABOVE. This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you have received this transmittal in error, any review, dissemination, distribution, or copying of this transmittal or the information which it contains is strictly prohibited. If you have received this transmittal in error, please notify us immediately by telephone and return the original transmittal to us by mail. Thank you.

# **EXHIBIT 3**

**Daniel Mulveny**

| | |
|---|---|
| **From:** | Jacobson, Scott [Scott.Jacobson@Honeywell.com] |
| **Sent:** | Wednesday, July 18, 2007 10:18 AM |
| **To:** | Daniel Mulveny |
| **Subject:** | RE: RHEM - Honeywell |

Likely tomorrow. Nance Dicciani, Specialty Materials President, is the person that needs to sign the document. She is currently traveling and I am trying to track her down. Her assistant told me that she will not be able to receive the document today, but I am making arrangements to try and get it to her tomorrow and then get it back to you by tomorrow late afternoon. I have not been able to get her the document yet because of travel schedules. Thanks for your patience, Scott

Scott D. Jacobson
Intellectual Property Counsel, Specialty Materials
Honeywell International Inc.
101 Columbia Road
Morristown, NJ 07962
Building Nichols-4
973-455-2013 (direct)
973-455-6199 (fax)

---

**From:** Daniel Mulveny [mailto:DMulveny@cblh.com]
**Sent:** Wednesday, July 18, 2007 10:10 AM
**To:** Jacobson, Scott
**Subject:** RHEM - Honeywell

Scott:

We're trying to set up a teleconference to inform the Court about the settlement this morning. Can you tell me when you expect to get the signed Agreement for Honeywell?

Thanks
Dan

Daniel C. Mulveny
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
(302) 884-6593 direct telephone
(302) 661-2331 telefax

http://www.cblhlaw.com/

This e-mail and any attachment is intended only for use by the addressee(s) and may contain privileged and confidential information. Please email or call 302-658-9141 to advise the sender of a transmission error and delete the message and any attachments and any printouts. Any tax advice contained in this communication is not intended and cannot be used to avoid penalties under the Internal Revenue Code or to promote, market or recommend to another party any transaction or matter addressed herein.

**EXHIBIT 4**

Case 1:06-cv-00297-GMS   Document 76-5   Filed 07/27/2007   Page 1 of 5



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,359 | 12/04/2006 | 6472128 | | 8757 |

| 53884 | 7590 | 07/12/2007 |
|---|---|---|

ROHM AND HAAS ELECTRONIC MATERIALS LLC
455 FOREST STREET
MARLBOROUGH, MA  01752

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 07/12/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

CONSTANCE S. HUNTER

SKADDEN ARPS SLATE MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK, NY 10036

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. <u>90/008,359</u>.

PATENT NO. <u>6472128</u>.

ART UNIT <u>3991</u>.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Ex Parte* Reexamination Interview Summary | Control No. 90/008,359 | Patent Under Reexamination 6472128 |
|---|---|---|
| | Examiner Stephen J. Stein | Art Unit 3991 |

All participants (USPTO personnel, patent owner, patent owner's representative):

(1) <u>Stephen J. Stein (Examiner)</u>    (3) <u>Peter Corliss (Patent Owner's Representative)</u>

(2) <u>Dwayne Jones (Examiner)</u>    (4) <u>Jim Thackeray (Inventor)</u>

Date of Interview: <u>12 July 2007</u>

Type:  a)☐ Telephonic   b)☐ Video Conference
       c)☒ Personal (copy given to: 1)☐ patent owner    2)☒ patent owner's representative)

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☒ No.
   If Yes, brief description: _____

Agreement with respect to the claims  f)☐ was reached.  g)☐ was not reached.  h)☒ N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to..."

Claim(s) discussed: <u>Amended claims 1-16 and proposed new claims</u>.

Identification of prior art discussed: <u>U.S. 4,863,827 (Jain), U.S. 3,884,702 (Koshimo), U.S. 4,935,320 (Rohde)</u>.

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
<u>See Continuation Sheet.</u>

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims patentable, if available, must be attached. Also, where no copy of the amendments that would render the claims patentable is available, a summary thereof must be attached.)

A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. (See MPEP § 2281). IF A RESPONSE TO THE LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW (37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNER'S STATEMENT CAN NOT BE WAIVED. **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

cc: Requester (if third party requester)                 Examiner's signature, if required

Continuation Sheet (PTOL-474)                                          Reexam Control No. 90/008,359

Continuation of Description of the general nature of what was agreed to if an agreement was reached, or any other comments:

Patent owner requested an interview after filing of an amendment to discuss the amendment and prior art. With regard to the Koshimo and Jain prior art references, patent owner argued that while the references disclosed anthroquinone compounds in the anti-reflective layers, the references did not discloses anthrocene. Patent owner further pointed out that anthroquinone is not the same as anthrocene. With regard to the Rohde prior art reference, patent owner argued that the Rohde taught only negative acting polyimide while patent owners amended independent claims 1 and 5 require a positive-acting photoresist. Patent owner stated that they would provide evidence to the lack of or difficulty in having positive acting photolithographic polyimides. It was further argued that new independent claim 24 was patentably distinct from Rohde since Rohde disclosed exposing the photolithographic polyimide in the 340nm plus area of the spectrum, while claim 24 requiress exposing the photoresist at 248nm. Patent owner finally proposed amending new independent claim 28, to specify that the crosslinking step of the antihalation layer occurs prior to applying the photoresist layer. It was argued that this method was patentably distinct from the method described in Rohde, since in Rohde the cross-linking step occurs after the polyimide film is applied. Patent owner agreed to file this amendment in supplemental amendment and to further flush out the arguments. No agreement to patentability of any of the claims was agreed to.