IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROHM AND HAAS ELECTRONIC MATERIALS LLC | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-297-GMS |
| v. | ) ) ) | |
| HONEYWELL INTERNATIONAL INC. | ) ) ) | **REDACTED VERSION OF DI 89** |
| Defendant. | ) ) | |

### PLAINTIFF ROHM AND HAAS ELECTRONIC MATERIALS LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

CONNOLLY BOVE LODGE & HUTZ LLP

Rudolf E. Hutz (#484)
Daniel C. Mulveny (#3984)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141

*Attorneys for Plaintiff*
*Rohm and Haas Electronic Materials LLC*

Dated: September 4, 2007

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................1

II.  THE UNDISPUTED FACTS ESTABLISH THAT THERE WAS NO MISREPRESENTATION, NEGLIGENT OR OTHERWISE, AND THE JULY 12 INTERVIEW WAS NOT MATERIAL TO ANY PROVISION OF THE SETTLEMENT AGREEMENT. ...................................................................................3

    A.   Fraud ........................................................................................................4

    B.   Negligent Misrepresentation (Equitable Fraud) ......................................9

    C.   Unilateral Mistake ...................................................................................9

III. THE UNDISPUTED FACTS CONFIRM THAT THE PARTIES AGREED TO ALL ESSENTIAL PROVISIONS RELATING TO THE SETTLEMENT OF THIS CASE, AGREED TO SETTLE THE CASE, AND REPORTED THE FACT OF THIS AGREEMENT TO THE COURT ..............................................10

IV.  CONCLUSION ................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Clark v. Ryan*,
    No. 628-K, 1992 WL 163443, at *5 (Del. Ch. Jun. 17, 1992) ............ 12

*Corbesco, Inc. v. Local 542, Int'l Union of Operation Engineers*,
    620 F. Supp. 1239 (D. Del. 1985) ............ 11, 13

*Green v. John H. Lewis & Co.*,
    436 F.2d 389, 390 (3d Cir. 1970) ............ 11

*Homan v. Turoczy.*
    No. 19220, 2005 WL 2000756, at *13 (Del. Ch. 2005) ............ 9

*In re Elonex Phase II Power Mgmt. Litig.*,
    2003 WL 21460391, at *3 (D. Del. 2003) ............ 14

*In re Enstar Corp.*,
    593 A.2d 543, 550 (Del. Ch. 1991) [*Enstar I*] ............ 5

*In re Enstar Corp.*,
    604 A.2d 404, 411 (Del. 1992) [*Enstar II*] ............ 5, 9

*In re Professional Video Association*,
    No. 01-488, 2005 WL 189733, at *5 (D. Del. Jan. 27, 2005) ............ 4

*Leonard v. Univ. of Del.*,
    204 F.Supp.2d 784, 787 (D. Del. 2002) ............ 13, 14

*Marino v. Cross Country Bank*,
    No. 02-65, 2007 WL 1810485, at *2 (D. Del. Jun. 25, 2007) ............ 14

*Neponsit Investment Co. v. Abramson*,
    405 A.2d 97 (Del. 1979) ............ 10

*Obaitan v. State Farm*,
    No. 14318, WL 208959, at *3 (Del. Ch. Apr. 17, 1997) ............ 10

*Rowe v. Rowe*,
    No. 16119, 2002 WL 1271679, at *4 (Del. Ch. May 28, 2002) ............ 12

*Transamerican Steamship Corp. v. Murphy*,
    No. 10511, 1989 WL 12181 (Del. Ch. Feb. 14, 1989) ............ 12

*Tulowittzki v. Atlantic Richfield Co.*,
    396 A.2d 956 (Del. 1978) ............ 10

*Walker v. Res. Dev. Co., Ltd., LLC*,
    791 A.2d 799, 816 (Del. Ch. 2000)............................................................................................. 4

I.  **INTRODUCTION**

The undisputed facts establish that the parties reached a final and complete agreement to settle this case on July 17, 2007. The parties confirmed this fact in a telephone call to the Court on July 18, 2007. Indeed, as the parties reported to the Court in their July 18 call, because the case was settled they did not submit the claim chart required under the Scheduling Order and they otherwise relied on the existence of this Settlement Agreement by refraining from taking further action in the litigation. (*See* Memorandum of Defendant Honeywell International Inc. In Opposition To Motion By Plaintiff Rohm and Haas Electronic Materials LLC to Enforce Alleged Settlement Agreement, D.I. 83 at 15, n.3). Honeywell now seeks to re-negotiate the agreement and to disregard its representations to the Court.

