IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROHM AND HAAS ELECTRONIC MATERIALS LLC | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-297-GMS |
| v. | ) ) | |
| HONEYWELL INTERNATIONAL INC. | ) ) | REDACTED VERSION OF DI 91 |
| Defendant. | ) ) ) | |

**DECLARATION OF DARRYL P. FRICKEY, ESQ. (FILED IN SUPPORT OF PLAINTIFF ROHM AND HAAS ELECTRONIC MATERIALS LLC'S REPLY MEMORANDUM ON ITS MOTION TO ENFORCE THE SETTLEMENT AGREEMENT)**

I, Darryl P. Frickey, Esq. hereby declare as follows.

1. I am an attorney and Director of Patents for plaintiff Rohm and Haas Electronic Materials LLC ("Rohm and Haas") in this action. I make this Declaration in support of plaintiff Rohm and Haas's Reply Memorandum on its Motion to Enforce the Settlement Agreement.

2. During a teleconference on July 2, 2007, I recall Mr. Jacobson of Honeywell asking in general about the status of the reexaminations. Rohm and Haas responded that nothing had been filed or received since the response to the office action in the reexamination of US 6,472,128 ('128 reexamination, SN 90/008,359) and that no action had occurred in the reexamination of US 6,773,864 ('864 reexamination, SN 90/008,360).

3. On July 9th, I became aware that Rohm and Haas's reexamination counsel had scheduled an interview in the '128 reexamination to be held at the PTO on July 12th.

4. Apart from Honeywell's general inquiry as to the status of both the '128 and '864 reexaminations on July 2, 2007, neither Ms. Huttner nor Mr. Jacobson specifically requested an

1

update of the reexamination status of either patent in suit. I recall that Mr. Jacobson did not participate for Honeywell in any settlement teleconferences after July 2nd. I have no evidence that Honeywell ever requested an update on the status of either the reexaminations after July 2nd. Further, at no time did either Ms. Huttner or Mr. Jacobsen send me a letter or email specifically requesting an update for either reexamination.

5. Had Honeywell asked me about the status of the reexaminations on or after July 9, 2007, I would have advised it about the scheduled July 12, 2007 interview. The interview did not alter the status of the reexamination of either the '128 patent or the '864 patent.

6. Rohm and Haas's reexamination counsel, Peter Corless, did not ever send me a copy of the interview summary following the interview. I became aware of the PTO's Interview Summary on July 26th when it was attached as an exhibit to Honeywell's letter to the Court.

7. Consistent with the fact that after Rohm and Haas and Honeywell had reached an agreement as to all terms of the Settlement Agreement on July 17th, I had the agreement executed by Dr. Yi Hyon Paik, President and CEO of Rohm and Haas Electronic Materials LLC and faxed it to Honeywell and Mr. Mulveny. Attached hereto as Exhibit A is a true and accurate copy of the July 17th Settlement Agreement signed by Dr. Paik.

8. Honeywell never stated that it would sign the Settlement Agreement first.

9. Honeywell has accused Rohm and Haas of "surprisingly" acting quickly to complete the settlement agreement in an effort to get Honeywell to agree before it learned about the interview summary. I disagree with this statement.

10. On July 10th, Mr. Mulveny sent me (and Ms. Huttner, Mr. Jacobson and Ms. Votava of Honeywell) an email stating that the Court would not grant any more extensions of

time, and that we needed to complete the settlement as soon as possible. Attached hereto as Exhibit B is a true and accurate copy of Mr. Mulveny's July 10th email.

11. On July 13th, Mr. Jacobson sent an email stating that he would be out of the office from July 19, 2007 to July 30, 2007. Attached hereto as Exhibit C is a true and correct copy of Mr. Jacobson's July 13th email.