The focus of Honeywell's opposition argument is on rescission, an argument that presupposes the existence of an agreement. The sole dispositive question is therefore whether Honeywell should now be permitted to rescind the agreement on grounds of fraud or unilateral "honest mistake". The fraud and mistake arguments boil down to Honeywell's statement that, "[a]fter Honeywell learned about the negative events that occurred at the July 12 Interview, Honeywell was no longer willing to pay that contemplated ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." (D.I. 83 at 26). Consequently, the pivotal issue is whether the July 12, 2007 interview and resulting summary is material ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*See* D.I. 83 at 2, 3, 23). As we demonstrate below, the undisputed facts establish that the July 12 Interview was wholly immaterial. Honeywell's admissions unequivocally establish this fact. Thus, Honeywell's fraud and mistake arguments, which depend on materiality, must fail as a matter of law. No discovery is necessary to reach this determination.

Honeywell's opposition, a last ditch attempt to avoid the binding agreement of the parties to end this case, is an inappropriate and misguided burden on this Court and Rohm and Haas.

1

Honeywell's complaint ███████████████████████████████████████
████████████████████████████████████████████████ comes too late and
has no connection to the July 12 Interview. The parties long ago agreed that ████████
████████████████████████████████████████████████████████████
██████████████████████████████. At the time this understanding was reached, the
reexamination of United States Patent No. 6,472,128 ("the '128 patent") was in full swing -- a
rejection had been made, an amendment of claims had been filed and, as Honeywell concedes,
no PTO action had occurred in the reexamination of United States Patent No. 6,773,864 ("the
'864 patent"). (*See* Declaration of Scott D. Jacobson, D.I. 85, ¶ 8). There is no dispute that
Honeywell admittedly was aware of these facts at the time it ████████████ ██
████████████████████████████████. The July 12 Interview could not and did not
alter the status quo ████████████████. Importantly, the July 12 Interview had nothing
whatsoever to do with ████████████████████████████████████████████
████████████████████████████████████████████████████████████.

Contrarily, in their agreement, the parties did ████████████████████████
████████████████████████████████████. The Settlement Agreement
explicitly addressed ████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████.

The July 12 Interview was immaterial ████████████████████████████
████████████████████████████████. Honeywell's opposition on its face is a
meritless attempt to re-negotiate the final and binding settlement of this case.

2

II.  **THE UNDISPUTED FACTS ESTABLISH THAT THERE WAS NO MISREPRESENTATION, NEGLIGENT OR OTHERWISE, AND THE JULY 12 INTERVIEW WAS NOT MATERIAL TO ANY PROVISION OF THE SETTLEMENT AGREEMENT.**

Preliminarily, Honeywell contends that it made repeated specific inquiries in July about PTO action and that Rohm and Haas stated that "there was nothing new to discuss" (D.I. 83 at 10, 12, and 21.) Rohm and Haas disputes this contention. (*See* Second Mulveny Decl. ¶¶ 17-22). Significantly, Honeywell points to no written documentation of these supposed inquiries.[1] Honeywell also contends: (a) that it did not receive timely notification about the July 12 Interview and Summary (D.I. 83 at 6-7); (b) that Rohm and Haas deliberately concealed the July 12 Interview (D.I. 83 at 4); and (c) that Rohm and Haas accelerated the settlement so it could prevent Honeywell learning about the July 12 Interview before it settled. (D.I. 83 at 11-12). Rohm and Haas disputes these contentions. We refer the Court to the Second Mulveny Decl. ¶¶ 24-43 and the Declaration of Darryl P. Frickey ("Frickey Decl.") ¶¶ 9-12 and the associated exhibits for a complete statement of the facts refuting Honeywell's accusations. The record establishes that Rohm and Haas was mindful of the Court's Scheduling Order and understood its obligations. This is precisely why Rohm and Haas quite properly sought prompt final resolution the case. (*See* Second Mulveny Decl. ¶¶ 42 and Frickey Decl. ¶¶ 12).[2] Honeywell's attempt to transform Rohm and Haas' respect for its obligations under the Court's Order into some sort of scheme to defraud Honeywell should not be countenanced.