12. I was motivated to complete the settlement with Honeywell as soon as possible solely due to Mr. Jacobson's upcoming unavailability and the Court's oral order refusing to grant any more extensions of time to submit a joint claim chart. I was not trying to complete the settlement prior to Honeywell finding out about the July 12th interview or the examiner's interview summary. I did not consider either of these events material to any provision of the Settlement Agreement.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed at Philadelphia, Pennsylvania, on September 4, 2007.

Darryl P. Frickey, Esq.

561487_1.DOC

3

## TABLE OF CONTENTS

| **Document** | **Exhibit** |
|---|---|
| Settlement Agreement signed by Dr. Yi Hyon Paik (July 17, 2007) | A |
| Email from Daniel C. Mulveny to Scott Jacobson et al. (July 10, 2007 11:10 AM) | B |
| Email from Scott Jacobson to Daniel C. Mulveny et al. (July 13, 2007 5:46 PM) | C |

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2007, I electronically filed Declaration of Darryl P. Frickey, Esq. (Filed in Support of Plaintiff Rohm and Haas Electronic Materials LLC's Reply Memorandum on Its Motion to Enforce the Settlement Agreement) with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

<u>Email & Hand Delivery</u>
James D. Taylor, Jr.
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801

<u>Email & FedEx</u>
Constance S. Huttner
Buchanan Ingersoll & Rooney PC
One Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1417

/s/ Daniel C. Mulveny
Rudolf E. Hutz (#484)
Daniel C. Mulveny (#3984)
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiff*

**EXHIBIT A - REDACTED**

# **EXHIBIT B**

# Daniel Mulveny

**From:** Daniel Mulveny
**Sent:** Tuesday, July 10, 2007 11:10 AM
**To:** 'Jacobson, Scott'; Huttner, Constance
**Cc:** Darryl Frickey; Votava, Shannon M
**Subject:** RE: update -- Final RHEM-Honeywell Settlement and Patent License Agreement.DOC

Thanks for the update Scott.

Everyone:

As you may know, we just got an oral order from the Court that no more extensions of time will be granted, so we need to wrap this up as soon as possible.

Best regards,
Dan

REDACTED

REDACTED

Dan

Daniel C. Mulveny
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
(302) 884-6593 direct telephone
(302) 661-2331 telefax

http://www.cblhlaw.com/

This e-mail and any attachment is intended only for use by the addressee(s) and may contain privileged and confidential information. Please email or call 302-658-9141 to advise the sender of a transmission error and delete the message and any attachments and any printouts. Any tax advice contained in this communication is not intended and cannot be used to avoid penalties under the Internal Revenue Code or to promote, market or recommend to another party any transaction or matter addressed herein.

## **EXHIBIT C**

## Daniel Mulveny

**From:** Jacobson, Scott [Scott.Jacobson@Honeywell.com]
**Sent:** Friday, July 13, 2007 5:46 PM
**To:** Daniel Mulveny; dfrickey@rohmhaas.com
**Cc:** Huttner, Constance; Jacobson, Scott; Votava, Shannon M
**Subject:** RE: Settlement Agmt edits

Dan, I am leaving the office now, so I will look for the next version from you next week. Please note that I will be out of the office and unavailable from Thursday of next week until July 30. As soon as I get the next version from you, we should discuss as soon as possible and try to finalize before cob Wednesday. Thanks, Scott

Scott D. Jacobson
Intellectual Property Counsel, Specialty Materials
Honeywell International Inc.
101 Columbia Road
Morristown, NJ 07962
Building Nichols-4
973-455-2013 (direct)
973-455-6199 (fax)

---

**From:** Daniel Mulveny [mailto:DMulveny@cblh.com]
**Sent:** Thursday, July 12, 2007 6:06 PM
**To:** Jacobson, Scott; dfrickey@rohmhaas.com
**Cc:** Huttner, Constance; Votava, Shannon M
**Subject:** RE: Settlement Agmt edits

Scott:

Thanks for the draft. I'll take a look at it tonight and we will try to turn around anything remaining tomorrow. Let's plan to discuss mid to late morning by telephone.

Best regards,
Dan

---

REDACTED

9/4/2007