---

[1] Instructively, Honeywell actually relies on the final Settlement Agreement itself (D.I. 83 at 12) in its effort to excuse its own failure to receive notice of the July 12 Interview. (*See* D.I. 83 at 21).

[2] Honeywell's suggestion that Rohm and Haas deceitfully hid the interview so it could quickly reach a settlement is also flatly negated by the fact that, just as Rohm and Haas understood would happen, the PTO itself had sent Honeywell the interview summary (but Ms. Huttner did not properly update her address in the reexams). (Second Mulveny Declaration ¶¶ 55-56). Honeywell's arguments do not comport with reality.

3

These factual disputes do not, however, preclude the grant of Rohm and Haas's Motion because Honeywell has failed to establish that Rohm and Haas made any material misrepresentation and that the July 12 Interview was material to any provision of the Settlement Agreement. Thus, as a matter of law, Honeywell's opposition fails.

### A.     Fraud

To prove that it was fraudulently induced to enter into the Settlement Agreement, Honeywell must show:  (1) a false representation of material fact made by Rohm and Haas; (2) Rohm and Haas's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; (3) an intent to induce Honeywell to act or to refrain from acting; (4) Honeywell's action or inaction taken in justifiable reliance upon the representation; and (5) damage to Honeywell as a result of such reliance. *In re Prof'l Video Ass'n*, No. 01-488, 2005 WL 189733, at *5 (D. Del. Jan. 27, 2005) (J. Sleet), *rev'd on other grounds*, No. 05-1655, 2006 WL 859042 (3d Cir. Apr. 3, 2006).

Further, to prove common law fraud, Honeywell must prove that the representation was not only material, but concerned "an essential part of the transaction." *Walker v. Res. Dev. Co., Ltd., LLC*, 791 A.2d 799, 816 (Del. Ch. 2000).  Thus, Honeywell must show that Rohm and Haas made a misrepresentation of a fact, and it must show that the fact was material and related to an essential part of the transaction.  It cannot do so.

Concerning the absence of any misrepresentation, one need only turn to Honeywell's brief, which instructively does not cite any documentation.  Honeywell alleges that it orally asked Rohm and Haas "whether there had been any new developments in the Reexaminations" (D.I. 83 at 10) and asserts that Rohm and Haas "confirmed nothing new had occurred" (D.I. 83 at 10), and "there was nothing new to discuss" (D.I. 83 at 12).

First, while Rohm and Haas disputes that Honeywell made the inquiries about the reexam as Honeywell alleges (*see* Second Mulveny Decl. ¶¶ 18-22 and Frickey Decl. ¶¶ 4-5), in fact "nothing new had occurred" in the PTO and there was "nothing new to discuss". The July 12 Interview was a non-event. (Second Mulveny Decl. ¶¶ 22 and 54). The PTO made no decisions, no agreements were reached, no rejections were made, and no final actions were taken. (*Id.* at ¶ 54).

Second, Rohm and Haas had no duty to disclose a non-event. Honeywell does not argue Rohm and Haas had a fiduciary or contractual relationship with Honeywell giving rise to a duty to speak. And no misleading representations were made. Moreover, Rohm and Haas, as a party litigant, hardly stood in a fiduciary relationship to Honeywell, which was represented by multiple counsel. Honeywell's statement that during the negotiation its attorneys "routinely checked" the PTO for any new developments concerning either of the patents under reexam belies its argument that it was depending on Rohm and Haas for information. (D.I. 85, ¶ 46).

It is well-settled in Delaware that mere silence will not constitute fraud because there is no duty to disclose a material fact known by one party, which may cause the other party not to enter the contract, unless the law imposes a duty to speak. *In re Enstar Corp.*, 593 A.2d 543, 550 (Del. Ch. 1991) [*Enstar I*], *rev'd on other grounds*, 604 A.2d 404 (Del. 1992) [*Enstar II*]. The duty to speak arises from a contractual or fiduciary relationship or when disclosures are necessary to prevent statements actually made from being misleading. *Id.*

Very plainly, Rohm and Haas had no duty to speak under the circumstances.

But regardless of these flaws in Honeywell's opposition, the dispositive point is the fact that the July 12 Interview was immaterial to any provision in the Settlement Agreement. (Second Mulveny Decl. ¶¶ 22 and 54). As stated, Honeywell's sole basis for materiality is its recitation that Honeywell would resume litigation ████████████████████████

5



(D.I. 85, ¶ 56).

It is thus undisputed that Honeywell's sole ground for materiality is



.

At the time this provision was agreed to, Honeywell admits it was aware of the following facts:

1. On December 1, 2006, Honeywell requested reexam of both patents in suit and argued prior art which it claimed invalidated "each and every element of Rohm and Haas's inventions". (D.I. 85, ¶ 2). Thus, while Honeywell seeks to disingenuously portray some supposed newfound belief in patent invalidity, the record clearly confirms that Honeywell always maintained a belief that Rohm and Haas's patents were invalid and would not survive reexam. (*See* Second Mulveny Decl. ¶¶ 44-48, Exs. Y, Z, AA and BB).

6

2. On January 30, 2007, Honeywell informed the Court that the PTO had granted its request for reexam on all claims of the '128 patent. (D.I. 85, ¶ 4).

3. On April 16, 2007, Honeywell advised the Court that the PTO had rejected all claims of the '128 patent. (D.I. 85, ¶ 7). A review of Honeywell's letters to the Court confirms Honeywell's state of mind.

4. In response to the PTO's rejection of the claims of the '128 patent, Rohm and Haas filed amended claims. (D.I. 85, ¶ 7).

The July 12 Interview did not alter any of these facts that Honeywell was admittedly aware of when it agreed ███████████████t. During the July 12 Interview no claims were rejected, no agreements were reached, and no PTO action was taken. (Second Mulveny Decl. ¶ 54; D.I. 79, ¶ 13, Ex. C). As the Interview Summary states, Rohm and Haas was "to further flush out the arguments". (D.I. 79, ¶ 13, Ex. C). The July 12 Interview was not material ███████. (*Id.*). Contrary to Honeywell's arguments (D.I. 83 at 2), it was not a "negative outcome". (Second Mulveny Decl. ¶ 54).

Moreover, the July 12 Interview also did not alter ███████. ███████



7



(D.I. 79, ¶ 2, Ex. A).

The July 12 Interview was not material to any essential provision in the Settlement Agreement, and all pertinent facts relating to the reexam were known by Honeywell ▓▓▓▓.[3]

---

[3] Moreover, it bears mentioning that Honeywell proffers no factual support whatsoever on the justifiable reliance factor. Thus, there is no evidence that Honeywell relied on any statements or omissions by Rohm and Haas in agreeing to paragraphs 3.4, 3.5, 3.6 and 3.7.

8

B.  **Negligent Misrepresentation (Equitable Fraud)**

Honeywell's negligent misrepresentation theory fails for the same reasons. As stated in *Homan v. Turoczy*, "To prove equitable fraud, a plaintiff must satisfy all the elements of common law fraud but need not prove knowledge of falsity or reckless disregard of the truth on defendant's part." No. 19220, 2005 WL 2000756, at *13 (Del. Ch. 2005). As demonstrated above, the absence of a misrepresentation or omission of material fact is equally fatal to Honeywell's alternative "equitable fraud" assertion.

C.  **Unilateral Mistake**

Similarly, Honeywell's mistake argument is meritless. A party may rescind an agreement based on its unilateral mistake if: "(1) the enforcement of the agreement would be unconscionable; (2) the mistake relates to the substance of the consideration; (3) the mistake occurred regardless of the exercise of ordinary care; and (4) it is possible to put the other party in the status quo." *Enstar II*, 604 A.2d at 411 (citation omitted). Honeywell falls far short of establishing these elements.

Enforcement of the Settlement Agreement is not unconscionable. The agreement is between sophisticated corporations both represented by in-house and outside counsel. There is neither procedural nor substantive unconscionability. *See Tulowittzki v. Atl. Richfield Co.*, 396 A.2d 956, 960 (Del. 1978) (Unconscionability has generally been recognized to include "an absence of meaningful choice and contract terms unreasonably favorable to one of the parties. Superior bargaining power alone without the element of unreasonableness does not permit a finding of unconscionability or unfairness."). Further, an unconscionable contract is one that no rational or reasonable person would enter. *Obaitan v. State Farm*, No. 14318, WL 208959, at *3 (Del. Ch. Apr. 17, 1997) (granting summary judgment in favor of defendant because plaintiff's unilateral mistake arguments were legally deficient). The Settlement Agreement was

9

purposefully entered by Honeywell █████████████████████████████████.

The July 12 Interview was a non-event and did not alter the facts. (Second Mulveny Decl. ¶ 54).

Neither party's bargaining position changed as a result of the July 12 Interview. ███████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████. There is no unconscionability as a matter of law. Honeywell's

"mistake" did not, viewed objectively, alter any aspect of ████████████████████████

████ the status quo -- the status of the reexam remained the same. Honeywell's mistake

argument is meritless.

### III.   THE UNDISPUTED FACTS CONFIRM THAT THE PARTIES AGREED TO ALL ESSENTIAL PROVISIONS RELATING TO THE SETTLEMENT OF THIS CASE, AGREED TO SETTLE THE CASE, AND REPORTED THE FACT OF THIS AGREEMENT TO THE COURT

Delaware law favors the voluntary settlement of contested suits. *Neponsit Inv. Co. v. Abramson*, 405 A.2d 97, 100 (Del. 1979) (citation omitted). When parties agree to settle a lawsuit, a binding contract is deemed to have been created. *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); *Corbesco, Inc. v. Local 542, Int'l Union of Operation Eng'rs*, 620 F. Supp. 1239, 1244 (D. Del. 1985). Even oral settlement agreements reached among the parties to a dispute are binding. *Corbesco*, 620 F. Supp. at 1244 (finding that a binding contract to settle was formed by defendant's attorney's oral agreement to settle as the negotiations had reached the point where mutual assent had been expressed to settle).

On July 17, 2007, the parties reached a final and complete agreement of all of the terms relating to the settlement of this case. Honeywell does not argue that it did not assent to these terms. The undisputed facts confirm that the parties agreed to settle the case and reduced this agreement to writing.

10

Honeywell's newly minted arguments that no final settlement was reached cannot be squared with the facts. For example, on July 18, 2007, Honeywell's litigation counsel, Ms. Huttner, stated in an email to Rohm and Haas's counsel, Mr. Mulveny:

> Perhaps you and Jim [Taylor] should <u>call Judge Sleet this morning and tell him we have reached an agreement</u>. Once you received the signed agreement from Scott, we can make arrangements to file the Stipulation of Dismissal with the Court.

(Second Mulveny Decl. ¶ 38, Ex. X, page 2). Following Ms. Huttner's request, the parties jointly contacted the Court later that day on July 18, 2007, and just as Honeywell's counsel requested, they advised the Court that a complete agreement to settle the case had been reached. (D.I. 74; *see also*, Second Mulveny Decl. ¶ 39). Honeywell's contention that it never agreed to be bound by the July 17 documents (D.I. 83 at 17) is directly at odds with its actions including its representations to the Court, its failure to adhere to Court-ordered scheduling deadlines and its written communications with Rohm and Haas. Indeed, Honeywell even now admits it "was willing" to settle and it would refrain from litigation if Rohm and Haas renegotiates the contract. Honeywell's present opposition is thus nothing more than a ruse to back out of a done deal. "A unilateral change of heart by a party to a settlement agreement is not ground to set the settlement aside." *Rowe v. Rowe*, No. 16119, 2002 WL 1271679, at *4 (Del. Ch. May 28, 2002) (granting motion to enforce the settlement agreement).

Furthermore, Honeywell's assertion that "the parties positively agree[d] that there will be no binding contract until the formal document is executed" (D.I. 83 at 17) is wholly untrue. At the threshold, Honeywell's assertion is belied by Ms. Huttner's email to Rohm and Haas stating that a settlement had been reached, its statement to the Court, and its inaction in the litigation, conduct all of which is totally consistent with its intent that the case was settled. (Second Mulveny Decl. ¶¶ 38-41, Ex. X). Where an attorney of record in a pending action acknowledges

11

that a compromise has been reached, he or she is presumed to have lawful authority to do so. *Clark v. Ryan*, No. 628-K, 1992 WL 163443, at *5 (Del. Ch. Jun. 17, 1992).

Honeywell's reliance on *Transamerican Steamship Corp. v. Murphy*, No. 10511, 1989 WL 12181 (Del. Ch. Feb. 14, 1989) is inapposite. In *Transamerican Steamship*, the parties <u>orally</u> agreed to all the essential terms of the settlement agreement, but the agreement was not reduced to writing. 1989 WL 12181, at *1. The court concluded that a contract was not formed because the defendant explicitly designated the execution of a signed <u>writing</u> reflecting all of their agreement as a condition for the creation of contractual liability. *Id.* Here, there is a writing containing all of the essential terms. (Second Mulveny Decl. ¶ 37). Significantly, Honeywell does not dispute this fact. Contrary to Honeywell's arguments (D.I. 83 at 19), the Settlement Agreement was not conditioned ███████████████████████[4]. It is well-established law that "an enforceable contract exists if the parties have reached a definitive agreement on all the essential terms." *Leonard v. Univ. of Del.*, 204 F.Supp.2d 784, 787 (D. Del. 2002). Honeywell does not dispute the fact that it reached a definitive agreement on all essential terms. Therefore, a final, complete and binding contract was created on July 17, 2007 when the parties memorialized their agreement and reported this fact the next day to the Court. That the parties had not yet formally signed the agreement does not change the fact that a binding, enforceable contract was created. *See, e.g., Corbesco*, 620 F. Supp. at 1244.

---

[4] ███████████████████████████████████████████████████.

## IV. CONCLUSION

For the reasons stated in its opening memorandum and herein, Rohm and Haas respectfully requests that its Motion to Enforce the Settlement Agreement be granted. Honeywell should be ordered to execute the Settlement Agreement and to effectuate the Settlement Agreement according to its terms, including the submission of a Stipulation of Dismissal.[5] Finally, because of Honeywell's vexatious and unjustified behavior, Rohm and Hass should be awarded its attorneys' fees and costs expended in bringing this Motion.

Respectfully submitted,

/s/ Daniel C. Mulveny
Rudolf E. Hutz (#484)
rhutz@cblh.com
Daniel C. Mulveny (#3984)
dmulveny@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiff*
*Rohm and Haas Electronic Materials LLC*

Dated: September 4, 2007
561225_4.DOC

---

[5] Honeywell's argument that specific performance should be denied because Rohm and Haas "has an adequate remedy at law through continuation of the underlying patent litigation" (D.I. 83 at 28), if accepted, would defeat specific performance of any settlement agreement. Settlement agreements have strong roots in the public policy encouraging the resolution of litigation; they are *per se* unique, and they are routinely enforced. *See e.g., Leonard,* 204 F.Supp.2d at 787; *Marino v. Cross Country Bank,* No. 02-65, 2007 WL 1810485, at *2 (D. Del. Jun. 25, 2007) ("Voluntary settlement of civil controversies are specifically enforceable contracts."); *In re Elonex Phase II Power Mgmt. Litig.,* 2003 WL 21460391, at *3 (D. Del. 2003) (granting motion to enforce settlement agreement).

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2007, I electronically filed Plaintiff Rohm and Haas Electronic Materials LLC's Reply Memorandum in Support of Its Motion to Enforce The Settlement Agreement with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

<u>Email & Hand Delivery</u>
James D. Taylor, Jr.
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801

<u>Email & FedEx</u>
Constance S. Huttner
Buchanan Ingersoll & Rooney PC
One Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1417

/s/ Daniel C. Mulveny
Rudolf E. Hutz (#484)
Daniel C. Mulveny (#3984)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiff*

14